IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FILED    OCT 11 2024

CLERK

| | | |
|---|---|---|
| Taiujuan Burches, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | |
| Equifax Information Services, Llc, | ) | **COMPLAINT** |
| Experian Information Solutions, Inc., | ) | **WITH JURY TRIAL DEMAND** |
| Wayfair, FingerHut, Ava Finance Inc. | ) | |
| LVNV Funding, Discover Finance Services, | ) | |
| CenterPoint Energy, Inc., Timepayment Corp, | ) | |
| TransUnion, Llc, and Affirm Inc. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PRELIMINARY STATEMENT**

1.      The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S. Code § 1681, *et seq.* (the "FCRA") and Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq.,  to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.

2.      The FCRA charges the consumer reporting agencies with two primary duties: the duty to follow reasonable procedures to assure maximum possible accuracy of information when preparing consumer reports; and the duty to reasonably reinvestigate consumers' disputes of inaccurate information, and then appropriately correct or modify the disputed information. A consumer reporting agency's duty to reasonably reinvestigate consumers' disputes of inaccurate information explicitly includes the duty to notify the furnisher of the disputed information. This

is because the furnisher of the disputed information stands in a better position to make a thorough investigation of the disputed information than the credit reporting agency.

3.    Under the FCRA, furnishers of information have two similar primary duties: to report complete and accurate information regarding the consumers about whom the furnishers report; and, upon receiving notice of a consumer's dispute from a consumer reporting agency, to conduct an investigation of the disputed information, and then modify, delete, or permanently block the reporting of that information as appropriate.

4.    Defendants compile, maintain, and report information concerning Plaintiff's creditworthiness, character, and general reputation. That information is then made available for use by third-parties in credit transactions involving Plaintiff, for employment purposes, the underwriting of insurance for Plaintiff, and even in connection with a determination of Plaintiff's eligibility for a license or other governmental benefit. Accordingly, and pursuant to various provisions of the FCRA, Plaintiff has a legally protected interest in Defendants fulfilling their respective duties under the FCRA, so that the information reported and maintained by Defendants is done so in a manner which is fair and equitable to Plaintiff, with regards to the confidentiality, accuracy, and relevancy of that information.

5.    This action for damages is based on Defendants' false reporting on Plaintiff's credit file and/or consumer reports, failures to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff, and failures to conduct reasonable investigations and reinvestigations with respect to disputes of such information.

## PARTIES

6.    Plaintiff, Taiujuan Burches, is a natural person who resides in Tangipahoa Parish, Louisiana, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**7.** Defendant LVNV Funding LLC (hereinafter "LVNV Funding") is a debt buyer headquartered in Greenville, SC and a "furnisher" of information as defined and governed by 15 U.S.C. § 1681s-2 of the FCRA.

**8.** Defendant, Equifax Information Services, LLC ("Equifax"), regularly assembles and/or evaluates consumer credit information for the purposes of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports. Equifax is a "consumer reporting agency" or "CRA" as that term is defined by 15 U.S.C. § 1681a(f).

**9.** Defendant, Experian Information Solutions, Inc. ("Experian"), regularly assemble and/or evaluate consumer credit information for the purposes of furnishing consumer reports to third parties and use interstate commerce to prepare and/or furnish the reports. Experian is a "consumer reporting agency" or "CRA" as that term is defined by 15 U.S.C. § 1681a(f).

**10.** Defendant Affirm Inc (hereinafter "Affirm") is a buy now pay later merchant. Affirm's principal business is to provide buy now pay later loans to consumers. Affirm is a Corporation organized in San Francisco, Ca.

**11.** Defendant TransUnion, LLC ("TransUnion"), regularly assembles and/or evaluates consumer credit information for the purposes of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports. TransUnion is a "consumer reporting agency" or "CRA" as that term is defined by 15 U.S.C. § 1681a(f).

**12.** Defendant Centerpoint Energy (hereinafter "Centerpoint") is a energy delivery company. Centerpoint energy's principal business is to provide electric transmission and distribution, natural gas distribution, and energy services. Centerpoint is a public utility holding company organized in Texas.

**13.** Defendant Wayfair (hereinafter "Wayfair") is an online retailer that sells furniture and home goods.Wayfair is a e-commerce company organized in Boston, Massachusetts with warehouses all over the United States.

