**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| TAIUJUAN BURCHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:25cv804 |
| | ) | |
| | ) | SECTION: "E" (5) |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT WAYFAIR LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY

Defendant Wayfair, LLC ("Wayfair"), respectfully submits this opposition to Plaintiff Taiujuan Burches' ("Plaintiff") Motion for Leave to File a Sur-reply to Wayfair's Reply in Support of its Motion for Summary Judgment (Doc. 201), stating as follows:

"Surreplies are heavily disfavored by courts." *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 Fed.Appx. 749, 751 n. 2 (5th Cir. 2014) (quoting Weems v. Hodnett, No. 10–CV–1452, 2011 WL 2731263, at *1 (W.D.La. July 13, 2011)) (internal quotations omitted). In fact, a sur-reply is only "appropriate when the movant's rebuttal raises new legal theories or attempts to present new evidence at the reply or rebuttal stage." *Alston v. Prairie Farms Dairy, Inc.*, No. 4:18-CV-157-DMB-JMV, 2019 WL 2719793, at *1 (N.D. Miss. June 28, 2019).

### 1. Wayfair's Reply Identifies Plaintiff's Failure to Raise a Disputed Issue of Fact and Does Not Raise New Theories or Evidence.

Plaintiff contends that Wayfair's reply brief raised new arguments regarding "(a) authentication of Plaintiff's credit reports and (b) the timing and content of his consumer disputes." (Doc. 201, p. 1). However, Wayfair does not raise any new theories; instead, through its reply, it explains that Plaintiff's response fails to create a disputed issue of fact regarding the theories it raised in its opening brief, which includes, among others, that Wayfair is not a furnisher under the

FCRA. Wayfair's reply brief "actually responds to arguments raised in [Plaintiff's] response, which is in keeping with the nature and purpose of a response." *Rose v. Liberty Life Assurance Co. of Bos.*, No. 3:15-CV-28-DJH-CHL, 2015 WL 10002923, at \*2 (W.D. Ky. Oct. 19, 2015).

Here, Wayfair moved to dismiss Plaintiff's claim under section 1681s-2 of the Fair Credit Reporting Act ("FCRA"), because, among other reasons, Wayfair is not a furnisher of credit information. (Doc. 157, pp. 2–3). In his response, Plaintiff argued that because the Comenity Bank identified Plaintiff's account as a "Wayfair credit card account" and the tradeline for Plaintiff's Wayfair credit card account read "COMENITY BANK/WAYFAIR," Wayfair is a furnisher as defined by the FCRA. (Doc. 170, pp. 4). Wayfair's reply brief asserted no new facts and then addressed the arguments raised in Plaintiff's response, reasoning that because Plaintiff never disputed Wayfair's assertions that it had never reported the credit information about Plaintiff's account to any person or entity, Plaintiff could not show that Wayfair could be liable as a furnisher under the FCRA. (Doc. 191, pp. 4). Wayfair's arguments regarding its status as a furnisher are not "new argument[s] but rather a counterpoint in response to [Plaintiff's] theory." *Rose*, 2015 WL 10002923, at \*2 (quoting *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012)); *see also Baker v. Fremont Co.*, No. 3:24 CV 1762, 2025 WL 2049708, at \*3 (N.D. Ohio July 22, 2025) (denying motion for leave to file a sur-reply where arguments in reply brief were "merely responses to arguments raised by Plaintiff's opposition"); *Bernard v. City of New York*, No. 24CV6049 (DLC), 2025 WL 2494312, at \*7 (S.D.N.Y. Aug. 28, 2025) (denying motion for leave to file sur-reply where defendant's reply brief did not raise new arguments but "appropriately responded to [plaintiff's] opposition brief, which abandoned many claims").

**2. Plaintiff's Second Futile Request to Delay Summary Judgment Should be Denied.**

Furthermore, Plaintiff makes a second Rule 56(d) request for leave to conduct discovery. Plaintiff already made such a futile request for Wayfair's agreements with Comenity and ACDV responses in responding to Wayfair's Motion for Summary Judgment. (Doc. 107-1; 170-4). His new assertion in making this request is that he is prevent[ed] "from rebutting [Wayfair's] 'reasonable investigation' claim." (Doc. 201-3, pp. 2). However, Wayfair made no such reasonable investigation argument in either its Motion for Summary Judgment or its Reply in support thereof because it not a furnisher nor did it receive Plaintiff's disputes. Given that Wayfair's stated opposition to Plaintiff's claim against it under the FCRA has been that Wayfair is not a furnisher of credit information and did not receive Plaintiff's disputes, Plaintiff should not be given leave to conduct discovery on an issue that is not being litigated. *See Washington v. Allstate Ins. Co*., 901 F.2d 1281, 1285 (5th Cir. 1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to product the facts needed by the plaintiff to withstand a motion for summary judgment.") (citations omitted). Plaintiff has cited to no new evidence or factual allegations raised by Wayfair's Reply in Support of its Motion for Summary Judgment that would provide good cause to grant Plaintiff's Motion for Leave to File a Sur-reply, and thus, Plaintiff's Motion should be denied in full.

Accordingly, Wayfair respectfully requests this Court deny Plaintiff's Motion for Leave to File a Sur-reply to Wayfair's Reply in Support of its Motion for Summary Judgment.

Respectfully submitted this 7th day of November, 2025.

/s/ Christopher D. Meyer
Christopher D. Meyer, (LA. Bar No. 35917)
*Attorney for Defendant Wayfair, LLC*

**OF COUNSEL:**
BURR & FORMAN LLP
The Pinnacle at Jackson Place
190 East Capitol Street, Suite M-100
Jackson, Mississippi  39201
Telephone:  (601) 355-3434
Facsimile:   (601) 355-5150
cmeyer@burr.com

63435584 v2

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing has been served on the following via the Court's Electronic Filing System or U.S. Mail, and electronic mail on the 7th day of November, 2025:

Taiujuan Burches
42520 Richard Road
Ponchatoula, LA  70454
taiujuan87@gmail.com
*Pro Se Plaintiff*

Spencer Michael Schulz
Messer Strickler Burnette, Ltd.
12276 San Jose Blvd., Suite 718
Jacksonville, FL  32223
3157 Gentilly Blvd., #2558
New Orleans, LA  70122
sschulz@messerstrickler.com
*Attorney for Defendant LVNV Funding, LLC*

Peyton C. Lambert
Troutman Pepper Locke LLP
601 Poydras Street, Suite 2660
New Orleans, LA  70130
peyton.lambert@troutman.com
*Attorney for Defendant Experian Information Solutions, Inc.*

Stephen Winthrop Rider
Timothy G. Byrd, Jr.
McGlinchey Stafford, PLLC
601 Poydras St., 12th Floor
New Orleans, LA 70130
srider@mcglinchey.com
tbyrd@mcglinchey.com
*Attorney for Defendant Affirm Inc.*

Gregory E. Bodin
Mary E. Gentry
Baker Donelson Bearman Caldwell &
Berkowitz
II Rivermark Centre
450 Laurel Street, 21st Floor
Baton Rouge, LA  70801
gbodin@bakerdonelson.com
mgentry@bakerdonelson.com
*Attorney for Defendant BLST Receivables & Servicing, LLC*

/s/ Christopher D. Meyer
OF COUNSEL