UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAIUJUAN BURCHES**<br><br>    **PLAINTIFF,**<br><br>v.<br><br>**EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., WAYFAIR, FINGERHUT, AVA FINANCE INC., LVNV FUNDING, DISCOVER FINANCE SERVICES, CENTERPOINT ENERGY, INC., TIMEPAYMENT CORP., TRANSUNION LLC, AFFIRM INC., AND BLST RECEIVABLES & SERVICING, LLC**<br><br>    **DEFENDANTS** | **CIVIL ACTION NO. 2:25-cv-00804**<br><br>**JUDGE SUSIE MORGAN**<br><br>**MAGISTRATE JUDGE: MICHAEL NORTH** |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT [DOC. NO. 221] UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Affirm, Inc. ("Affirm") and respectfully submits this memorandum in support of its Motion to Dismiss the Third Amended Complaint [Doc. No. 221] filed by Plaintiff Taiujuan Burches ("Plaintiff" or "Burches") pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to plausibly plead claims under the Fair Debt Collection Practices Act ("FDCPA") or the Fair Credit Reporting Act ("FCRA") against Affirm.

**I.    FACTUAL AND PROCEDURAL HISTORY**

    **A.    Plaintiff's Third Amended Complaint.**

Plaintiff filed his Third Amended Complaint against numerous different companies involving various loans and disputes with the consumer rating agencies ("CRAs")[1] with claims

---
[1] Complaint (Doc. No. 221).

1

27297923.1

under the FDCPA and FCRA.[2]  As it relates to Affirm, the Plaintiff alleges that Affirm reported inaccurate credit information to the CRAs.[3]

Plaintiff does not allege any specific facts as to Affirm's purported actions and simply copies and pastes the same legal conclusions against all Defendants.  For example, to support his FDCPA claims, Plaintiff cites to 15 U.S.C. § 1692, but fails to allege any specific allegations against Affirm and does not state how or what specific actions allegedly taken by Affirm violated the FDCPA.[4]

As well, for his FCRA claims, Plaintiff vaguely alleges that Affirm reported inaccurate information to the CRAs and recites various provisions of the FCRA in an attempt to state a claim against Affirm and the other numerous Defendants.[5]  Importantly, Plaintiff does not allege that the CRAs provided notice of any disputed credit information to Affirm.[6]  Since Plaintiff fails to allege any factual allegations regarding Affirm's alleged improper or unreasonable investigation (other than legal conclusions), Plaintiff fails to plausibly allege an FCRA claim against Affirm.

## II. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6).

### A. Rule 12(b)(6) standard

Under Rule 12(b)(6), dismissal is warranted when a plaintiff fails "to state a claim upon which relief can be granted."[7]  Among other things, a plaintiff shall "plead sufficient facts to state

---

[2] *Id.*
[3] *Id*.
[4] *Id.*
[5] *Id.*
[6] Whether Plaintiff notified Affirm of any disputed reported information is of no moment for purposes of FCRA liability. *See Himmelstein v. Comcast of the Dist., L.L.C.*, 931 F. Supp. 2d 48, 52-53 (D.D.C. 2013) ("[C]ourts have uniformly concluded that § 2(b) provides a private cause of action only if the furnisher received notice from a consumer reporting agency, as opposed to the plaintiff alone, that the credit information was disputed.")
[7] Fed. R. Civ. P. 12(b)(6).

a claim to relief that is plausible on its face."[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the plaintiff is entitled to the relief sought.[9] "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true (even if doubtful in fact)."[10] Although all well-pleaded facts in a complaint are deemed true,[11] a court is not bound to accept as true conclusory allegations or legal conclusions disguised as facts, and such allegations will not suffice to defeat a motion to dismiss.[12]

When a court considers a motion to dismiss pursuant to Rule 12(b)(6), a court must limit itself to the following: (1) the "facts" alleged in the complaint; (2) documents attached to or referenced in the complaint; and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201.[13] Parties incorporate documents into the pleadings if they refer to them, and they are central to the claims asserted.[14] Further, a court may take judicial notice of "matters of public record,"[15] including court records and documents recorded in local mortgage or conveyance records.[16]

---

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[9] *Id.* at 678.
[10] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).
[11] *Cuvillier v. Taylor*, 503 F.3d 397, 410 (5th Cir. 2007).
[12] *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997).
[13] *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996).
[14] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 490-90 (5th Cir. 2000).
[15] *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).
[16] *See, e.g., Joseph v. Bach & Wasserman*, LLC, 487 F. App'x 173, 178 n.2 (5th Cir. 2012) (taking judicial notice of "a pleading filed with a Louisiana state district court . . . [that] is a matter of public record"); *Bey*, 2015 WL 4168447, at * 3 n.3 ("The Court may also take judicial notice of matters of public record, such as mortgage and conveyance documents."); *Beavers v. CitiMortgage, Inc.*, 14-1806, 2015 WL 2383810, at * 2 (E.D. La. May 19, 2015) (taking judicial notice of documents in record of related state-court foreclosure proceeding) (citations omitted).

