**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| TAIUJUAN BURCHES, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| TRANS UNION LLC, EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., LVNV FUNDING, LLC, ) | **CIVIL ACTION NO. 2:25cv804** |
| RESURGENT CAPITAL SERVICES, L.P., ) | |
| CAPITAL ONE BANK (USA), NATIONAL ) | **JUDGE SUSIE MORGAN** |
| ASSOCIATION ("CAPITAL ONE N.A."), AFFIRM, ) | |
| INC., BLST RECEIVABLES & SERVICING LLC ) | **MAGISTRATE JUDGE:** |
| D/B/A FINGERHUT, WEBBANK, JEFFERSON ) | **MICHAEL NORTH** |
| CAPITAL SYSTEMS, LLC, COMENITY BANK, ) | |
| WAYFAIR LLC, DISCOVER FINANCE ) | |
| SERVICES, TXU ENERGY RETAIL COMPANY, ) | |
| LLC, AND CENTERPOINT ENERGY, INC. ) | |
| ) | |
| **Defendants.** ) | |

<u>**WAYFAIR LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED**</u>
<u>**COMPLAINT**</u>

**NOW INTO COURT**, through undersigned counsel, comes Wayfair LLC ("**Wayfair**" or

this "**Defendant**"), and files its Answer and Affirmative Defenses to Plaintiff Taiujuan Burches's

Third Amended Complaint as follows:

<u>**ANSWER**</u>

**SECTION I – INTRODUCTION**

1. The allegations contained in Paragraph 1 contain legal conclusions that do not

require a response from this Defendant. Wayfair denies that it violated any of the referenced laws

and demands strict proof of the same.

2. Wayfair denies the allegations in Paragraph 2 as to itself. It denies the remaining

allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

3.      Wayfair denies the allegations in Paragraph 3 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

4.      Wayfair denies the allegations in Paragraph 4 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

5.      Wayfair denies the allegations in Paragraph 5 and subparagraphs a through f thereunder as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

6.      Wayfair denies the allegations in Paragraph 6 and subparagraphs a through i thereunder as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

7.      Wayfair denies that Plaintiff is entitled to any recovery or relief under any theory whatsoever, denies that Wayfair violated any law as to Plaintiff, and demands strict proof thereof.

8.      Wayfair denies that Plaintiff is entitled to any recovery or relief under any theory whatsoever, denies that Wayfair violated any law as to Plaintiff, and demands strict proof thereof.

9.      Wayfair denies that Plaintiff has stated any valid claim of relief against Wayfair that would entitle him to a trial by jury and demands strict proof thereof.

**SECTION II – JURISDICTION AND VENUE**

10.     Wayfair state that the allegations are legal conclusions to which no response is required. To the extent that a response is required, Wayfair admits that federal question jurisdiction is present and denies the remaining allegations.

11.     Wayfair admits that this Court has supplemental jurisdiction over Plaintiff's Louisiana state law claims but denies any allegation that Wayfair violated any federal or state law.

12. Wayfair admits that venue is proper in this Court but denies any allegation that Wayfair violated any federal or state law.

13. Wayfair admits only that it conducts business with customers that reside in state of Louisiana. Otherwise, Wayfair denies the allegations as to it and demands strict proof thereof. It denies the remaining allegations in Paragraph 13 for lack of information sufficient to form a belief as to their truth.

14. Wayfair denies the allegations as to it and demands strict proof thereof. It denies the remaining allegations in Paragraph 14 for lack of information sufficient to form a belief as to their truth.

15. Wayfair states that the cited sections of the FCRA speak for itself and denies any inconsistency with the same. Wayfair denies the remaining allegations.

16. No response is required to the allegations contained in Paragraph 16 to the extent they consist of legal conclusions. To the extent they do not, Wayfair denies it is a debt collector and denies the remaining for lack of information sufficient to form a belief as to their truth.

17. Wayfair admits only that this Court has the authority to enter declaratory, equitable, and injunctive relief. Wayfair denies that Plaintiff is entitled to any recovery or relief under any theory whatsoever, denies that Wayfair violated any law as to Plaintiff, and demands strict proof thereof.

## SECTION III – PARTIES

### A. Plaintiff

18. The allegations contained in Paragraph 18 are denied for lack of information sufficient to form a belief as to the truth of the allegations.

