UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAIUJUAN BURCHES,<br><br>**Plaintiff,**<br><br>v.<br><br>TANUNION LLC, EXPERIAN INFORMATION SOLUTIONS, INC., LVNA FUNDING, LLC, RESURGENT CAPITAL SERVICES, LP, CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION ("CAPITAL ONE N.A."), AFFIRM, INC., BLST RECEIVABLES & SERVICING LLC D/B/A/ FINGERHUT, WEBBANK. JEFFERSON CAPITAL SYSTEMS, LLC, COMENITY BANK, WAYFAIR LLC, DISCOVER FINANCE SERVICES, TXU ENERGY RETAIL COMPANY, LLC, CENTERPOINT ENERGY, INC., GROW CREDIT, INC., AND USA FINANCE,<br><br>**Defendants** | Case No.: 2:25-CV-00804<br><br>Judge Susie Morgan<br><br>Magistrate Judge Michael North |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS**

**MAY IT PLEASE THE COURT:**

Plaintiff Taiujuan Burches originally filed this suit on October 11, 2024, against several defendants including defendant herein, CenterPoint Energy Inc. (CEI). Plaintiff did not request a Summons for service on CEI until over a year later, after being granted an extension by this Court. The Summons was purportedly served on CT Corporation on December 1, 2025, as agent of service for process of CEI. However, CEI is not registered to do business in Louisiana, and CT Corporation is not its registered agent for service of process in Louisiana.

Plaintiff's attempted service on CEI was untimely pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and improper pursuant to Rule 4(h). Accordingly, plaintiff's Complaint against CEI, as amended, should be dismissed.

## BACKGROUND

This is a claim by plaintiff Taiujuan Burches against CEI and several other defendants alleging violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. Plaintiff alleges that the files of three credit reporting agencies, Equifax, TransUnion and Experian, contained "inaccurate and unverified negative credit reporting." (Doc. 1 Complaint ¶ 20). He further alleges that certain other defendants including CEI "reported inaccurate debts and balances on plaintiff's credit reports." (*Id.* ¶ 26). The Complaint alleges violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act and seeks actual damages, punitive damages, attorney fees and costs. (*Id.* ¶ 135, 139).

Plaintiff did not request service of the Summons with the initial Complaint. Despite that, Plaintiff proceeded to file a First Amended Complaint which was later stricken for failure to obtain leave of court. (Rec. Doc. 78, 90). As of February 10, 2025, Plaintiff still had not requested service on CEI. Despite that, Plaintiff filed a "Motion to Compel Response and Request for Judgment due to Inaccurate Credit Reporting and Non-Response." (Rec. Doc. 84). On February 12, 2025, this Court denied plaintiff's motion. (Rec. Doc. 90). This Court also granted Plaintiff a 30-day extension of time to serve defendants including CEI. (*Id.* p. 11).

Plaintiff did not attempt to serve CEI until well after this Court's extended deadline. In September of 2025, Plaintiff filed his Second Amended Complaint and Third Amended Complaint (Rec. Doc. 152, 169). Plaintiff did not initially include requests for Summons with either

2

2186752

Complaint. Despite the lack of service, Plaintiff requested an entry of default upon CEI (Rec. Doc. 210). This Court denied the motion, and instructed Plaintiff that he must serve all defendants unless they waive service of process (Rec. Doc. 224, pp. 2-3). Plaintiff requested Summons directed to CEI on November 21, 2025 (Rec. Doc. 225) and attempted to make service on December 1, 2025 (Rec. Doc. 236).

CEI is a Texas Corporation with its principal place of business in Texas. (Exhibit 1, Declaration of Caroline Platt, ¶3). CEI is not registered to do business in Louisiana with the Louisiana Secretary of State. (*Id.* ¶4). Furthermore, CEI has no registered agent for service of process in Louisiana. (*Id.* ¶5).

