**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| TAIUJUAN BURCHES, | Civil Action No. 2:25-cv-00804 |
| **Plaintiff,** | |
| v. | **JUDGE SUSIE MORGAN** |
| TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS, INC., LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, LP., CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION ( "CAPITAL ONE N.A."), AFFIRM, INC., BLST RECEIVABLES & SERVICING LLC D/B/A FINGERHUT, WEBBANK, JEFFERSON CAPITAL SYSTEMS, LLC, COMENITY BANK, WAYFAIR LLC, TXU ENERGY RETAIL COMPANY, LLC, AND CENTERPOINT ENERGY, INC. | **MAGISTRATE JUDGE:** |
| **Defendants.** | |

**Proposed Fourth Amended Complaint**
**(Limited Amendment to Paragraphs 221–226 as to Defendant Affirm, Inc. Only)**

## C. Affirm Failed to Conduct a Reasonable Investigation After Receiving

**Plaintiff's Disputes** *(FCRA — 15 U.S.C. §1681s-2(b))*

1

221. On or about May 15, 2023, and again on or about August 3, 2023, Plaintiff disputed the Affirm/WebBank tradeline with Experian and Trans Union, challenging ownership, authorization, identity, accuracy, and legal validity, including Loan ID 8YRD-1G2V. Plaintiff provided dispute materials including an identity theft statement, proof of address, government-issued identification, and a written fraud explanation.

222. After receiving Plaintiff's disputes, Experian and Trans Union transmitted dispute verifications/inquiries to Affirm through the ACDV/e-OSCAR system. Those CRA inquiries triggered Affirm's duties under 15 U.S.C. §1681s-2(b) to (a) conduct a reasonable investigation, (b) review all relevant information provided by the CRAs, (c) report accurate results back to the CRAs, and (d) correct, modify, delete, and/or permanently block reporting of any information that was inaccurate, incomplete, or unverifiable.

223. Affirm failed to conduct a reasonable, good-faith, document-based investigation and failed to properly respond to the CRA inquiries. Affirm did not obtain, review, or possess competent evidence that Plaintiff opened, authorized, or benefitted from the alleged account, including but not limited to: a signed or electronically authenticated loan agreement; application records; clickwrap/e-sign consent logs; device or IP logs; identity verification/KYC records; merchant transaction verification; shipping/delivery confirmation; or account-level repayment authorization records.

224. Instead of meaningfully investigating and responding to the CRA inquiries, Affirm verified the tradeline as "accurate" through automated and/or perfunctory processes without meaningful human review of underlying account-opening and identity verification documentation. Affirm's verification response "parroted" the same inaccurate information back to Experian and Trans Union despite the absence of proof tying Plaintiff

2

to the account.

- failed to perform any identity-matching process;

- did NOT check internal merchant-purchase records;

- did NOT produce documentation;

- "parroted" the same inaccurate information back to CRAs.

225.    As a direct result of Affirm's unreasonable investigation and improper responses to CRA inquiries, Experian and Trans Union continued to publish the inaccurate tradeline on Plaintiff's consumer reports, causing ongoing harm. Affirm also failed to correct, modify, or delete the tradeline despite the information being unverifiable and disputed as identity theft.

226.    Affirm's conduct constitutes willful noncompliance, or alternatively negligent noncompliance, with 15 U.S.C. §1681s-2(b). Affirm acted in reckless disregard of its statutory duties by verifying and continuing to furnish materially misleading information after receiving CRA dispute inquiries, entitling Plaintiff to damages under 15 U.S.C. §§1681n and 1681o.

/s/ Taiujuan Burches

Taiujuan Burches (Pro Se)

42520 Richard Rd

Ponchatoula, La 70454

Phone: 832-946-1754

Email: Taiujuan87@gmail.com

3

CERTIFICATE OF SERVICE

I certify that on the date above, a copy of the foregoing Notice of Submission was filed via CM/ECF, which will send notice to all counsel of record.

/s/ Taiujuan Burches

Pro Se Plaintiff