IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAIUJUAN BURCHES,<br><br>                  Plaintiff,<br><br>v.<br><br>TRANSUNION LLC, EXPERIAN INFORMATION SOLUTIONS, INC., LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, LP, CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION ("CAPITAL ONE N.A."), AFFIRM, INC., BLST RECEIVABLES & SERVICING LLC D/B/A FINGERHUT, WEBBANK, JEFFERSON CAPITAL SYSTEMS, LLC, COMENITY BANK, WAYFAIR LLC, DISCOVER FINANCE SERVICES, TXU ENERGY RETAIL COMPANY, LLC, and CENTERPOINT ENERGY, INC.,<br><br>                  Defendants. | Civil Action No. 2:25-cv-00804-SM-MBN<br><br>Judge Susie Morgan<br><br>Magistrate Judge Michael B. North |

**DEFENDANT TRANS UNION LLC'S REPLY TO PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANT TRANS UNION LLC'S MOTION TO DISMISS AND DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO JOIN**

      Defendant Trans Union, LLC ("Trans Union"), through counsel, hereby submits its Reply to Plaintiff's Consolidated Opposition to Defendant Trans Union LLC's Motion to Dismiss and Defendant Experian Information Solutions, Inc.'s Motion to Join, and would show the Court as follows:

## I. INTRODUCTION

      At issue here are multiple accounts—namely, LVNV Funding, LLC, Resurgent Capital Services, L.P., Capital One Bank, N.A., Affirm, Inc., BLST Receivables & Servicing LLC, WebBank, Jefferson Capital Systems, LLC, Comenity Bank, Wayfair LLC, Discover Financial

1

Services, TXU Energy Retail Company, LLC, and CenterPoint Energy, Inc. (hereinafter "Accounts"), which Plaintiff appears to allege are reporting inaccurately. Dkt No. 221.

Pro se Plaintiff Taiujuan Burches' Consolidated Opposition to Defendant Trans Union LLC's Motion to Dismiss (DKT. 260) and Defendant Experian Information Solutions, Inc.'s Motion to Join (DKT. 268) ("Opposition") fails to rebut all the arguments raised in Trans Union's Motion to Dismiss Plaintiff's Third Amended Complaint (the "Motion"), offering only conclusory objections without setting forth any factual or legal basis in support of Plaintiff's position, specifically, that Plaintiff has sufficiently alleged a factual inaccuracy, which is a necessary element of his Fair Credit Reporting Act ("FCRA") claims. Given that Plaintiff failed to rebut Trans Union's position, and for the reasons set forth below and in Trans Union's Motion, Plaintiff's Third Amended Complaint ("TAC") should be dismissed, with prejudice, as to Trans Union.

## II.    ARGUMENTS AND AUTHORITIES

As stated in the Motion, Plaintiff alleges nothing more than vague, conclusory statements that Trans Union violated the Fair Credit Reporting Act, § 1681 *et seq*., by allegedly reporting various "false" accounts—namely, LVNV Funding, LLC, Resurgent Capital Services, L.P., Capital One Bank, N.A., Affirm, Inc., BLST Receivables & Servicing LLC, WebBank, Jefferson Capital Systems, LLC, Comenity Bank, Wayfair LLC, Discover Financial Services, TXU Energy Retail Company, LLC, and CenterPoint Energy, Inc. (hereinafter "Accounts"). Dkt No. 221. However, specific facts as to how the Accounts are allegedly inaccurate are non-existent in the TAC, and the Opposition does not provide any further factual enhancement beyond continued vague conclusions. Despite various opportunities to do so, Plaintiff has failed to cure any of the deficiencies in his pleading.

