# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAIUJUAN BURCHES,**<br><br>  **Plaintiff,**<br><br>**v.**<br><br>**TANUNION LLC, EXPERIAN INFORMATION SOLUTIONS, INC., LVNA FUNDING, LLC, RESURGENT CAPITAL SERVICES, LP, CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION ("CAPITAL ONE N.A."), AFFIRM, INC., BLST RECEIVABLES & SERVICING LLC D/B/A/ FINGERHUT, WEBBANK. JEFFERSON CAPITAL SYSTEMS, LLC, COMENITY BANK, WAYFAIR LLC, DISCOVER FINANCE SERVICES, TXU ENERGY RETAIL COMPANY, LLC, CENTERPOINT ENERGY, INC., GROW CREDIT, INC., AND USA FINANCE,**<br><br>  **Defendants** | Case No.: 2:25-CV-00804<br><br>Judge Susie Morgan<br><br>Magistrate Judge Michael North |

## ANSWER

NOW INTO COURT, through undersigned counsel comes CenterPoint Energy, Inc. ("CEI") and in response to plaintiff's Third Amended Complaint, states as follows:

## FIRST DEFENSE

Plaintiff's Third Amended Complaint fails to state a cause of action upon which relief can be granted.

**SECOND DEFENSE**

AND NOW, in response to the specific allegations contained in the Third Amended Complaint, CEI respectfully represents as follows:

I.

The allegations contained in Paragraphs 1, 2, 3, 4, 5, 13, 14, 33, 35, 36, 37, 40, 45, 46, 48, 49, 61, 62, 63, 70, 71, 72, 81, 82, 83, 86, 438, 439, 441, 442, 443, 444, 445, 446, 448, 449, 450, 451, and 468 of the Third Amended Complaint are denied to the extent they pertain to CEI and otherwise denied for lack of sufficient information to justify a belief therein.

II.

The allegations contained in Paragraphs 6, 7, 8, 17, 32, 47, 84, 410, 411, 413, 414, 415, 416, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 430, 431, 432, 433, 434, 435, 436, 452, ,453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 465, 466, 467, and 469 of the Third Amended Complaint are denied.

III.

The allegations contained in Paragraphs 10, 11, 15, and 16 of the Third Amended Complaint are denied except to admit that the Court has subject matter jurisdiction.

IV.

The allegations contained in Paragraph 12 of the Third Amended Complaint are denied except to admit that venue is proper.

2

V.

The allegations contained in Paragraphs 18, 34, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 412, 417, and 429 of the Third Amended Complaint are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations contained in Paragraphs 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 38, 39, 41, 42, 43, 44, 64, 69, 73, 74, 75, 76, 77, 78, 79, 80, 85, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163,164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382,

3

2205896

383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401, 402, 403, 404, 405, 406, 407, 408, and 440 of the Third Amended Complaint do not pertain to CEI and do not require a response of CEI.

VII.

In response to Paragraphs 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 435, 436, 437, and 447 of the Third Amended Complaint, CEI reasserts all responses to the Paragraphs referenced therein.

## THIRD DEFENSE

CEI is a holding company which has no accounts with any individual customers and therefore, plaintiff fails to state a claim against CEI.

## FOURTH DEFENSE

In the event that discovery reveals evidence of the fault of others for whom CEI is not responsible, CEI specifically and affirmatively pleads the fault of other parties for whom CEI is not responsible, including the fault of the plaintiff, which should operate to completely bar recovery herein, or in the alternative, reduce recovery on a comparative fault basis.

## FIFTH DEFENSE

To the extent asserted, plaintiff fails to state a claim against CEI pursuant to the Fair Debt Collection Practices Act because it is not a debt collector.

## SIXTH DEFENSE

To the extent asserted, plaintiff fails to state a claim pursuant to Sections 1681s-2, 1681e, 1681g, 1681i of the Fair Credit Reporting Act because CEI is not a consumer reporting agency.

2205896

## SEVENTH DEFENSE

To the extent asserted, plaintiff fails to state a claim pursuant to Sections 1681s-2(a)(1)(A), 1681s-2(a)(3), and 1681s-(q)(a)(8) of the Fair Credit Reporting Act because there is no private right of action under those provisions and they may only be enforced by applicable state and local agencies and officials.

## EIGHTH DEFENSE

To the extent discovery reveals that CEI did not receive notice of a dispute from a consumer reporting agency, plaintiff fails to state a claim pursuant to §1681s-2(b) of the Fair Credit Reporting Act.

## NINTH DEFENSE

CEI pleads the preemption provisions of Fair Credit Reporting Act, Sections 1681t and 1681h(e), as an affirmative defense.

## TENTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations or laches.

## ELEVENTH DEFENSE

Plaintiff lacks standing to assert a claim for which relief can be granted.

## TWELVETH DEFENSE

Plaintiff is not entitled to any attorney fees or costs.

