UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAIUJUAN BURCHES,<br><br>          **Plaintiff,**<br><br>v.<br><br>TANUNION LLC, EXPERIAN INFORMATION SOLUTIONS, INC., LVNA FUNDING, LLC, RESURGENT CAPITAL SERVICES, LP, CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION ("CAPITAL ONE N.A."), AFFIRM, INC., BLST RECEIVABLES & SERVICING LLC D/B/A/ FINGERHUT, WEBBANK. JEFFERSON CAPITAL SYSTEMS, LLC, COMENITY BANK, WAYFAIR LLC, DISCOVER FINANCE SERVICES, TXU ENERGY RETAIL COMPANY, LLC, CENTERPOINT ENERGY, INC., GROW CREDIT, INC., AND USA FINANCE,<br><br>          **Defendants** | Case No.: 2:25-CV-00804<br><br>Judge Susie Morgan<br><br>Magistrate Judge Michael North |

## MEMORANDUM IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

      Plaintiff has now had three chances to amend his Complaint against Defendants, including Defendant herein, CenterPoint Energy Inc. ("CEI"). Despite that, the Complaint still asserts claims that are clearly not allowed by applicable law. Furthermore, the Complaint still appears to assert several claims that are either not properly directed at CEI or are preempted by the Fair Credit Reporting Act ("FCRA"). All the claims discussed herein are precluded on the face of the Complaint as a matter of law and any further effort to amend would be futile. Accordingly, the

claims discussed herein should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

Specifically, the following claims should be dismissed for the following reasons:

1. All claims asserted pursuant to Section 1681s-2(a) of the FCRA should be dismissed because the FCRA precludes any private right of action under that subsection.

2. To the extent asserted against CEI, all claims asserted pursuant to Sections 1681c-2, 1681e, and 1681i of the FCRA should be dismissed because CEI is not a consumer reporting agency.

3. To the extent asserted against CEI, all claims based on the Fair Debt Collection Practices Act ("FDCPA") should be dismissed because CEI is not a debt collector.

4. To the extent asserted against CEI, all state law claims based on the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA"), Sections 51:1401 *et. seq.* of the Louisiana Revised Statutes, and all other state law claims based on any standard of conduct other than malice or willful intent should be dismissed because they are preempted by the FCRA.[1]

The reasons why the foregoing claims should be dismissed are further discussed below.

## LAW AND ARGUMENT

**I.    Rule 12(b)(6) Standard**

Under Rule 12(b)(6), dismissal is warranted when a plaintiff fails "to state a claim upon which relief can be granted."[2] Among other things, a plaintiff shall "plead sufficient facts to state

---

[1] CEI is not seeking to dismiss claims based on Section 1681s-2(b) of FCRA or state law claims other than LUTPA based on malice or willful intent.
[2] Fed. R. Civ. P. 12(b)(6).

2

a claim to relief that is plausible on its face."[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the plaintiff is entitled to the relief sought.[4] "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true (even if doubtful in fact)."[5] Although all well-pleaded facts in a complaint are deemed true,[6] a court is not bound to accept as true conclusory allegations or legal conclusions disguised as facts, and such allegations will not suffice to defeat a motion to dismiss.[7] Although courts have discretion to allow a plaintiff leave to amend a complaint, they also have discretion to deny amendment if it would be futile.[8]

When a court considers a motion to dismiss pursuant to Rule 12(b)(6), a court must limit itself to the following: (1) the "facts" alleged in the complaint; (2) documents attached to or referenced in the complaint; and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201.[9] Parties incorporate documents into the pleadings if they refer to them, and they are central to the claims asserted.[10] Further, a court may take judicial notice of "matters of public record,"[11] including court records and documents recorded in local mortgage or conveyance records.[12]

