UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAIUJUAN BURCHES,**<br>        **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-804** |
| **EQUIFAX INFORMATION SERVICES, LLC, ET AL.,**<br>        **Defendants** | **SECTION: "E" (5)** |

### ORDER

Comenity Bank filed a Motion to Compel Arbitration and Stay,[1] and Plaintiff filed an opposition to the motion[2] and a sur-reply he titled an opposition,[3] attaching a sworn declaration that he did not apply for, authorize, or open any credit card with Comenity Bank and did not sign any written agreement, electronic contract, or arbitration agreement with Comenity Bank.[4]

Plaintiff requests the Court set a bench trial pursuant to 9 U.S.C. § 4 to determine whether a valid arbitration agreement exists between Plaintiff and Comenity Bank. The Federal Arbitration Act ("FAA") directs that "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, … the court shall hear and determine such issue."[5] Where a jury trial has not been demanded, a district court may satisfy its duty under § 4 by holding an evidentiary hearing.[6] Plaintiff has not demanded a jury trial to determine the validity of the

---

[1] R. Doc. 266.
[2] R. Doc. 271.
[3] R. Doc. 277.
[4] R. Doc. 277-2.
[5] 9 U.S.C. § 4.
[6] *See Chester v. DirecTV, L.L.C.*, 607 Fed.Appx. 362, 365 (5th Cir.2015).

1

Agreement.[7] Accordingly, the Court must decide whether, based on the evidentiary record, the question of making of the Agreement is in issue before the Court; if it is not, the Court may turn to the merits.[8] However, if the making of the Agreement is in issue, the Court must decide whether an evidentiary hearing is required for a merits resolution.

In this case, there are genuine issues of material fact related to the making of the Agreement, specifically Plaintiff submitted a sworn declaration disputing that he entered into an agreement.[9] Because of this, the Court concludes that a hearing is required.

Defendant Wayfair, Inc. and Plaintiff must exchange by email any exhibits they intend to use at trial pursuant to 9 U.S.C. § 4 by Monday, May 4, 2026, at 5:00 p.m. Accordingly,

**IT IS ORDERED** that a trial before the Court pursuant to 9 U.S.C. § 4 is **SET** for **Monday, May 11, 2026, at 9:00 a.m.**

**IT IS FURTHER ORDERED** that Defendant and Plaintiff exchange by email any exhibits intended for use at the trial pursuant to 9 U.S.C. § 4 by **Monday, May 4, 2026, at 5:00 p.m.**

**New Orleans, Louisiana, this 2nd day of March, 2026.**

                                                  **SUSIE MORGAN**
                              **UNITED STATES DISTRICT JUDGE**

**Clerk to Provide Copy by Mail and Email to:**

**Taiujuan Burches**
42520 Richard Road
Ponchatoula, LA 70454
taiujuan87@gmail.com

---

[7] R. Doc. 271; R. Doc. 277.
[8] *See* 9 U.S.C. § 4.
[9] R. Doc. 277-2.