14. Defendant Timepayment Corp (hereinafter "Timepayment") is a financing company that provides equipment financing, leasing, and online services. Timepayment is a corporation organized in Burlington, MN.

15. Defendant Fingerhut (hereinafter "Fingerhut") is an online retailer that offers credit. Fingerhut is a trademark of BLST holding company organized in St. Cloud, MN.

16. Defendant AVA Finance Inc. (hereinafter "AVA") is a financial services company that builds credit and saves money on debt. AVA is a corporation organized in Rancho Santa Margarita, CA.

17. Defendant Discover Financial Services (hereinafter "Discover") is a fintech company that provides financial solutions and credit. Discover is a corporation organized in Los Angeles, CA.

## JURISDICTION AND VENUE

18. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

19. Pursuant to 28 U.S.C. § 1391, venue is proper in the Middle District of Louisiana because a substantial part of the events or omissions giving rise to the claims occurred here.

## ALLEGATIONS OF FACT

20. Plaintiff Taiujuan Burches had a significant $150,000 business deal which could not close due to inaccurate and unverified negative credit reporting by Defendants Equifax, TransUnion, and Experian

21. Planning to apply for credit in the near future, in February 2024, Plaintiff pulled all three of his credit reports from the CRAs to review the contents of his files, so he could take any necessary steps to qualify for the credit he intended to seek.

22. Over a period of time, Plaintiff sent no less than five dispute letters to Equifax, TransUnion, and Experian, disputing the inaccurate and unverifiable debts reported by these

Defendants. The Plaintiff requested validation of these debts, including a 609 request for proof of original creditor contracts with wet signatures, payment histories, and validation methods.

23. There were Multiple derogatory, erroneous accounts on Plaintiff's Equifax report, including LVNV Funding, Affirm Inc, Centerpoint Energy, Wayfair, Timepayment Corp, Fingerhut, AVA Finance, and Discover Bank.

24. There were multiple derogatory, erroneous accounts on Plaintiff's Experian, TransUnion, and Equifax report, including Affirm Inc, Wayfair, Timepayment Corp, Fingerhut, AVA Finance, and Discovery Bank.

25. Despite Plaintiff's repeated requests, Defendants failed to provide proper validation as required by law, continuing to report inaccurate and derogatory information.

26. Defendants LVNV Funding, TimePayment Corp, Discover Bank, AVA, Affirm, Wayfair, Fingerhut, and Centerpoint Energy reported inaccurate debts and balances on Plaintiff's credit reports, some of which Plaintiff had no association with or had previously disputed with no valid response.

27. TimePayment Corp has failed to remove an item that Plaintiff never received. Plaintiff has contacted TimePayment Corp numerous times without any resolution or validation of the debt.

28. LVNV Funding has inaccurately reported debt that Plaintiff does not owe. Despite multiple communications, Plaintiff never received validation or proof of the debt from the original creditor, violating the FDCPA.

29. Affirm, Inc. is reporting a debt Plaintiff never opened or authorized. Despite repeated disputes, the account remains on Plaintiff's report, damaging creditworthiness.

30. The Defendants have collectively failed to properly validate the accounts or prove their legal ability to collect or report these debts. Plaintiff has not received copies of original contracts or payment histories, as required by law under 15 U.S.C. § 1681(e)(b).

**31.** The continued inaccurate reporting has caused Plaintiff actual damages, including denial of business opportunities, reduction in credit score, emotional distress, and reputational harm.

**32.** Plaintiff's reports (known as "disclosures") from Equifax, TransUnion, and Experian did not contain a list of all the credit inquiries into his credit file by third parties.

### *Credit Card Account Reported by Discover*

**33.** Discover and the CRAs are reporting inaccurate, incomplete and/or misleading information regarding Plaintiff's accounts with Discover Bank.

**34.** In the payment history section of the report, the Defendants are inaccurately reporting that the Plaintiff was delinquent 2024.

**35.** This reporting is false because Plaintiff made his June and July 2024 payment on time.

**36.** The payment history section of the report contains more inaccuracies, including reporting that there were wrong dates reporting.

**37.** This reporting is false, incomplete and/or misleading because during that time period, Discover charged Plaintiff transactions that he did not make or authorize.