27297923.1

*Pro-se* litigants like Plaintiff are not exempt from the requirement of pleading sufficient facts to state a plausible claim for relief or from the principle that mere legal conclusions do not suffice to prevent dismissal.[17] A "court is not required to search for or try to create causes of actions or find material issues of fact for *pro-se* plaintiffs."[18] "And a *pro-se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer."[19]

    **B.**    **Plaintiff's Third Amended Complaint fails to satisfy Rule 8's requirements and improperly relies on legal conclusions and "shotgun pleading" tactics and pure legal conclusions.**

Plaintiff fails to plead plausible facts to show that he is entitled to relief against Affirm. Plaintiff relies on shotgun pleading tactics to assert identical legal allegations against Affirm as well as the other defendants in this case. As opposed to the "short and plain statement" requirement in Rule 8, shotgun pleadings, by contrast, "contain several counts within a complaint with each count incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."[20] Another defect of shotgun pleadings "is that they fail to distinguish between the actions of named defendants."[21] Shotgun pleadings are considered so objectionable that they can

---

[17] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).
[18] *Berry v. LoanCity*, 489 F. Supp. 3d 441, 447 (M.D. La. 2020).
[19] *Id.* citing *NCO Fin. Sys., Inc. v. Harper-Horsley*, No. CIV.A. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008).
[20] *Copeland v. Axion Mortg. Grp. LLC*, 2016 WL 4250431, at *4 (S.D. Miss. Aug. 11, 2016) *citing Griffin v. HSBC Mortg. Servs., Inc.*, No. 4:14cv132-DMB-JMV, 2015 WL 4041657, at *5 (N.D. Miss. July 1, 2015). See also, *Frantz v. Walled*, 513 F. App'x 815, 821 (11th Cir. 2013) (dismissing complaint as a shotgun pleading because there was "no logical connection between the conclusory statements of legal violations and the factual allegations" and the complaint's "failure to link factual allegations to specific counts").
[21] *Id. citing Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (cited by Griffin, 2015 WL 4041657, at *5); *Sahlein v. Red Oak Capital, Inc.*, No. 3:13cv67-DMB-JMV, 2014 WL 3046477, at *4 (N.D. Miss. July 3, 2014) (dismissing a "shotgun pleading" when "numerous paragraphs in the complaint attribute discrete actions, such as the sending of a letter, or the public recording of a document, to all or multiple defendants without explaining the basis for such grouping or distinguishing between the relevant conduct of the named Defendants").

4

give rise to Rule 11 sanctions.[22] And critically, "[s]hotgun complaints are subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[23]

In this case, Plaintiff relies exclusively on "shotgun pleadings" to attempt to state a claim against Affirm by generically copying and pasting the same legal conclusions he makes against all other Defendants. Specifically, Plaintiff does not include any specific allegations related to Affirm's alleged conduct other than pure legal conclusions that recite various FCRA statutes.[24] Instead, Plaintiff generically copied and pasted the same legal conclusions against Affirm that he asserted against the other defendants in the case. Accordingly, Plaintiff fails to satisfy his pleading requirement under Rule 8 because he relies on improper "shotgun pleading" tactics and pure legal conclusions rather than factual allegations against Affirm.

**C. Plaintiff fails to state a valid Fair Debt Collection Practices Act claim against Affirm.**

In addition to not meeting the pleading requirements under Rule 8, Plaintiff fails to allege the necessary elements to state a FDCPA claim against Affirm.[25] To prevail on his FDCPA claim, Plaintiff must prove: (1) he has "been the object of a collection activity arising from consumer debt; (2) ***the defendant is a debt collector as defined by the FDCPA***; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."[26] Regarding the second element, the FDCPA applies only to "debt collectors,"[27] which is a statutorily defined term.[28] The FDCPA defines a "debt collector" as "any person . . . who regularly collects or attempts to collect . . . debts

---

[22] *Id.*
[23] *Id.*
[24] See Third Amended Complaint (Doc. No. 221).
[25] Complaint (Doc. No. 1).
[26] *Sibley v. Firstcollect, Inc.*, 913 F. Supp. 469, 471 (M.D. La. 1995) (emphasis added).
[27] *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 457 (6th Cir. 2013).
[28] *See* 15 U.S.C. §§ 1692a(6) (defining debt collector); 1692a(4) (defining "creditor"); 1692k(a) (providing that only parties who meet statutory definition of debt collector are subject to civil liability under the FDCPA).

owed or due or asserted to be owed or due another."[29] This general definition is followed by several exceptions, one of which provides: The term "debt collector" does not include any person attempting to collect "any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person."[30]

The Fifth Circuit has held that "[t]he legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or assignee of a debt, ***as long as the debt was not in default at the time it was assigned.***"[31] Pursuant to FDCPA Section 1692a(6)(F)(iii), courts have consistently held that a lender or servicer is not a "debt collector" if the debt-collection activities at issue involve a debt that was not in default when it was acquired by the servicer, assignee, or lender.[32]

In a similar case, the Southern District of Mississippi in *Hopson v. Chase Home Finance LLC* found that the "plaintiffs have failed to allege facts sufficient to state a FDCPA claim as they have not alleged any facts to indicate that any of the named defendants is a 'debt collector' as defined by the FDCPA."[33] Importantly, "lenders and mortgage servicing companies are not 'debt