### B. Consumer Reporting Agencies ("CRAs")

**1. Trans Union LLC**

19.     The allegations contained in Paragraph 19 are denied for lack of information sufficient to form a belief as to the truth of the allegations.

**2. Experian Information Solutions, Inc.**

20.     The allegations contained in Paragraph 20 are denied for lack of information sufficient to form a belief as to the truth of the allegations.

**C. Furnishers, Debt Buyers, Lenders, and Information Providers**

**1. LVNV Funding, LLC**

21.     The allegations contained in Paragraph 21 are denied for lack of information sufficient to form a belief as to the truth of the allegations.

**2. Resurgent Capital Services, L.P.**

22.     The allegations contained in Paragraph 22 are denied for lack of information sufficient to form a belief as to the truth of the allegations.

**3. Capital One Bank (USA), National Association ("Capital One N.A.")**

23.     The allegations contained in Paragraph 23 are denied for lack of information sufficient to form a belief as to the truth of the allegations.

**4. Affirm, Inc.**

24.     The allegations contained in Paragraph 24 are denied for lack of information sufficient to form a belief as to the truth of the allegations.

**5. BLST Receivables & Servicing LLC d/b/a Fingerhut**

25.     The allegations contained in Paragraph 25 are denied for lack of information sufficient to form a belief as to the truth of the allegations.

**6. WebBank**

26.    The allegations contained in Paragraph 26 are denied for lack of information sufficient to form a belief as to the truth of the allegations.

### 7. Jefferson Capital Systems, LLC

27.    The allegations contained in Paragraph 27 are denied for lack of information sufficient to form a belief as to the truth of the allegations.

### 8. Comenity Bank

28.    Wayfair admits that Comenity originates and services the Wayfair-branded Comenity credit card. Wayfair denies the allegations that the account at issue is a "Wayfair & Comenity account."  Wayfair denies the Plaintiff did not authorize the account at issue.  The remaining allegations contained in Paragraph 28 are denied for lack of information sufficient to form a belief as to the truth of the allegations.

### 9. Wayfair LLC

29.    The allegations in Paragraph 29 are denied.

### 10. Discover Financial Services ("Discover")

30.    The allegations contained in Paragraph 30 are denied for lack of information sufficient to form a belief as to the truth of the allegations.

### 11. TXU Energy Retail Company, LLC

31.    The allegations contained in Paragraph 31 are denied for lack of information sufficient to form a belief as to the truth of the allegations.

### 12. CenterPoint Energy, Inc.

32.    The allegations contained in Paragraph 32 are denied for lack of information sufficient to form a belief as to the truth of the allegations.

## SECTION IV – FACTUAL BACKGROUND

33.     Wayfair denies the allegations in Paragraph 33 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

34.     Wayfair denies the allegations in Paragraph 34 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

35.     Wayfair denies the allegations in Paragraph 35 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

36.     Wayfair denies the allegations in Paragraph 36 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

37.     Wayfair denies that it is a furnisher or a consumer reporting agency and denies the remaining allegations in Paragraph 37 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

38.     The allegations contained in Paragraph 38 are not directed to, and do not require a response from, this Defendant. To the extent a response is required, the allegations contained in Paragraph 38 are denied for lack of information sufficient to form a belief as to the truth of the allegations.

39.     The allegations contained in Paragraph 39 are not directed to, and do not require a response from, this Defendant. To the extent a response is required, the allegations contained in Paragraph 39 are denied for lack of information sufficient to form a belief as to the truth of the allegations.

40.     The allegations contained in Paragraph 40 are not directed to, and do not require a response from, this Defendant. To the extent a response is required, the allegations contained in Paragraph 40 are denied for lack of information sufficient to form a belief as to the truth of the allegations.

41.      The allegations contained in Paragraph 41 are not directed to, and do not require a response from, this Defendant. To the extent a response is required, the allegations contained in Paragraph 41 are denied for lack of information sufficient to form a belief as to the truth of the allegations.

42.      The allegations contained in Paragraph 42 are not directed to, and do not require a response from, this Defendant. To the extent a response is required, the allegations contained in Paragraph 42 are denied for lack of information sufficient to form a belief as to the truth of the allegations.

43.      The allegations contained in Paragraph 43 are not directed to, and do not require a response from, this Defendant. To the extent a response is required, the allegations contained in Paragraph 43 are denied for lack of information sufficient to form a belief as to the truth of the allegations.