On December 1, 2025, CT Corporation ("CT") received a copy of the Third Amended Complaint in the above-captioned matter, along with a Summons directed to CEI (*Id.* ¶6). On the same day, CT sent CEI a Service of Process Notification, which indicated that CT had received service on behalf of "CenterPoint Energy Intrastate Pipelines, LLC." (*Id.* ¶7 and Exhibit 1A, Service of Process Notification). On December 2, 2025, CT advised that it should have rejected the attempted service because it is not the agent for CEI and asked for clarification on whether CT should retain service or reject the service (*Id.* ¶8 and Exhibit 1B, Email from CT). In response, CEI instructed CT Corporation to reject the attempted service because it is not the registered agent for CEI in Louisiana. (*Id.* ¶9). On December 4, 2025, CT advised that corrective action had been taken, and to disregard the Service of Process Notification. (*Id.* ¶10 and Exhibit 1C).

Plaintiff failed to serve CEI within the deadline of Rule 4(m) or within the extension previously granted by this Court. Furthermore, Plaintiff's attempted service is invalid because it

3

was not served on an authorized agent of CEI. Accordingly, CEI's Motion to Dismiss for Insufficiency of Service of Process should be granted.

## LAW AND ARGUMENT

### I. Plaintiff Failed to Timely Attempt Service on CEI

Plaintiff's Complaint as amended should be dismissed because Plaintiff has failed to properly serve CEI, within the original deadline or this Court's extended deadline. Rule 4(m) of the Federal Rules of Civil Procedure mandates dismissal of plaintiffs' complaint if the plaintiffs fail to show good cause for the failure to properly serve the complaint within 90 days of its filing. Fed. Rule Civ. Proc. 4(m). And "the burden is on the plaintiff to show cause why service was not effected timely and thus why the suit should not be dismissed." *Id.*

To establish good cause, a plaintiff has the burden of demonstrating "*at least* as much as would be required to show excusable neglect...." *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir.1985). "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice...." *Id.* In addition, "some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required." *Id.* It is "irrelevant that the defendant not served within the [90]–day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the [90] days." *Id.* at 1305–06.

With respect to pro se plaintiffs, service of process is governed by more lenient rules. *Holly v. Metro. Transit Auth.*, 213 Fed. Appx. 343, 344 (5th Cir. 2007). Nonetheless, when the failure of effective service may be ascribed to the plaintiff's dilatoriness, fault or inaction, the case may be properly dismissed. *Id*.

2186752

It has now been over a year since Plaintiff filed his initial Complaint against CEI. Plaintiff did not attempt service on CEI within the 90-day deadline of Rule 4(m), nor did he attempt service within the 30-day extension previously provided by this Court. Plaintiff cannot reasonably show good cause for delaying service beyond the original deadline and the extended deadline. Although some latitude is typically given to pro se plaintiffs, that latitude should not be extended so far as to allow a plaintiff to ignore both the statutory deadline and a court-imposed deadline, resulting in over a year of delay. Accordingly, this Court should dismiss Plaintiff's Complaint against CEI for failure to timely attempt service.

## II.     Plaintiff's Service Attempt on CEI was Improper

Plaintiff's claim should also be dismissed pursuant to Rules 12(b)(4)-(5) of the Federal Rules of Civil Procedure because Plaintiff has failed to comply with Rule 4(h) of the Federal Rules. Rule 4(h) provides that a corporation must be served by delivering a copy of the summons and complaint to "an officer, a managing or general agent or any other agent *authorized by appointment or by law* to receive service of process." Fed. Rule Civ. Proc. 4(h) (emphasis added).

Plaintiff attempted service on CEI via CT Corporation. However, CT is not the registered agent for CEI in Louisiana. (Exhibit 1, Declaration of Caroline R. Pratt, ¶ 5 and Exhibit 1B). Although CT initially reported having been served on behalf of "CenterPoint Energy Intrastate Pipelines, LLC," CT subsequently withdrew its service notification after determining that the service was directed to CEI, and that CT is not the Louisiana registered agent for CEI. (Exhibit 1, ¶¶ 7, 8, 9, 10 and Exhibits 1A, 1B, 1C). Accordingly, Plaintiff's attempted service on CT Corporation was not proper.