### A.  The TAC violates Rule 8 of the Federal Rules of Civil Procedure

Regarding Trans Union's argument that the TAC violates Rule 8 of the Federal Rules of

2

Civil Procedure ("FRCP"), Plaintiff alleges that "length alone is not a Rule 8 violation" and that "[t]he question is whether Defendants have fair notice of the claims and grounds." *See* Opposition, at 4. Notwithstanding these generalized statements, Plaintiff's TAC does not meet the FRCP standard of identifying how Trans Union's alleged conduct violates the Fair Credit Reporting Act. Indeed, Plaintiff's Opposition proffers nothing more than bare assertions that lack the specificity required by Rule 8 of the FRCP. Plaintiff still does not offer how, or why, any of the Accounts have reported inaccurately. *See Holloway v. Equifax*, No. 4:23-CV-1038-P, 2024 WL 1741814, at *2 (N.D. Tex. Mar. 25, 2024), *report and recommendation adopted*, No. 4:23-CV-01038-P, 2024 WL 2747734 (N.D. Tex. May 29, 2024) (granting dismissal because "Plaintiff has wholly failed to allege with specificity any non-conclusory facts regarding exactly what information each CRA Defendant reported, much less how it was inaccurate, or how such inaccuracies resulted from a failure to maintain reasonable procedures or conduct a reasonable investigation.").

Simply stating that his TAC complies with Rule 8 of the FRCP is conclusory and insufficient to carry Plaintiff's burden. *See Taylor v. Books A Million, Inc*., 296 F.3d 376, 378 (5th Cir. 2002)("[R]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (quotation omitted). Plaintiff offers no authority to the contrary but relies instead on his broad and vague statement that the TAC complies with Rule 8. *See* Opposition, at 4. Allegations based on Plaintiff's subjective belief that he has pled sufficiently, absent factual enhancement to support such an assumption, do not rise to the requisite level of Rule 8, and his claim cannot stand.

### B. Plaintiff doesn't address inconsistencies

In its Motion, Trans Union argued that based on Plaintiff's own admissions, Trans Union's reporting of the Accounts is accurate. Specifically, Trans Union argues that Plaintiff's TAC

3

concedes that Trans Union reported the accounts "exactly as the data furnishers at issue contemplated." *See* Motion, at 6. Notably, Plaintiff fails to address this argument in his Opposition.

"When a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded." *Jacobson v. Hofgard*, 168 F. Supp. 3d 187, 208 (D.D.C. 2016) (quotation omitted); *see also Brandon v. City of New York*, 705 F. Supp. 2d 261, 268 (S.D.N.Y. 2010) (collecting cases deeming claims abandoned when plaintiffs fail to address defendants' arguments). "[W]hen a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded[.]" *Lockhart v. Coastal Int'l. Sec., Inc.*, 905 F. Supp. 2d 105, 118 (D.D.C.2012) (citations and internal quotation marks omitted). *See also Texas v. United States*, 798 F.3d 1108, 1110 (D.C. Cir. 2015) ("[I]f a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded.") (citations and internal quotation marks omitted); *Tnaib v. Document Techs., LLC*, 450 F. Supp. 2d 87, 91 (D.D.C. 2006) ("Because ... the plaintiff's response to the defendant's motion to dismiss failed to address ... [certain] arguments ... the court treats those arguments as conceded and grants ... [defendant's] motion to dismiss.").

Plaintiff likewise fails to address Trans Union's argument that incorrect personal identifying information on a consumer's credit report, including telephone number, address, employment data, and social security number is not actionable under the FCRA. *See* Motion, at 7. Because Plaintiff's Opposition fails to address these arguments, the Court should treat them as conceded.