2205896

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver, estoppel (including collateral estoppel and judicial estoppel), laches, release, consent, ratification, acquiescence, novation, unclean hands, and/or other equitable doctrines due to plaintiff's own acquiescence, improper or bad faith conduct.

**FOURTEENTH DEFENSE**

Any violation of the law, which CEI denies, was non-intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

**FIFTEENTH DEFENSE**

CEI affirmatively evokes and asserts all defenses created by and under the Fair Credit Reporting Act.

**SIXTEENTH DEFENSE**

CEI is not liable because it acted in good faith and conformity with the applicable rules, regulations, and statutory interpretations, including any duties under 15 U.S.C. §1681 *et. seq.*

**SEVENTEENTH DEFENSE**

Plaintiff's injuries, if any, were the result of an intervening or superseding cause or the acts or omissions of third parties over which CEI had no responsibility or control and for which CEI may not be held liable.

**EIGHTEENTH DEFENSE**

Plaintiff's claims against CEI are barred, in whole or in part, by the doctrines of recoupment and/or setoff for any amounts owed by plaintiff on any account.

2205896

**NINETEENTH DEFENSE**

To the extent sought, plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective, and/or clear and consistent standard under the federal law for ascertaining the amount thereof, such that any award of said damages against CEI would violate the Fifth and Fourteenth Amendments to the United States Constitution, which prohibit deprivation of life, liberty, or property, except by due process.

**TWENTIETH DEFENSE**

Plaintiff has failed to mitigate his damages, if any.

**TWENTY-FIRST DEFENSE**

Plaintiff's claims for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would violate the holdings of, and/or standards set forth in *BMW of North America v. Gore*, 517 US 559 (1986); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 US 424 (2001); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 US 408 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

**TWENTY-SECOND DEFENSE**

To the extent not otherwise encompassed by the defenses asserted above, plaintiff's claims for punitive damages are further barred, in part, to the extent an award of any such punitive damages would violate the United States Constitution and/or the Constitutions of the States of Texas or Louisiana.

7

2205896

## TWENTY-THIRD DEFENSE

To the extent plaintiff seeks punitive damages pursuant to Louisiana law, plaintiff fails to state a claim for which relief can be granted.

## TWENTY-FOURTH DEFENSE

To the extent plaintiff seeks punitive damages pursuant to Texas law, CEI invokes the provisions of Chapter 41 of the Texas Civil Practices and Remedies Code, Tex. Civ. Prac. and Rem. Code §41.008.

## TWENTY-FIFTH DEFENSE

To the extent asserted, plaintiff's claims pursuant to the Louisiana Unfair Trade Practices and Consumer Protection Law (LUTPA) fail as a matter of law because plaintiff cannot establish that CEI committed any "unfair or deceptive acts or practices" as required under the statutes. La. R.S. §51:1405(A).

## TWENTY-SIXTH DEFENSE

To the extent LUTPA claims are asserted, CEI pleads the plaintiff's failure to notify the Attorney General in accordance with LUTPA as an affirmative defense.

## TWENTY-SEVENTH DEFENSE

CEI pleads failure to show irreputable harm as an affirmative defense.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claim for a mandatory injunction fails as a matter of law.

## TWENTY-NINTH DEFENSE

To the extent not listed above, CEI pleads all affirmative defenses set forth in Federal Rules of Civil Procedure 8(c).

8

2205896

## THIRTIETH DEFENSE

To the extent consistent with CEI's positions, CEI adopts by reference all defenses asserted by other defendants herein.

WHEREFORE, Defendant, CenterPoint Energy, Inc. prays that its Answer to the Third Amended Complaint be deemed good and sufficient, and after due proceedings are had, plaintiff's claims against CenterPoint Energy, Inc. be dismissed with prejudice, at plaintiff's cost or, alternatively, reduced on a comparative fault basis, and, in the event it is determined that any claims asserted pursuant to Sections 1681n or 1681o of the Fair Credit Reporting Act, or the Louisiana Unfair Trade Practices And Consumer Protection Law, were groundless and brought in bad faith or for purposes of harassment, CenterPoint Energy prays for an award of reasonable attorney fees and costs.

Respectfully Submitted,

PLAUCHÉ MASELLI PARKERSON LLP

*/s/ Scott H. Mason*

_____

James K. Ordeneaux (#28179)
Scott H. Mason (#29329)
701 Poydras Street, Suite 3800
New Orleans, LA 70139
Tel: (504) 582-1142
Fax: (504) 582-1172
jordeneaux@pmpllp.com
smason@pmpllp.com
COUNSEL FOR CENTERPONT ENERGY, INC.

9

2205896

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record on this 2nd day of March, 2026 via the Court's CM/ECF system, which will send notification of such filing to all counsel of record.  I further certify that a copy of the foregoing was sent via U.S. Mail to:

Taiujuan Burches
42520 Richard Road
Ponchatoula, LA 70454
832-946-1754
*Pro se plaintiff*

/s/ Scott H. Mason

_____

10

2205896