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[4] *Id.* at 678.
[5] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).
[6] *Cuvillier v. Taylor*, 503 F.3d 397, 410 (5th Cir. 2007).
[7] *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997).
[8] *Stripling v. Jordan Production Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000).
[9] *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996).
[10] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 490-90 (5th Cir. 2000).
[11] *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).
[12] *See, e.g., Joseph v. Bach & Wasserman*, LLC, 487 F. App'x 173, 178 n.2 (5th Cir. 2012) (taking judicial notice of "a pleading filed with a Louisiana state district court . . . [that] is a matter of public record"); *Bey*, 2015 WL 4168447, at * 3 n.3 ("The Court may also take judicial notice of matters of public record, such as mortgage and conveyance documents."); *Beavers v. CitiMortgage, Inc.*, 14-1806, 2015 WL 2383810, at * 2

3

*Pro-se* litigants like Plaintiff are not exempt from the requirement of pleading sufficient facts to state a plausible claim for relief or from the principle that mere legal conclusions do not suffice to prevent dismissal.[13] A "court is not required to search for or try to create causes of actions or find material issues of fact for *pro-se* plaintiffs."[14] "And a *pro-se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer."[15]

## II.    Plaintiff Fails to State a Claim Against CEI Pursuant to FCRA Section1681s-2(a)

Plaintiff's claim against CEI under FCRA Section1681s-2(a) must be dismissed because there is no private right of action under that subsection as a matter of law. Section1681s-2(a) outlines several duties applicable to furnishers of information to credit reporting agencies.[16] However, Sections1681s-2(c) and 1681s-2(d) of the same statute provides as follows:

> **(c) Limitation on liability**
>
> Except as provided in section 1681s(c)(1)(B) of this title, sections 1681n and 1681o of this title do not apply to any violation of—
>
> **(1)** subsection (a) of this section, including any regulations issued thereunder;
>
> * * *
>
> **(d) Limitation on enforcement**
>
> The provisions of law described in paragraphs (1) through (3) of    subsection    (c) (other than with respect to the exception described in paragraph (2) of subsection (c)) shall be enforced exclusively as provided under section 1681s of this title by the Federal agencies and officials and the State officials identified in section 1681s of this title."

---

(E.D. La. May 19, 2015) (taking judicial notice of documents in record of related state-court foreclosure proceeding) (citations omitted).
[13]    *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).
[14]    *Berry v. LoanCity*, 489 F. Supp. 3d 441, 447 (M.D. La. 2020).
[15]    *Id*. citing *NCO Fin. Sys., Inc. v. Harper-Horsley*, No. CIV.A. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008).
[16]    15 U.S.C. § 1681s-2(a) (West 2026).

2205175

Based on the foregoing provisions, this Court has recognized that there is no private right of action under Section1681s-2(a) of the FCRA. See *Floyd v. Wells Fargo Home Mortgage Co.*[17] Likewise, the Middle District of Louisiana and the Western District of Louisiana have acknowledged that there is no private right of action under Section1681s-2(a). *Bank One NA v. Colley*;[18] *Carriere v. Proponent Federal Credit Union*.[19] As noted by the Court in *Bank One NA*, Section 1681s-2(a) of the FCRA "does not create a private right of action. Indeed, courts have consistently held that, although §1681s-2(a) creates an affirmative obligation to refrain from reporting inaccurate information, §1681s-2(d) states that subsection (a) shall be enforced exclusively … by the federal agencies and officials and the State officials identified in that section.[20]

Section1681s-2(a) may only be enforced by federal and state agencies and officials. The statute does not create a private right of action for Plaintiff. Therefore, Plaintiff's claims based on Section1681s-2(a) of the FCRA should be dismissed with prejudice.

### III. To the Extent Asserted Against CEI, All Claims Under Sections 1681c-2, 1681e, and 1681i of the FCRA Should be Dismissed

To the extent asserted against CEI, Plaintiff's claims based on alleged violations of Sections 1681c-2, 1681e, and 1681g of the FCRA should be dismissed with prejudice because those provisions only apply to consumer reporting agencies (CRAs). Plaintiff expressly alleges that CEI failed to block identity theft information pursuant to §1681c-2.[21] He further alleges that

---

| | |
|---|---|
| 17 | 848 F. Supp.2d 635, 645 (E.D. La 2012). |
| 18 | 294 F. Supp.2d 864 (M.D. La. 2003). |
| 19 | 2024 WL 1638250 (W.D. La. 2004). |
| 20 | *Bank One, N.A.*, 294 F. Supp. 2d at 870. |
| 21 | Rec. Doc. 221, Third Amended Complaint, ¶¶429-432. |