**38.** At a minimum, Discover Bank reporting should have reflected the mitigating circumstances—unauthorized charges were made to Plaintiff's account, Discover Bank would not remove the charges and Plaintiff had no obligation to pay for charges that were not authorized—that explains the non-payments.

**39.** Once the matter was resolved, Plaintiff paid the amount due in Aug. 2024.

**40.** Although the account was paid and brought current in July 2024, the Defendants reported the account as 30 days or more delinquent in July 2024.

**41.** This reporting was false because the account should have been reported as current in July 2024.

**42.** Plaintiff informed the CRAs of the inaccurate Discover Bank account and in turn, they informed Discover Bank of Plaintiff's dispute.

**43.** Discover Bank responded to Plaintiff's dispute by instructing the CRAs to continue reporting the Discover Bank account without making any corrections.

**44.** The CRAs accepted Discover's response without considering the information in Plaintiff's dispute and continued reporting the Discover account without making any corrections.

**45.** Had the CRAs conducted a reasonable investigation they would have discovered the inaccuracies in the Discover account.

### *Credit Account Reported by AVA Finance*

**46.** AVA and the CRAs are reporting inaccurate, incomplete and/or misleading information regarding Plaintiff's accounts with AVA.

**47.** In the payment history section of the report, the Defendants are inaccurately reporting that the Plaintiff was delinquent June and July 2024.

**48.** This reporting is false because Plaintiff made his June and July 2024 payment on time.

**49.** The payment history section of the report contains more inaccuracies, including reporting that there were wrong dates reporting.

**50.** This reporting is false, incomplete and/or misleading because during that time period, AVA charged Plaintiff transactions that he did not make or authorize.

**51.** At a minimum, AVA Finance reporting should have reflected the mitigating circumstances—unauthorized charges were made to Plaintiff's account, AVA would not remove the charges and Plaintiff had no obligation to pay for charges that were not authorized—that explain the non-payments.

**52.** Once the matter was resolved, Plaintiff paid the amount due in Aug. 2024.

**53.** Although the account was paid and brought current in Aug 2024, the Defendants reported the account as 60 days or more delinquent in June and July 2024.

54. This reporting was false because the account should have been reported as Current in June and July 2024.

55. Plaintiff informed the CRAs of the inaccurate AVA account

56. AVA responded to Plaintiff's dispute by instructing the CRAs to continue reporting the AVA account without making any corrections.

57. The CRAs accepted AVA's response without considering the information in Plaintiff's dispute and continued reporting the AVA account without making any corrections.

58. Had the CRAs conducted a reasonable investigation they would have discovered the inaccuracies in the AVA account.

### Credit Account Reported by Fingerhut

59. Fingerhut and the CRAs are reporting inaccurate, incomplete and/or misleading information regarding Plaintiff's accounts with Fingerhut.

60. In the payment history section of the report, the Defendants are inaccurately reporting that the Plaintiff was delinquent.

61. This reporting is false because Plaintiff never had an account with Fingerhut..

62. The payment history section of the report contains more inaccuracies, including reporting that there were wrong dates reporting.

63. This reporting is false, incomplete and/or misleading transactions that he did not make or authorize.

64. At a minimum, Fingerhut reporting should have reflected the mitigating circumstances—unauthorized charges were made to Plaintiff's account, Fingerhut would not remove the charges and Plaintiff had no obligation to pay for charges that were not authorized—that explain the non-payments.

65. Plaintiff informed the CRAs of the inaccurate Fingerhut account .

66. Fingerhut responded to Plaintiff's dispute by instructing the CRAs to continue reporting the Fingerhut account without making any corrections.

67. The CRAs accepted Fingerhut's response without considering the information in Plaintiff's dispute and continued reporting theFingerhut account without making any corrections.

68. Had the CRAs conducted a reasonable investigation they would have discovered the inaccuracies in the Fingerhut account.

### Finance Account Reported by Timepayment Corp

69. Timepayment Corp and the CRAs are reporting inaccurate, incomplete and/or misleading information regarding Plaintiff's accounts with Timepayment Corp.

70. In the payment history section of the report, the Defendants are inaccurately reporting that the Plaintiff was delinquent.

71. This reporting is false because Plaintiff never received anything from Timepayment Corp.

72. The payment history section of the report contains more inaccuracies, including reporting that there were wrong dates reporting.