---

[29] *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1209 (5th Cir. 1985) (quoting 15 U.S.C. § 1692a(6)).
[30] 15 U.S.C. § 1692a(6)(F)(iii).
[31] *Perry*, 756 F.2d at 1209 (emphasis added); *see also Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 722 (5th Cir. 2013) (quoting *Perry*).
[32] *See, e.g.*, *Glazer*, 704 F.3d at 457 ("Chase obtained the Klie loan for servicing before default. Therefore, Chase is not a 'debt collector.'"); *Fenello v. Bank of Am., NA*, 577 F. App'x 899, 902 (11th Cir. 2014) ("[T]he district court correctly concluded that Bank of America was not a 'debt collector' for purposes of § 1692g(b) because its debt collection activities involved a debt that was not in default at the time Bank of America became the servicer."); *Perry*, 756 F.2d at 1208; *Castrillo v. Am. Home Mortg. Servicing, Inc.*, 09-4369, 2010 WL 1424398, at *4–*5 (E.D. La. Apr. 5, 2010) ("[T]here is no genuine issue of material fact that Wells Fargo's attempt to collect Castrillo's defaulted loan 'concerns a debt which was not in default at the time it was obtained' by Wells Fargo in September 2005, and Wells Fargo is entitled to summary judgment because it is not a debt collector within the meaning of the FDCPA.").
[33] *Hopson v. Chase Home Fin. LLC*, 14 F. Supp. 3d 774, 789 (S.D. Miss. 2014), *aff'd sub nom. Hopson v. Chase Home Fin., L.L.C.*, 605 Fed. Appx. 267 (5th Cir. 2015)(unpublished).

collectors' within the meaning of the FDCPA."[34] Since the plaintiff in *Hopson* failed to allege sufficient facts to indicate the defendant was a "debt collector" as defined by the FDCPA, the court dismissed the FDCPA claim in a Rule 12(b)(6) Motion to Dismiss. The same result should be reached here for the same reasons as Plaintiff does not allege any facts to suggest that Affirm is a third-party debt collector under the FDCPA.

Likewise, the Louisiana Fourth Circuit recently dismissed a FDCPA claim asserted against a servicer where the borrower "did not plead that [servicer] obtained the rights to service her loan after she was in default."[35] The Court explained that "courts have held that the FDCPA is directed at independent debt collectors and not creditors attempting to collect on their own debts."[36] Moreover, "[u]nder the FDCPA, a debt collector does not include any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity...concerns a debt which was not in default at the time it was obtained by such person."[37]

Since the borrower in *Deutsche Bank*—like Plaintiff here—did not allege that the Affirm is a third-party debt collector or obtained the debt or servicing rights *after* he was in default, the Louisiana Fourth Circuit upheld the trial court's dismissal of the FDCPA claims.[38] The same result should be reached here for the same reasons.

Plaintiff also fails to make the required allegations to state a claim for the remaining elements of a FDCPA claim. In particular, Plaintiff has not made the required allegations under the third element of a FDCPA claim that the defendant "engaged in an act or omission prohibited

---

[34] *Id*.
[35] *Deutsche Bank Natl. Tr. Co. as Tr. for Ameriquest Mortg. Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-R4 v. Price*, 2023-0747 (La. App. 4 Cir. 4/23/24).
[36] *Id*. (internal quotations omitted).
[37] *Id*. (*citing Brumberger v. Sallie Mae Servicing Corp.*, 84 F.App'x. 458, 459 (5th Cir. 2004)) (citing 15 U.S.C § 1692a(6)(F)).
[38] *Id.*

by the FDCPA."[39] Plaintiff fails to allege any specific prohibited acts by Affirm or how any of Affirm's alleged conduct violated the FDCPA.[40] Accordingly, Plaintiff fails to plead a valid FDCPA claim against Affirm.

## III.  CONCLUSION

For the reasons set forth herein, Plaintiff failed to properly serve Affirm with the summons or Complaint and fails to state a claim against Affirm. Accordingly, Affirm's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6) should be granted, and Plaintiff's claims against Affirm should be dismissed.

Respectfully submitted, this 12th day of January, 2026.

**McGlinchey Stafford, PLLC**

*/s/ Timothy G. Byrd, Jr.*
Timothy G. Byrd, Jr. (Bar Roll No. 35691)
601 Poydras Street – 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200
tbyrd@mcglinchey.com
*Attorneys for Defendant, Affirm, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that on the 12th day of January, 2026, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system. Notice of the filing will be sent to Plaintiff and counsel of record via CM/ECF, facsimile, e-mail and/or by depositing same in the United States mail, properly addressed first-class postage prepaid and certified mail.

*/s/ Timothy G. Byrd, Jr.*
Timothy G. Byrd, Jr.

---

[39] *Sibley v. Firstcollect, Inc.*, 913 F. Supp. 469, 471 (M.D. La. 1995) (emphasis added).
[40] Third Amended Complaint (Doc. No. 221).

27297923.1