44.      The allegations contained in Paragraph 44 are denied.

45.      The allegations contained in Paragraph 45 are not directed to, and do not require a response from, this Defendant. To the extent a response is required, the allegations contained in Paragraph 45 are denied for lack of information sufficient to form a belief as to the truth of the allegations.

46.      Wayfair denies the allegations in Paragraph 46 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

47.      Wayfair denies that any Plaintiff has suffered any damages caused by Wayfair. It denies the remaining allegations in Paragraph 47 for lack of information sufficient to form a belief as to their truth.

48. Wayfair denies the allegations in Paragraph 48 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

49. Wayfair denies the allegations in Paragraph 49 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

## SECTION V – STATEMENT OF COMPLIANCE WITH THE COURT'S ORDERS

50-54. Answering Paragraphs 50 through 54, Wayfair denies that a response is required as no allegations are asserted against it. To the extent a response is required, Wayfair denies that Plaintiff has abided by Court's rules and orders and the Federal Rules of Civil Procedure throughout this lawsuit. It denies the remaining allegations in those paragraphs for lack of information sufficient to form a belief as to their truth.

## SECTION VI – WHY AMENDMENT IS PROPER UNDER RULE 15(a)(2)

55-60. Answering Paragraphs 55 through 60, Wayfair denies that a response is required as no allegations are asserted against it. To the extent a response is required, Wayfair admits only that the Court granted Plaintiff leave to file this Third Amended Complaint. It denies the remaining allegations in those paragraphs for lack of information sufficient to form a belief as to their truth.

## SECTION VII – SUMMARY OF DEFENDANTS' INCONSISTENT REPORTING

61. Wayfair denies the allegations in Paragraph 61 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

62. Wayfair denies the allegations in Paragraph 62 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

63. Wayfair denies the allegations in Paragraph 63 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

### A. Conflicting Account Ownership and Creditor Labels

64-66.  Answering Paragraphs 64 through 66, Wayfair denies that a response is required as the allegations are not asserted against it. To the extent a response is required, Wayfair denies the allegations in those paragraphs for lack of information sufficient to form a belief as to their truth.

### B. Conflicting Dates, Charge-Off Information, and Account Histories

67-69.  Answering Paragraphs 67 through 69, Wayfair denies that a response is required as the allegations are not asserted against it. To the extent a response is required, Wayfair denies the allegations in those paragraphs for lack of information sufficient to form a belief as to their truth.

### C. Conflicting Identity and Address Information

70-72.  Answering Paragraphs 70 through 72, Wayfair denies that a response is required as the allegations are not asserted against it. To the extent a response is required, Wayfair denies the allegations in those paragraphs for lack of information sufficient to form a belief as to their truth.

### D. Conflicting Retail Account Information

73.  Wayfair denies that it reported any information regarding Plaintiff's Wayfair-branded credit card to any consumer reporting agency and that Plaintiff did not open the account. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

74.  The allegations in Paragraph 74 are denied.

### E. Fingerhut / BLST / WebBank Inconsistencies

75-76.  Answering Paragraphs 75 through 76, Wayfair denies that a response is required as the allegations are not asserted against it. To the extent a response is required, Wayfair denies the allegations in those paragraphs for lack of information sufficient to form a belief as to their truth.

**F. Inconsistent and Impossible Personal Information Across CRAs**

77.     Wayfair denies that a response is required as the allegations are not asserted against it. To the extent a response is required, Wayfair denies the allegations in Paragraph 77 for lack of information sufficient to form a belief as to their truth.

78.     Wayfair denies that a response is required as the allegations are not asserted against it. To the extent a response is required, Wayfair denies the allegations in Paragraph 78 for lack of information sufficient to form a belief as to their truth.

79.     Wayfair denies that it furnished any information regarding Plaintiff's Wayfair-branded credit card and therefore denies the allegations in Paragraph 79 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

80.     Wayfair denies that it furnished any information regarding Plaintiff's Wayfair-branded credit card and therefore denies the allegations in Paragraph 80 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

**H. Pattern of Verifying Conflicting Data**

81.     Wayfair denies that it furnished any information regarding Plaintiff's Wayfair-branded credit card and therefore denies the allegations in Paragraph 81 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

82.     Wayfair denies that it furnished any information regarding Plaintiff's Wayfair-branded credit card and therefore denies the allegations in Paragraph 82 as to itself. It denies the

remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

### I. Combined Harm Caused by Inconsistent Reporting

83.   Wayfair denies the allegations in Paragraph 83 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

84.   Wayfair denies the allegations in Paragraph 84 for lack of information sufficient to form a belief as to their truth.