Because service of process has not been properly made upon CEI, Plaintiff's attempted proceedings against CEI are void, and Plaintiff's Complaint as amended should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(4)-(5). *See Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.,* 635 F.2d 434, 435-36 (5th. Cir. 1981) ("In the absence of valid service of process, proceedings against a party are void."). In *Adams v. Alliedsignal General Aviation Avionics,* 74 F.3d 882 (8th Cir. 1996), the Court affirmed the district court's decision to dismiss an action against a corporate defendant when the plaintiffs served an officer of a subsidiary of the defendant instead of an officer of the defendant itself. Because the plaintiffs did not serve an officer of the defendant, process would only be sufficient under Rule 4(h) if the subsidiary's officer was an agent for the defendant. The defendant presented affidavit testimony that the officer of the subsidiary was "not an agent of [the defendant] corporation on whom process may be served under Fed. R.Civ.P. 4(h)(1)." *Id.* at 885; *see also Universal Decor,* 635 F.2d at 435 (party attempting to serve process bears "the burden of establishing its validity"). Thus, the Court affirmed the district court's dismissal for insufficient process and insufficient service of process pursuant to Rule 12(b)(4) and Rule 12(b)(5) respectively of the Federal Rules of Civil Procedure. *Adams,* 74 F.2d at 884.

As in *Adams,* the fact that CEI was aware of the lawsuit against it did not obviate the requirement for service of process to be made in compliance with the Federal Rules of Civil Procedure. The *Adams* court held that "if [the defendant] was improperly served, the district court lacked jurisdiction over the defendant whether or not it had actual notice of the suit." *Id.* at 885; *see also Cambridge Mutual Fire Ins. Co. v. City of Claxton,* 96 F.R.D. 175, 176 (S.D. Ga. 1982) ("Regardless of notice, if the defendant... was not properly served by some method allowed by

6

[Rule 4], the plaintiffs' complaint is subject to dismissal pursuant to Rule 12(b)(5)."); *see also Bernard v. Strang Air, Inc.,* 109 F.R.D. 336, 338 (D. Neb. 1985) (defendant's actual notice of the lawsuit is not a basis for denying defendant' motion to quash service of process where service or process did not comply with Rule 4).

Plaintiff has failed to effect service of process on a valid agent for CEI. Although CEI received actual notice of the suit through the improper service attempt on CT Corporation, such notice does not relieve Plaintiff of his obligation to serve a properly designated agent for service of process. As discussed above, CT Corporation is not a registered agent for service for CEI in Louisiana. Accordingly, Plaintiff has failed to properly serve CEI, and the Complaint against CEI should be dismissed.

## **CONCLUSION**

Plaintiff failed to timely attempt service on CEI within the original 90-day deadline and the court-ordered extension. He has also failed to properly serve CEI through any valid registered agent. Accordingly, CenterPoint Energy, Inc. prays that after due proceedings are had, that this Court enter judgment dismissing plaintiff Taiujuan Burches' claims against CEI and for any other relief to which CEI may be entitled by law or equity.

2186752

Respectfully Submitted,

PLAUCHÉ MASELLI PARKERSON LLP

/s Scott H. Mason

_____
James K. Ordeneaux (#28179)
Scott H. Mason (#29329)
701 Poydras Street, Suite 3800
New Orleans, LA 70139
Tel: (504) 582-1142
Fax: (504) 582-1172
jordeneaux@pmpllp.com
smason@pmpllp.com
COUNSEL FOR CENTERPONT ENERGY, INC.

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record on this 27th day of January, 2026 via the Court's CM/ECF system, which will send notification of such filing to all counsel of record.  I further certify that a copy of the foregoing was sent via U.S. Mail to:

Taiujuan Burches
42520 Richard Road
Ponchatoula, LA 70454
832-946-1754
*Pro se plaintiff*

                                                                                 /s Scott H. Mason
                                                                      _____

2186752