### C. Allegations of discrepancies among credit bureau's reporting is insufficient to meet the standard

With respect to Plaintiff's claims that differences in the various credit reports "support plausibility," this argument also fails. *See* Opposition, at 6. Plaintiff maintains that he will "present

4

evidence showing TransUnion [sic] removed tradelines while Experian verified/updated them." *Id*. However, alleged inconsistencies or discrepancies in the way information is reported between credit reporting agencies (including Trans Union) do not, without more, constitute actionable inaccuracies. *Verlus v. Experian Info. Sols., Inc.*, No. 23-cv-111426-DJC, 2025 WL 836588, *4 (D. Mass. Mar. 17, 2025); *Allen v. Experian Info. Sols., Inc.*, No. 2:25-cv-00404-BLW, 2025 WL 3485873, at *3 (D. Idaho Dec. 4, 2025)("Allegations of inconsistencies or discrepancies among credit reports, standing alone, do not permit an inference that any of the reports contains 'false or materially misleading' information."). The mere assertion that "divergence is a plausible indicator that at least one CRA's reporting investigation was unreasonable or inaccurate" is insufficient to meet the pleading threshold for his FCRA claims.

### D. Plaintiff has presented a legal dispute, which is not objectively and readily verifiable

Plaintiff similarly fails to proffer anything substantial to rebut Trans Union's argument that he has presented a legal dispute that is not objectively and readily verifiable. Rather, he relies on his personal belief to support the Opposition. As noted in the Motion, Plaintiff's claims against the furnishers are also pending before this Court. *See* Motion, at 12. The courts have previously held that "[a] reasonable reinvestigation … does not require CRAs to resolve legal disputes about the validity of the underlying debts they report." *Wright v. Experian Info. Sols, Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015). *See also DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir.2008) (holding a reasonable reinvestigation does not entail resolving "legal issue[s] that a credit agency ... is neither qualified nor obligated to resolve under the FCRA"). Plaintiff's subjective statement that his disputes are not legal is insufficient to support his allegations. Because his disputes here are not objectively and readily verifiable, his claims against Trans Union must fail.

### E. Leave to Amend Would Be Futile

"Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). The Court does not need to speculate what amendment Plaintiff would make. He has already provided three versions of the Complaint, and none state a viable claim against Trans Union. The Court should deny leave to amend.

"When a party violates [Rule 8], the Court may order parties to file an amended complaint in compliance with the rules, limit pleadings to a certain number of pages, or dismiss the complaint without prejudice.... And in the most extreme circumstances—such as the repeated violation of [ ] prior orders requiring compliance—the Court can order dismissal with prejudice." *Desoto Grp., LLC v. Linetec Servs., LLC*, 339 F.R.D. 249, 251 (S.D. Miss. 2021) (citing *Barnes v. Tumlinson*, 597 F. App'x 798, 798–99 (5th Cir. 2015); *Old Time Enters. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989); *Gordon v. Green*, 602 F.2d 743, 746-47 (5th Cir. 1979)); *see also Old Time Enterprises, Inc. v. International Coffee Corporation*, 862 F.2d 1213, 1219 (5th Cir. 1989) ("[D]istrict court and opposing parties are not required to forever sift through such pleadings after the plaintiff has been given notice of the pleading requirements of his case."

### III.  CONCLUSION

Defendant Trans Union respectfully requests that Plaintiff's Third Amended Complaint be dismissed as to Trans Union in its entirety. As Plaintiff has not set forth any facts in his Opposition that could be added to the TAC to state an actional claim against Trans Union, and as Plaintiff has now had multiple chances to state a claim, amendment would be futile. This Court should dismiss the TAC **without leave to amend**. *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017).

Respectfully submitted,

*/s/ Matthew M. McCluer*
George D. Fagan (#14260)
Matthew M. McCluer (#33970)
**Leake Andersson LLP**
1100 Poydras Street, Suite 1700
New Orleans, LA 70163
Phone: (504) 585-7612
Fax: (504) 585-7775
Email: gfagan@leakeandersson.com
mmccluer@leakeandersson.com
**Counsel for Trans Union LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of February 2026, I electronically filed the above and foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

I further certify that I forwarded a copy of the foregoing by U.S. First Class Mail to the following non-CM/ECF participants:

Taiujuan Burches
42520 Richard Road
Ponchatoula, LA 70454
(832) 946-1754
*Pro Se Plaintiff*

*/s/ Matthew M. McCluer*
**MATTHEW M. MCCLUER**

7