"[d]efendants, individually and collectively, violated multiple provisions of the FCRA, including, but not limited to" various provisions of Sections 1681e, 1681g and 1681i.[22] Some of the allegations related to these provisions refer to "failure of the CRAs" and therefore appear to be limited to the CRA defendants.[23] However, other allegations related to these provisions state that "[d]efendants, individually and collectively," committed violations, that the "furnisher defendants" including CEI verified inaccurate information without conducting an investigation, and that "defendants' actions" damaged plaintiff's credit worthiness.[24] Therefore, while not a model of clarity, Plaintiff's Third Amended Complaint appears to be alleging CEI's liability based on violations of Sections 1681e, 1681g and 1681i of the FCRA.

If so, then such claims are subject to dismissal because CEI is not a CRA. Section 1681c-2 of the FRCA is expressly limited to consumer reporting agencies.[25] Similarly, Section 1681e applies to consumer reporting agencies as well as persons who procure consumer reports for purposes of reselling them.[26] Likewise, Section 1681i imposes obligations solely upon consumer reporting agencies or resellers.[27] Plaintiff does not allege that CEI is a CRA or reseller, but rather alleges that CEI is a furnisher and a utility provider.[28] Thus, any claims against CEI pursuant to Sections 1681c(2), 1681e, and 1681i of the FCRA should be dismissed.

Other courts have dismissed claims brought under these provisions against defendants who were not consumer reporting agencies. See *Jolly v. Academy Collection Service, Inc.*[29] In *Jolly*,

---

[22] Rec. Doc. 221, Third Amended Complaint, ¶ 438.
[23] *Id.*
[24] *Id.* ¶¶ 438, 441-442.
[25] 15 U.S.C. § 1681c-2 (West 2026).
[26] *Id.* § 1681e.
[27] *Id.* § 1681i.
[28] Rec. Doc. 221, Third Amended Complaint, ¶ 40.
[29] 400 F. Supp. 2d 851 (M.D.N.C. 2005).

6

plaintiffs asserted claims against a bank and a debt collecting company, alleging violations of Sections 1681c, 1681e and 1681i of the FCRA.[30] The court noted that "a simple reading of these statutes reveals that, by their unambiguous terms, they apply to "consumer reporting agencies."[31] The court further noted that "[c]ompanies that report information based on their own experience with customers are not credit reporting agencies."[32] Accordingly, the court dismissed plaintiffs' FCRA claims.[33]

As in *Jolly*, Plaintiff's allegations against CEI describe it as a company reporting its own experience with Plaintiff, not a consumer reporting agency.[34] Therefore, Plaintiff fails to state a claim against CEI pursuant to Sections 1681c-2, 1681e and 1681i of FCRA, and those claims should be dismissed with prejudice.

### IV. To the Extent Asserted Against CEI, All Claims Pursuant to the FDCPA Should be Dismissed

Plaintiff's Fair Debt Collection Practices Act (FDCPA) claims appear to be primarily directed to the debt collector defendants. However, in some instances plaintiff's allegations are so vague and open ended that it is not clear which defendants are being sued under FDCPA or designated as "debt collectors." For example, in one instance plaintiff identifies LVNV, Resurgent and Jefferson Capital as debt collectors.[35] However, the Third Amended Complaint also refers to unidentified "other debt collector defendants" and vaguely states that "several defendants qualify as debt collectors under the FDCPA."[36] The Complaint also collectively accuses defendants of

---

[30] *Jolly*, 400 F. Supp. 2d at 858-59.
[31] *Id*. at 858.
[32] *Id*.
[33] *Id*. at 860.
[34] Rec. Doc. 221, Third Amended Complaint, ¶¶ 413-436.
[35] *Id*. ¶¶ 41, 135, 153, 283, 285, and heading on p. 86.
[36] *Id*. ¶16 and heading on p. 86.

7

violations of "multiple federal and state consumer protection statutes, including the FDCPA." Therefore, the Complaint can be construed as attempting to assert a FDCPA claim against CEI.