73. This reporting is false, incomplete and/or misleading transactions that the Plaintiff did not make or authorize.

74. At a minimum, Timepayment Corp reporting should have reflected the mitigating circumstances—unauthorized charges were made to Plaintiff's account, Timepayment Corp would not remove the charges and Plaintiff had no obligation to pay for charges that were not authorized—that explain the non-payments.

75. Plaintiff informed the CRAs of the inaccurate Timepayment Corp account

76. Timepayment Corp responded to Plaintiff's dispute by instructing the CRAs to continue reporting the Timepayment Corp account without making any corrections.

77.   The CRAs accepted Timepayment Corp response without considering the information in Plaintiff's dispute and continued reporting the Timepayment Corp account without making any corrections.

78.   Had the CRAs conducted a reasonable investigation they would have discovered the inaccuracies in the Timepayment Corp account.

### Credit Account Reported by LVNV Funding

79.   Equifax and TransUnion are reporting that Plaintiff was 90 to 120 days delinquent on account.

80.   Plaintiff has never been associated with the account.

81.   Any non-payments on these accounts were not considered late because the accounts were in

82.   forbearance.

83.   Experian is accurately reporting the Plaintiff as never late for the same student loan accounts that Equifax and TransUnion are inaccurately reporting Plaintiff as delinquent.

84.   Plaintiff informed Equifax and TransUnion of the inaccuracies with the LVNV Funding and in turn, the CRAs informed LVNV Funding of the inaccuracies.

85.   LVNV Funding responded to Plaintiff's dispute by instructing Equifax and TransUnion to continue reporting the accounts without making any corrections.

86.   Equifax and TransUnion accepted LVNV Funding response without considering the information in Plaintiff's dispute and continued reporting the accounts without correcting it.

87.   Had Equifax and TransUnion conducted a reasonable investigation of Plaintiff disputes, they would have discovered that the LVNV Funding accounts contained inaccuracies and that LVNV Funding was unreliable in its reporting.

88.   Had Equifax and TransUnion reported the current status of the accounts, they would not have just parroted LVNV Funding's response to Plaintiff's dispute.

*Collection Account Reported by LVNV Funding*

89.    LVNV Funding, Equifax and TransUnion are reporting that Plaintiff has a collection account, which was originated with Capital One and in the amount of $236.00

90.    Plaintiff did not have any account with Capital One.

91.    Capital One has never contacted Plaintiff, let alone has it attempted to collect a debt from him.

92.    After learning about this collection, the Plaintiff called LVNV Funding.

93.    Plaintiff's phone call with LVNV Funding revealed that LVNV Funding did not have any underlying documents, such as an application, to support the existence of this account.

94.    The phone call also revealed that LVNV Funding had some other person's contact information associated with the account.

95.    LVNV Funding is notorious for collecting on non-existent debts from consumers by reporting the debts to the credit reports of consumers, an unconscionable tactic to coerce payments from such consumers.

96.    Upon information and belief, LVNV Funding did not acquire any account in Plaintiff's name from Capital One

97.    Plaintiff informed TransUnion and Equifax of the inaccuracies and incompleteness with the LVNV Fundings collection and in turn, TransUnion and Equifax informed LVNV Funding of Plaintiff's dispute.

98.    LVNV Funding  responded to Plaintiff's dispute by instructing TransUnion and Equifax to keep reporting the collection to Plaintiff's report.

99.    TransUnion accepted LVNV Funding's instruction without looking into the issues that Plaintiff raised in his dispute and continued reporting the collection as directed by LVNV Funding.

100. LVNV Funding did not have documentation in its possession to verify that Plaintiff was responsible for the account with Capital One.

101. In order for LVNV Funding to investigate whether Plaintiff had an account with The Bank of Missouri, the Defendant needed to contact Capital One.

102. Although LVNV Funding could not investigate Plaintiff's dispute without contacting Capital One, the Defendant did not contact Capital One As part of its investigation of Plaintiff's dispute.

103. Upon information and belief, LVNV Funding did not contact Capital One during its investigation because Capital One would not have verified the account belonged to Plaintiff and LVNV Funding would no longer be able to plausibly deny that it did not know the account did not belong to Plaintiff.