## SECTION VII – CLAIMS AGAINST TRANS UNION LLC

85-102. Answering Paragraphs 85 through 102, Wayfair denies that a response is required as the allegations are not asserted against it. To the extent a response is required, Wayfair denies the allegations in those paragraphs for lack of information sufficient to form a belief as to their truth.

## SECTION IX – CLAIMS AGAINST EXPERIAN INFORMATION SOLUTIONS, INC.

103-120.   Answering Paragraphs 103 through 120, Wayfair denies that a response is required as the allegations are not asserted against it. To the extent a response is required, Wayfair denies the allegations in those paragraphs for lack of information sufficient to form a belief as to their truth.

## SECTION X – CLAIMS AGAINST LVNV FUNDING, LLC

121.   Wayfair incorporates its responses to Paragraphs 1-120 as if set forth herein.

122-150.   Answering Paragraphs 122 through 150, Wayfair denies that a response is required as the allegations are not asserted against it. To the extent a response is required, Wayfair denies the allegations in those paragraphs for lack of information sufficient to form a belief as to their truth.

**SECTION XI – CLAIMS AGAINST RESURGENT CAPITAL SERVICES, L.P.**

151.    Wayfair incorporates its responses to Paragraphs 1-150 as if set forth herein.

152-186. Answering Paragraphs 152 through 186, Wayfair denies that a response is required as the allegations are not asserted against it. To the extent a response is required, Wayfair denies the allegations in those paragraphs for lack of information sufficient to form a belief as to their truth.

**SECTION XII – CLAIMS AGAINST CAPITAL ONE BANK (USA), N.A.**

187.    Wayfair incorporates its responses to Paragraphs 1-186 as if set forth herein.

188-208. Answering Paragraphs 188 through 208, Wayfair denies that a response is required as the allegations are not asserted against it. To the extent a response is required, Wayfair denies the allegations in those paragraphs for lack of information sufficient to form a belief as to their truth.

**SECTION XIII – CLAIMS AGAINST AFFIRM, INC.**

209.    Wayfair incorporates its responses to Paragraphs 1-208 as if set forth herein.

210-233. Answering Paragraphs 210 through 233, Wayfair denies that a response is required as the allegations are not asserted against it. To the extent a response is required, Wayfair denies the allegations in those paragraphs for lack of information sufficient to form a belief as to their truth.

**SECTION XIV – CLAIMS AGAINST BLST RECEIVABLES & SERVICING LLC d/b/a FINGERHUT**

234.    Wayfair incorporates its responses to Paragraphs 1-233 as if set forth herein.

235-256. Answering Paragraphs 255 through 256, Wayfair denies that a response is required as the allegations are not asserted against it. To the extent a response is required, Wayfair

denies the allegations in those paragraphs for lack of information sufficient to form a belief as to their truth.

## SECTION XV – CLAIMS AGAINST WEBBANK

257.     Wayfair incorporates its responses to Paragraphs 1-256 as if set forth herein.

258-281. Answering Paragraphs 258 through 281, Wayfair denies that a response is required as the allegations are not asserted against it. To the extent a response is required, Wayfair denies the allegations in those paragraphs for lack of information sufficient to form a belief as to their truth.

## SECTION XVI – CLAIMS AGAINST JEFFERSON CAPITAL SYSTEMS, LLC

282.     Wayfair incorporates its responses to Paragraphs 1-281 as if set forth herein.

283-308. Answering Paragraphs 283 through 308, Wayfair denies that a response is required as the allegations are not asserted against it. To the extent a response is required, Wayfair denies the allegations in those paragraphs for lack of information sufficient to form a belief as to their truth.

## SECTION XVII – CLAIMS AGAINST COMENITY BANK

309.     Wayfair incorporates its responses to Paragraphs 1-308 as if set forth herein.

310-334. Answering Paragraphs 310 through 334, Wayfair denies that a response is required as the allegations are not asserted against it. To the extent a response is required, Wayfair admits only that Comenity Bank issues Wayfair-branded credit cards and Comenity maintains those accounts. Otherwise, Wayfair denies the allegations in those paragraphs for lack of information sufficient to form a belief as to their truth.