Any FDCPA claims against CEI must be dismissed because plaintiff does not and cannot allege that CEI is a debt collector. Claims under FDCPA may only be brought against debt collectors, which are defined as persons who regularly collect or attempt to collect debts owed to others.[37] The term does not include a consumer's creditors and does not include debt owners seeking to collect debts owed to themselves.[38] Plaintiff alleges that he had an account with CEI that he never authorized.[39] He does not allege that CEI attempted to collect a debt on behalf of another. Rather, he alleges that CEI attempted to collect a debt owed to itself, including the reporting of the debt to the consumer reporting agencies.[40] Plaintiff fails to state a claim against CEI under the FDCPA. Therefore, any claims asserted against CEI under the FDCPA should be dismissed with prejudice.

### V. To the Extent Asserted Against CEI, All Claims Under LUTPA and All State Law Claims Not Based on Malice or Willful Intent Should be Dismissed

To the extent plaintiff asserts claims pursuant to the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA")[41] and other state law claims based on any standard other than malice or willful intent, such claims should be dismissed because they are preempted. Ordinarily, an amended complaint supersedes prior complaints unless the prior complaints are

---

[37] 15 USC 1692a(6) (West 2026); *Henson v. Santander Consumer USA, Inc.*, 582 U.S. 79, 81 (2017).
[38] *McZeal v. Louisiana*, 2021 WL 4163988 (M.D. La. 2021).
[39] Rec. Doc. 221, Third Amended Complaint, ¶36
[40] *Id.* ¶¶ 409-436.
[41] La. R.S. § 51:1401 *et. seq.* (West 2026). This statute was formerly known as the Louisiana Unfair Trade Practices Act, and is still commonly referred to by the now-familiar acronym "LUTPA" despite the name change. Accordingly, CEI will refer to the statute as "LUTPA" herein.

2205175

adopted or incorporated by reference.[42] Plaintiff's Second Amended Complaint included state law claims based on LUTPA, negligence and defamation.[43] Plaintiff's Third Amended Complaint does not incorporate the prior complaints by reference, nor does it expressly reference LUTPA, defamation or Louisiana negligence law.  However, the Third Amended Complaint still asserts that defendants, including CEI, violated "multiple federal and state consumer protection statutes," and that such violations were "repeated, systemic, willful and negligent."[44] The Third Amended Complaint also alleges that "each defendant" violated "applicable Louisiana Consumer Protection laws, and that the Court has supplemental jurisdiction over plaintiff's Louisiana state law claims."[45] Therefore, the Third Amended Complaint can still be construed to assert claims under LUTPA, as well as Louisiana state law claims sounding in negligence and willful conduct.

To the extent the Third Amended Complaint asserts LUTPA claims, those claims should be dismissed because they are preempted under the FCRA. The FCRA contains two preemption provisions, Section 1681t and Section 1681h(e).  Section 1681t provides that no requirement or prohibition may be imposed under the laws of any state with respect to any subject matter regulated under Section1681s-2, which relates to the responsibilities of persons who furnish information to consumer reporting agencies.[46]  Section 1681h(e) provides that no consumer may bring an action in defamation based on the reporting of false information unless it was furnished with malice or willful intent to injure.[47]

---

[42]     *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).
[43]     Rec. Doc. 152, Second Amended Complaint ¶¶ 245, 257-262.
[44]     Rec. Doc. 221, Complaint ¶ 1.
[45]     *Id*. ¶¶ 11, 33.
[46]     15 U.S.C. § 1681t(b)(1)(F) (West 2026); *Floyd v. Wells Fargo Home Mortgage Co.*, 848 F.Supp.2d 635, 642-43 (E.D. La. 2012).
[47]     15 U.S.C. § 1681h(e) (West 2026).