104. TransUnion and Equifx is aware of LVNV Funding' notorious reputation and knows, or should know, that LVNV Funding is not a reliable source of information.

105. A big problem with Equifax and TransUnion's procedures for preparing credit reports is that it treats unreliable sources—that do not have a trustworthy track record, such as LVNV Funding, in the same manner that it treats reliable sources of information that do have a trustworthy track record, such as national banks.

106. Had TransUnion and Equifax conducted a reasonable investigation it would have discovered that the LVNV Funding debt did not belong to Plaintiff, or that it could not be verified as belonging to Plaintiff, and LVNV Funding ' reporting was unreliable.

107. Had TransUnion and Equifax reported the current status of the collection, TransUnion and Equifax would have deleted the collection and not have parroted LVNV Funding' response to Plaintiff's dispute.

## CAUSES OF ACTION

### COUNT I

## **VIOLATIONS OF THE FDCPA**
## **15 U.S.C. §§ 1692e, 1692f and 1692g**

**108.** Plaintiff incorporates by reference all preceding paragraphs.

**109.** Defendants TransUnion, Equifax, Experian, LVNV Funding, TimePayment Corp, Discover Bank, AVA, Affirm, Wayfair, Fingerhut, and Centerpoint Energy violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations regarding the collection of debts not owed by Plaintiff.

**110.** Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect debts from Plaintiff, including reporting inaccurate information.

**111.** Defendants violated 15 U.S.C. § 1692g by failing to provide proper validation of the debts upon request, including failing to provide proof of the original creditor and a signed contract.

**112.** LVNV Funding violated 15 U.S.C. § 1692e by reporting false information to the TransUnion that LVNV Funding knew, or should have known, was false.

**113.** LVNV Funding violated 15 U.S.C. § 1692e by attempting to obtain payment from Plaintiff for a debt that the Plaintiff did not owe.

**114.** LVNV Funding violated 15 U.S.C. § 1692e by falsely claiming to have acquired a debt belonging to Plaintiff.

**115.** LVNV Funding violated 15 U.S.C. § 1692f by unconscionably defaming the Plaintiff with false, derogatory credit reporting as a means of coercing Plaintiff into paying Spring Oaks for a debt that he did not owe.

**116.** LVNV Funding violated 15 U.S.C. § 1692f by unconscionably defaming the Plaintiff with false, derogatory credit reporting as a means of coercing Plaintiff into paying LVNV Funding  for a debt that hes did not acquire

**117.** LVNV Funding violated 15 U.S.C. § 1692g by failing to provide Plaintiff with his rights under the FDCPA within 5 days of its first communication with Plaintiff.

**118.** LVNV Funding violated 15 U.S.C. § 1692g by failing to identify the creditor and amount of a debt that belongs to the Plaintiff.

**119.** As a result of LVNV Funding' violations of 15 U.S.C. §§ 1692e, 1692f and 1692g as described herein, Plaintiff is entitled to recover statutory damages from Spring Oaks pursuant to 15 U.S.C. § 1692k(a)(2)(A).

**120.** As a result of LVNV Funding' violations of 15 U.S.C. §§ 1692e, 1692f and 1692g, Plaintiff has suffered actual damages, including reduced credit score, lost credit opportunities, damage to reputation, anxiety, frustration, depression, other forms of emotional distress, and physical sickness. Plaintiff is, therefore, entitled to recover actual damages from Spring Oaks pursuant to 15 U.S.C. § 1692k(a)(1).

**121.** Plaintiff is entitled to recover costs and attorneys' fees from the CRAs pursuant to 15 U.S.C. § 1692k(a)(3).

**COUNT II**

**VIOLATIONS OF THE FCRA**
**15 U.S.C. §§ 1681e, 1681g and 1681i, 1681s-2**

**122.** Plaintiff incorporates by reference all preceding paragraphs.

**123.** Equifax, Experian, and TransUnion violated 15 U.S.C. § 1681g by failing to disclose all information in Plaintiff's credit file after Plaintiff requested the information.

**124.** Defendants Equifax, TransUnion, and Experian violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer report.

**125.** The defendants' failure to provide Plaintiff with all his information, including a list of the inquiries into his credit file, caused anxiety to Plaintiff as he worried—due to the

LVNV Funding collection for an account that he did not open—about unauthorized inquiries from persons using his credit.