## SECTION XVIII – CLAIMS AGAINST WAYFAIR LLC

335.     Wayfair incorporates its responses to Paragraphs 1-309 as if set forth herein.

336.    Wayfair admits generally that it is retailer, that Comenity offers a Wayfair-branded credit card and that Comenity receives information concerning prospective customers who apply for the above-referenced credit card. Wayfair denies the remaining allegations.

337.    The allegations in Paragraph 337 are denied.

338.    The allegations in Paragraph 338 are denied.

339.    The allegations in Paragraph 339 are denied.

**A. Wayfair Transmitted False and Fraudulent Identity Information to Comenity Bank.**

340.    The allegations in Paragraph 340 are denied.

341.    The allegations in Paragraph 341 are denied.

342.    The allegations in Paragraph 342 are denied.

343.    The allegations in Paragraph 343 are denied.

**B. Wayfair Failed to Properly Authenticate the Identity of the Individual Who Opened the Account**

344.    The allegations in Paragraph 344 are denied.

345.    The allegations in Paragraph 345 are denied.

**C. Wayfair Failed to Maintain Reasonable Procedures to Assure Maximum Possible Accuracy**

346.    The allegations in Paragraph 346 are denied.

347.    No response is required to the allegations contained in Paragraph 347 to the extent they consist of legal conclusions. To the extent they do not, Wayfair denies the allegations.

348.    The allegations in Paragraph 348 are denied.

349.    The allegations in Paragraph 349 are denied.

**D. Wayfair Enabled the Furnishing of a Fraudulent Tradeline to Experian and Trans Union**

350.    The allegations in Paragraph 350 are denied.

351.    The allegations in Paragraph 351 are denied.

**E. Wayfair Failed to Respond Appropriately After Plaintiff Submitted Fraud and Identity-Theft Documentation**

352.    The allegations in Paragraph 352 are denied.

353.    Wayfair admits that it did not take any action to stop the reporting of Plaintiff's account with Comenity Bank but denies that it was able to do so or required to do so by any state or federal law. Otherwise, the allegations in Paragraph 353 are denied.

**F. Wayfair Acted Willfully and/or Negligently**

355.    The allegations in Paragraph 355 are denied.

356.    The allegations in Paragraph 356 are denied.

**G. Damages Caused by Wayfair**

357.    The allegations in Paragraph 357 are denied.

358.    The allegations in Paragraph 358 are denied.

**SECTION XIX – CLAIMS AGAINST DISCOVER FINANCIAL SERVICES**

359.    Wayfair incorporates its responses to Paragraphs 1-358 as if set forth herein.

360-383. Answering Paragraphs 360 through 383, Wayfair denies that a response is required as the allegations are not asserted against it. To the extent a response is required, Wayfair denies the allegations in those paragraphs for lack of information sufficient to form a belief as to their truth.

**SECTION XX – CLAIMS AGAINST TXU ENERGY RETAIL COMPANY, LLC**

385.    Wayfair incorporates its responses to Paragraphs 1-384 as if set forth herein.

386-408. Answering Paragraphs 386 through 408, Wayfair denies that a response is required as the allegations are not asserted against it. To the extent a response is required, Wayfair denies the allegations in those paragraphs for lack of information sufficient to form a belief as to their truth.

**SECTION XXI – CLAIMS AGAINST CENTERPOINT ENERGY, INC.**

409.    Wayfair incorporates its responses to Paragraphs 1-409 as if set forth herein.

410-436. Answering Paragraphs 410 through 436, Wayfair denies that a response is required as the allegations are not asserted against it. To the extent a response is required, Wayfair denies the allegations in those paragraphs for lack of information sufficient to form a belief as to their truth.

**GENERAL CAUSES OF ACTION**

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA)**

437.    Wayfair incorporates its responses to Paragraphs 1-436 as if set forth herein.

438.    Wayfair denies the allegations in Paragraph 438 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

439.    Wayfair denies the allegations in Paragraph 439 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

440.    Wayfair denies that a response is required as the allegations are not asserted against it. To the extent a response is required, Wayfair denies the allegations in Paragraph 440 for lack of information sufficient to form a belief as to their truth.