2205175

Courts have taken three approaches to reconciling these two preemption provisions. For example, *Floyd v. Wells Fargo Home Mortg. Co.*,[48] a decision from this Court discusses the three approaches. The first approach, or the "total preemption" approach holds that §1681t subsumes §1681h(e), such that all state law claims are preempted.[49] The second approach, or the "statutory" approach, holds that §1681t preempts states statutes, while §1681h(e) preempts state tort claims other than claims based on malice or willful intent.[50] The third approach, or the "temporal" approach, holds that claims arising before a furnisher of information is notified of a dispute are governed by Section1681h(e), while claims that arise after a furnisher is notified of a dispute are governed by §1681t.[51]

In *Floyd*, this Court did not adopt any of the three approaches, because the Court found that "the exact legal theory sued upon is unclear at this stage," and therefore it could not determine whether any claims were preempted by FCRA.[52] However, the Middle District has adopted the temporal approach.[53] The Western District has adopted the statutory approach, in *James v. MRC Receivables Corp.*[54] Although the Fifth Circuit has not expressly adopted any of these approaches, at least two district courts, including *James*, have found that the Fifth Circuit has implicitly adopted the statutory approach.[55] The *James* court found that the statutory approach was the "best of the three approaches." The *James* court also noted that the temporal approach is not supported by the

---

[48]     848 F. Supp. 2d 635, 644 (E.D. La. 2012) ; *James v. MRC Receivables Corp.*, 2018 WL 3213147 (W.D. La. 2018). The *Floyd* Court used the terms "first," "second," and "third," approaches, while the *James* court used the terms "total preemption," "temporal" and "statutory" approaches.
[49]     *Id.*
[50]     *Floyd*, 848 F. Supp. 2d at 644, *James*, 2019 WL at * 8.
[51]     *Id.*
[52]     *Floyd*, 848 F.Supp. 2d at 644-45.
[53]     *Bank One, N.A.*, 294 F. Supp. 2d at 868-69.
[54]     *James*, 2018 WL at * 8.
[55]     *Id.* at * 9.

language of the FCRA, and has the "odd" effect of providing more protection to furnishers of information <u>after</u> receiving notice of a dispute than before.[56] Of the three approaches, the statutory approach is the most favored approach among Louisiana district courts, and has been at least implicitly recognized by the Fifth Circuit. Therefore, this Court should apply the statutory approach in determining which of Plaintiff's claims are preempted.

Plaintiff's unfair trade practices claims are based on "Louisiana consumer-protection laws," which are contained in LUTPA.[57] Therefore, pursuant to the statutory approach, they are preempted. Furthermore, pursuant to the statutory approach, any other state law claims not based on malice or willful intent are preempted, whether based on defamation or general tort law. Thus, all plaintiff's claims under LUTPA, and all state law claims other than those based on malice or willful intent, should be dismissed.

## **CONCLUSION**

The claims discussed herein fail as a matter of law, because they are either preempted, enforceable solely by state and federal agencies, or not properly asserted against CenterPoint Energy, Inc. Plaintiff's failure to state a claim under these theories is clear from the face of the Complaint, and any amendment would be futile. Accordingly, CenterPoint Energy, Inc. prays that its Rule 12(b)(6) Motion to Dismiss be granted, and that plaintiff's claims pursuant to Sections 1681s-2(a), 1681c-2, 1681e and 1681i of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Louisiana Unfair Trade Practices and Consumer Protection Law, as well as

---

[56] *James*, 2018 WL at * 8-9.
[57] Rec. Doc. 221, Third Amended Complaint, ¶ 33.

all state law claims other than those based on malice or willful intent, be dismissed, with prejudice, at plaintiff's cost.

Respectfully Submitted,

PLAUCHÉ MASELLI PARKERSON LLP

*/s/ Scott H. Mason*
_____
James K. Ordeneaux (#28179)
Scott H. Mason (#29329)
701 Poydras Street, Suite 3800
New Orleans, LA 70139
Tel: (504) 582-1142
Fax: (504) 582-1172
jordeneaux@pmpllp.com
smason@pmpllp.com
COUNSEL FOR CENTERPONT ENERGY, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record on this 2nd day of March, 2026 via the Court's CM/ECF system, which will send notification of such filing to all counsel of record. I further certify that a copy of the foregoing was sent via U.S. Mail to:

Taiujuan Burches
42520 Richard Road
Ponchatoula, LA 70454
832-946-1754
*Pro se plaintiff*

*/s/ Scott H. Mason*
_____

12

2205175