126. Equifax, Experian, and TransUnion violated 15 U.S.C. § 1681e(b) by furnishing credit reports to third parties that contain inaccuracies and misleading information that could have been prevented from appearing in Plaintiff's report if the defendants had utilized reasonable procedure to assure maximum accurate information.

127. As a result of the CRA Defendants' dissemination of false, derogatory credit reports, the Plaintiff has suffered actual damages, including reduced credit score, lost credit opportunities, damage to reputation, anxiety, frustration, depression, other forms of emotional distress, and physical sickness.

128. Equifax, Experian and TransUnion violated 15 U.S.C. § 1681i(a) by failing to do a reasonable investigation of Plaintiff's dispute, by failing to review and consider all the information in Plaintiff's dispute, by failing to accurately convey Plaintiff's dispute to the furnishers, by failing to accurately report the current status of the disputed accounts, and by failing to delete information that was inaccurate, incomplete or unverifiable.

129. As a result of the CRA Defendants' failure to correct their reporting errors after Plaintiff informed them of the errors, the Plaintiff has suffered actual damages, including reduced credit score, lost credit opportunities, damage to reputation, anxiety, frustration, depression, other forms of emotional distress, and physical sickness.

130. LVNV Funding, Discover Bank, Centerpoint Energy, Timepayment Corp, Affirm Inc, Fingerhut, Ava Finance Inc., and Wayfair violated 15 U.S.C. § 1681s-2(b) by failing to do a reasonable investigation of Plaintiff's dispute, by failing to review all the relevant information in Plaintiff's dispute, by failing to accurately report the results of their investigation, and by failing to delete information that was inaccurate, incomplete or unverifiable.

131.   As a result of the Furnisher Defendants' failure to correct their reporting errors after the CRAs informed them of the errors, the Plaintiff has suffered actual damages, including reduced credit score, lost credit opportunities, damage to reputation, anxiety, frustration, depression, other forms of emotional distress, and physical sickness.

132.   The Defendants violated their obligations under the FCRA as described herein, because the Defendants adopted procedures that were not designed to assure that they complied with the statutory duties under the FCRA but designed the procedure to minimize their expenses in investigating consumers' disputes.

133.   Defendants' decision to prioritize profit over compliance with the FCRA was a deliberate and intentional act and constitutes a willful violation under the FCRA.

134.   As a result of Defendants' violations of 15 U.S.C. §§ 1681e, 1681g, 1681i, and 1681s-2(b), Plaintiff has suffered actual damages as described herein. Plaintiff is, therefore, entitled to recover actual damages from Defendants pursuant to 15 U.S.C. §§ 1681n and 1681o.

135.   As a result of Defendants' willful violation of 15 U.S.C. §§ 1681e, 1681g, 1681i and 1681s-2(b) as described herein, Plaintiff is entitled to recover actual, statutory and punitive damages from Defendants pursuant to 15 U.S.C. § 1681n.

136.   Defendants violated 15 U.S.C. § 1681g by failing to provide Plaintiff with the complete and accurate information in his consumer file.

137.   Defendants violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation after Plaintiff's dispute and failing to correct the inaccuracies.

138.   Defendants violated 15 U.S.C. § 1681s-2 by reporting inaccurate information despite knowing or having reasonable cause to believe the information was inaccurate, and by failing to investigate and correct the inaccuracies after receiving notice of dispute.

139.   Plaintiff is entitled to recover costs and attorneys' fees from the Defendants pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, Mr. Burches seeks judgment in his favor against Defendants:

A.    awarding Mr. Burches against all Defendants actual damages in an amount exceeding $150,000, including compensation for emotional distress, lost business opportunities, damage to Plaintiff's creditworthiness, statutory damages, punitive damages, costs, and reasonable attorneys' fees;

B.    ordering all Defendants to immediately delete all inaccurate information from Mr. Burches's consumer reports and files and cease reporting the inaccurate information and to send corrected reports to anyone that received inaccurate information about Mr. Burches within the last three years; and

C.    any such other and further relief this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Mr. Burches demands a trial by jury.

Dated: October 10, 2024                                Respectfully submitted,

Tarujuan Burches  (Pro Se)
42520 Richard Road
Ponchatoula, La 70454
832.946.1754