441.    Wayfair denies that it is a furnisher of credit information and therefore denies the allegations in Paragraph 441 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

442.    Wayfair denies the allegations in Paragraph 442 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

**WILLFUL VIOLATIONS OF THE FCRA**

443.    Wayfair denies the allegations in Paragraph 443 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

444.    Wayfair denies that Plaintiff is entitled to any recovery or relief under any theory whatsoever from Wayfair. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

**NEGLIGENT VIOLATIONS OF THE FCRA**

445.    Wayfair denies the allegations in Paragraph 445 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

446.    Wayfair denies the allegations in Paragraph 446 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

447.    Wayfair incorporates its responses to Paragraphs 1-446 as if set forth herein.

448.    Wayfair denies that it is a debt collector and therefore denies the allegations in Paragraph 448 as it pertains to Wayfair. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

449.    Wayfair denies that it is a debt collector and therefore denies the allegations in Paragraph 448 as it pertains to Wayfair. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

**WILLFULNESS & RECKLESS DISREGARD**

450.    Wayfair denies the allegations in Paragraph 450 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

451.    Wayfair denies the allegations in Paragraph 451 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

**PLAINTIFF'S DAMAGES**

452.    Wayfair denies the allegations in Paragraph 452 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

453.    Wayfair denies the allegations in Paragraph 453 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

**INJUNCTIVE & DECLARATORY RELIEF**

454.    Wayfair denies that Plaintiff is entitled to any recovery or relief under any theory whatsoever from Wayfair. It denies the remaining allegations in Paragraph 454 for lack of information sufficient to form a belief as to their truth.

**DAMAGES**

455.    Wayfair denies the allegations in Paragraph 455 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

456.    Wayfair denies the allegations in Paragraph 456 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

457. Wayfair denies the allegations in Paragraph 457 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

458. The allegations in Paragraph 458 are denied for lack of information sufficient to form a belief as to their truth.

459. Wayfair denies the allegations in Paragraph 459 as to itself. It denies the remaining allegations in that paragraph for lack of information sufficient to form a belief as to their truth.

460. The allegations in Paragraph 460 are denied for lack of information sufficient to form a belief as to their truth.

461. Wayfair denies that Plaintiff is entitled to any recovery or relief under any theory whatsoever from Wayfair. It denies the remaining allegations in Paragraph 461 for lack of information sufficient to form a belief as to their truth.

462. Wayfair denies that Plaintiff is entitled to any recovery or relief under any theory whatsoever from Wayfair. It denies the remaining allegations in Paragraph 462 for lack of information sufficient to form a belief as to their truth.

463. Wayfair denies that Plaintiff is entitled to any recovery or relief under any theory whatsoever from Wayfair. It denies the remaining allegations in Paragraph 463 for lack of information sufficient to form a belief as to their truth.

**INJUNCTIVE & EQUITABLE RELIEF**

464. Wayfair denies that Plaintiff is entitled to any recovery or relief under any theory whatsoever from Wayfair. It denies the remaining allegations in Paragraph 464 for lack of information sufficient to form a belief as to their truth.

465. Wayfair denies that Plaintiff is entitled to any recovery or relief under any theory whatsoever from Wayfair. It denies the remaining allegations in Paragraph 465 for lack of information sufficient to form a belief as to their truth.

466. Wayfair denies that Plaintiff is entitled to any recovery or relief under any theory whatsoever from Wayfair. It denies the remaining allegations in Paragraph 466 for lack of information sufficient to form a belief as to their truth.

467. Wayfair denies that Plaintiff is entitled to any recovery or relief under any theory whatsoever from Wayfair. It denies the remaining allegations in Paragraph 467 for lack of information sufficient to form a belief as to their truth.

**PERMANENT REMOVAL OF DISPUTED INFORMATION**

468. Wayfair denies that Plaintiff is entitled to any recovery or relief under any theory whatsoever from Wayfair and denies that it is reporting any information to the CRAs regarding the Comenity credit card. It denies the remaining allegations in Paragraph 468 for lack of information sufficient to form a belief as to their truth.

**FURTHER RELIEF**

469. Wayfair denies that Plaintiff is entitled to any recovery or relief under any theory whatsoever from Wayfair. It denies the remaining allegations in Paragraph 469 for lack of information sufficient to form a belief as to their truth.

**JURY TRIAL DEMAND**

470. Wayfair denies that Plaintiff has stated any valid claim against it that would entitled Plaintiff to a trial by jury.

## AFFIRMATIVE DEFENSES

**AND NOW** affirmatively answering the Complaint, Wayfair asserts the following defenses without assuming any burden of production or proof unless required by law:

## FIRST DEFENSE

Plaintiff has no account with Wayfair; Wayfair has never serviced an account for Plaintiff and it has never credit reported an account related to him.

## SECOND DEFENSE

To the extent Plaintiff's complaint is construed as attempting to state a claim under state law, such a claim is pre-empted by the federal Fair Credit Reporting Act.

## THIRD DEFENSE

Wayfair is not a debt collector subject to the federal Fair Debt Collection Practices Act.

## FOURTH DEFENSE

The Complaint fails to state a claim for relief against Wayfair.

## FIFTH DEFENSE

Wayfair's counsel has informed Plaintiff on multiple occasions that Comenity is the entity that originated, serviced and credit reported on Plaintiff's Wayfair-branded account. Plaintiff's continued prosecution of this matter against Wayfair is in bad faith and for purposes of harassment. As a result, Wayfair is entitled to its reasonable attorney's fees in relation to the work expended responding to Plaintiff's pleadings, motions or other papers, pursuant to 15 U.S.C. § 1681n.

## RESERVATION OF RIGHTS

Wayfair reserves the right to supplement its answer with additional defenses that become available or apparent during the course of investigation, preparation, or discovery, and to amend their answer and defenses accordingly. Wayfair specifically reserves the right to supplement its

answer to file third-party complaints, counterclaims, and/or cross-claims such as the facts may disclose and/or warrant.

**WHEREFORE**, Wayfair LLC denies that Plaintiff is entitled to any recovery or relief under any theory whatsoever and demands that Plaintiff's Complaint be dismissed in its entirety as to Wayfair LLC, with prejudice, and for such other relief to which it may be entitled.

Respectfully submitted this the 20th day of January, 2026.

/s/ Christopher D. Meyer
Christopher D. Meyer, (LA. Bar No. 35917)
*Attorney for Defendant Wayfair*, LLC

**OF COUNSEL:**
BURR & FORMAN LLP
The Pinnacle Building
190 East Capitol Street, Suite M-100
Jackson, Mississippi 39201
Telephone: (601) 355-3434
Facsimile:  (601) 355-5150
cmeyer@burr.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing has been served on the following via the Court's Electronic Filing System and/or electronic mail on the 20th day of January, 2026:

Taiujuan Burches
42520 Richard Road
Ponchatoula, LA 70454
taiujuan87@gmail.com
*Pro Se Plaintiff*

Spencer Michael Schulz
Messer Strickler Burnette, Ltd.
12276 San Jose Blvd., Suite 718
Jacksonville, FL 32223
3157 Gentilly Blvd., #2558
New Orleans, LA 70122
sschulz@messerstrickler.com
*Attorney for Defendants LVNV Funding, LLC & Resurgent Capital Services, L.P.*

Peyton C. Lambert
Troutman Pepper Locke LLP
601 Poydras Street, Suite 2660
New Orleans, LA 70130
peyton.lambert@troutman.com
*Attorney for Defendant Experian Information Solutions, Inc.*

Stephen Winthrop Rider
Timothy G. Byrd, Jr.
McGlinchey Stafford, PLLC
601 Poydras St., 12th Floor
New Orleans, LA 70130
srider@mcglinchey.com
tbyrd@mcglinchey.com
*Attorney for Defendant Affirm Inc.*

Gregory E. Bodin
Mary E. Gentry
Baker Donelson Bearman Caldwell & Berkowitz
II Rivermark Centre
450 Laurel Street, 21st Floor
Baton Rouge, LA 70801
gbodin@bakerdonelson.com
mgentry@bakerdonelson.com

Andrew S. Ayala
Faegre Drinker Biddle & Reath LLP
1800 Century Park East, Suite 1500 Los Angeles, CA 90067
Andrew.ayala@faegredrinker.com
*Attorney for Defendant BLST Receivables & Servicing, LLC*

Blake E. Oakes
The Oakes Law Firm, LLC
110 Veterans Boulevard, Suite 560
Metairie, LA 70005
blake@oakeslaw.com
*Attorney for Defendant TXU Energy Retail Company LLC*

Bradley J. St. Angelo
Sessions, Israel & Shartle, LLC
3838 N. Causeway Blvd., Suite 2800
Metairie, LA 70002
bstangelo@sessions.legal
*Attorney for Defendant Jefferson Capital Systems, LLC*

*/s/ Christopher D. Meyer*
OF COUNSEL