UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAIUJUAN BURCHES | CIVIL ACTION |
| VERSUS | NO. 25-804 |
| EQUIFAX INFORMATION SERVICES, LLC, ET AL. | SECTION "E" (5) |

# **NOTICE TO COUNSEL AND PRO SE LITIGANTS:**

The deadlines set forth herein are not "suggestions" but <u>firm</u> deadlines which will be strictly enforced.

The Court will <u>not</u> grant motions (whether opposed or unopposed) to continue these deadlines except under rare and extraordinary circumstances, and at the Court's sole discretion.

SCHEDULING ORDER

A Preliminary Conference was held **March 2, 2026**.

Issue is not joined as to all parties before the Court. Jurisdiction and venue are established.

Counsel shall complete all disclosure of information as follows:

**Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) have not been completed and must be exchanged no later than March 16, 2026.**

**IT IS ORDERED** that counsel are to contact the assigned Magistrate Judge prior to the status conference for the purpose of scheduling a settlement conference which must be held not later than two weeks prior to the pretrial conference. All counsel shall share responsibility for scheduling this conference and shall be subject to possible sanctions for failure to timely set a convenient date and time on the calendar of the assigned Magistrate Judge. The conference shall be timely set and held regardless of pending motions, anticipated rulings, or any other deadlines set in this matter. Only the Magistrate Judge, in his or her discretion, shall have the authority to cancel and/or reset the settlement conference.

**Whenever a case is settled or otherwise disposed of, counsel must immediately inform the clerk's office, the judge to whom the case is allotted, and all persons subpoenaed as witnesses. If a case is settled as to fewer than all parties or all claims, counsel must identify and inform the Court of the remaining parties and unsettled claims.**

Written reports of experts, as defined by Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs, including any physician's opinion and testimony necessitating the use of information learned beyond the scope of the plaintiff's treatment, fully setting forth all matters about which they will testify and the basis therefor, shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than **July 2, 2026.**

Written reports of experts, as defined by Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Defendants, including any physician's opinion and testimony necessitating the use of information learned beyond the scope of the plaintiff's treatment, setting forth all matters about which they will testify and the basis therefor, shall be obtained and delivered to counsel for Plaintiff as soon as possible, but in no event later than **August 4, 2026.**

With respect to treating physicians, as long as the physician's opinion and testimony are derived from information learned during the course and scope of the plaintiff's treatment, the physician is required to produce only an expert disclosure pursuant to Rule 26(a)(2)(C). Disclosure of such treating physicians must be provided to counsel for Defendant as soon as possible, but in no event later than **August 4, 2026,** by listing the physician in the list of witnesses due that date.

Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial and all exhibits which may or will be used at trial no later than **August 4, 2026.** The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with

3

this order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

Depositions for trial use shall be taken and all discovery shall be completed not later than **August 27, 2026. Failure to comply with this order may result in sanctions pursuant to Rule 37.**

All non-evidentiary pretrial motions may be filed as soon as practicable, but must be filed and served not later than **September 3, 2026** to permit a submission date on or before **September 18, 2026.** Hard copy deposition transcripts submitted in support of motions are to be double spaced and on single sided pages. Electronic versions of deposition transcripts shall be in uncompressed format as a searchable PDF. All attachments submitted in support of motions must be legible.

**In addition, the Court reiterates that Local Rules 56.1 and 56.2 require that every motion for summary judgment must be accompanied by:**

**A separate and concise statement of the material facts which the moving party contends present no genuine issue of material fact. This statement must be limited to facts only and is not to include any argument. This statement of undisputed material facts must be supported by specific reference to record evidence supporting each statement. Citations to record evidence shall indicate, whenever applicable, an exhibit reference, page reference, line reference (for depositions), and record document number reference. Record evidence not specifically referred to by the parties may not be considered by the Court.**

**In addition to any opposition filed, a party opposing a motion for summary judgment:**

**Must attach a response to the moving party's statement of undisputed material facts specifically responding to each individual statement of fact by admitting or denying each statement. This statement must be limited to facts only and is not to include any argument. Each response admitting or denying an individual statement of undisputed material fact must be supported by specific reference to record evidence supporting each response. Citations to record evidence shall indicate, whenever applicable, an exhibit reference, page reference, line reference (for depositions), and record document number reference. Record evidence not specifically referred to by the parties may not be considered by the Court.**

**In addition to any opposition filed, a party opposing a motion for summary judgment:**

**May attach a separate and concise statement of the material facts which the opponent contends present a genuine issue of material fact. This statement must be limited to facts only and is not to include any argument. If the opponent chooses to attach a separate statement of material facts in dispute, each statement must be supported by specific reference to record evidence supporting each statement of material fact. Citations to record evidence shall indicate, whenever applicable, an exhibit reference, page reference, line reference (for depositions), and record document number**

**reference. Record evidence not specifically referred to by the parties may not be considered by the Court.**

**The Court will not consider motions for summary judgment that do not comply with these Rules.**

Motions *in limine* regarding the admissibility of expert testimony also shall be filed and served as soon as practicable, but must be filed and served no later than **September 3, 2026** to permit a submission date on or before **September 18, 2026**.

All other motions *in limine* and memoranda in support shall be filed on or before **October 15, 2026**, and responses thereto shall be filed on or before **October 22, 2026.**

Motions filed in violation of this order will not be considered unless good cause is shown. Pursuant to Local Rule 7.5, any reply brief in support of a motion shall be filed no later than 4:00 p.m., two working days before the noticed submission date. The Court will not consider any additional responses after the reply unless good cause is shown.

Dispositive motions and all motions in *limine* (expert and otherwise) shall conform to the following requirements in addition to those found in the Local Rule. **Any brief or memorandum that has more than 10 pages must contain all items listed below. Briefs and memoranda that are 10 pages or less must contain items (3), (4), (6), and (7) listed below**:

(1)   A table of contents setting forth the page number of each section, including all headings designated in the body of the brief or memorandum.

(2)   A table of citations of cases, statutes, rules, textbooks, and other authorities alphabetically arranged.

(3)   A short statement of the nature and stage of the proceeding.

(4)   A statement of the issues to be ruled on by the Court and, with respect to each issue, a short statement, supported by authority, of the standard of review.

(5)   A short summary of argument.

(6)   The argument shall be divided under appropriate headings succinctly setting forth separate points.

(7)   A short conclusion stating the precise relief sought.

**Any motion containing more than 50 pages (including all exhibits and attachments) shall be submitted to the Court in a binder, with tabs for exhibits, within 72 hours of filing on CM/ECF.** The hard copy of the submissions must be printed from CM/ECF so that the CM/ECF document header appears on all pages indicating the case number, record document number, filing date, and page number. The cover of the binder must include the case name, case number, document name, and record document number. If there are more than five (5) exhibits and attachments, the binder must include a table of contents describing each exhibit and attachment and listing which tab corresponds to each exhibit or attachment.

A Final Pretrial Conference will be held on **October 19, 2026 at 8:00 a.m.** Counsel shall be prepared in accordance with the final Pretrial Notice attached. The pretrial order must be filed by 5:00 p.m. on a day that allows two full working days prior to the conference, excluding Saturdays, Sundays, and holidays. The pretrial order submitted to the Court must be double spaced and signed by all counsel. The parties shall comply with all deadlines stated in the pretrial notice and herein, including without

limitation, the deadline for filing briefs on objections to exhibits and on objections to deposition testimony.

Trial will commence **the week beginning Monday November 2, 2026 at 9:00 a.m.** before the District Judge **with a jury**. Attorneys are instructed to report for trial not later than 30 minutes prior to this time. Trial is estimated to last **5 days.**

Deadlines, cut-off dates, or other limits fixed herein may be extended only by the Court upon timely motion filed in compliance with the Local Rules and upon a showing of good cause. **Trial will not be continued, even on joint motion, absent good cause or compelling reason.** Likewise, trial will not be continued because of the unavailability of a witness. Counsel should anticipate such possibilities and be prepared to present testimony by written deposition, videotaped deposition, or by stipulation. If, however, a continuance of the trial is granted, deadlines and cut off dates may be re-set by the Court.

The pretrial deadlines in this case, as set forth **herein** and in the **attached pretrial notice**, include the following. Counsel are to consult the pretrial notice for additional detail.

| Initial disclosures | Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) have not been completed and must be exchanged no later than **March 16, 2026** |
|---|---|
| Settlement Conference | The parties must contact the assigned Magistrate Judge for the purpose of scheduling a settlement conference which must be held not later than two weeks prior to the pretrial conference |
| Plaintiff's expert reports | Delivered to defense counsel by **July 2, 2026** |

| Defendant's expert reports | Delivered to plaintiff's counsel by **August 4, 2026** |
|---|---|
| Witness lists<br><br>Each witness must be identified by name and address. The listing of a witness as a representative of an entity is not sufficient<br><br>***See* pretrial notice at pp. 7-8** | Filed and served upon opponents by **August 4, 2026** |
| Exhibit lists<br><br>Each exhibit must be listed with specificity and be Bates numbered. Broad, general categories of exhibits are not sufficient<br><br>***See* pretrial notice at pp. 4-6** | Filed and served upon opponents by **August 4, 2026** |
| Depositions and discovery<br><br>**Failure to comply with this order may result in sanctions pursuant to Rule 37** | Completed by **August 27, 2026** |
| Non-evidentiary pretrial motions and motions in limine regarding the admissibility of expert testimony<br><br>***See* pretrial notice at pp. 6-7 regarding the format of depositions** | Filed and served no later than **September 3, 2026**<br><br>(in sufficient time to permit a submission date on or before **September 18, 2026**) |
| Responses/oppositions to non-evidentiary pretrial motions and motions in limine regarding the admissibility of expert testimony | Filed and served no later than **September 10, 2026** |
| Pretrial order | Filed by **October 14, 2026** at **5:00 p.m.** |

| | |
|---|---|
| Any exhibits to be used solely for impeachment must be presented to the Court for in camera review by this deadline<br><br>**See Section IX, subpart 10.b of the pretrial notice at p. 5** | Filed by **October 14, 2026** at **5:00 p.m.** |
| Motions in limine (other than those regarding the admissibility of expert testimony) and memoranda in support | Filed no later than **October 15, 2026** at **5:00 p.m.** |
| Pretrial conference<br><br>**Attended by lead attorney (*See Local Rule 11.2*)** | **October 19, 2026 at 8:00 a.m.** |
| Responses to motions in limine | Filed by **October 22, 2026** at **5:00 p.m.** |
| Final list of witnesses to be called at trial | Filed no later than **October 26, 2026** at **5:00 p.m.** |
| Joint statement of the case<br><br>*See* **pretrial notice at p. 8** | Filed by **October 26, 2026** at **5:00 p.m**. |
| Joint jury instruction (or if agreement cannot be reached, counsel shall provide alternate versions with respect to any instruction in dispute, with reasons for putting forth an alternative instruction and the law in support thereof<br><br>*See* **pretrial notice at pp. 8-9** | Filed, emailed, and delivered to the Court by **October 26, 2026** at **5:00 p.m.** |
| Joint proposed jury verdict form (or if agreement cannot be reached, separate proposed jury verdict forms and a joint memorandum explaining the disagreements between the parties as to the verdict form)<br><br>*See* **pretrial notice at p. 9** | Filed and emailed to the Court by **October 26, 2026** at **5:00 p.m**. |

| | |
|---|---|
| Proposed special voir dire questions<br><br>***See* pretrial notice at p. 9** | Filed by **October 26, 2026** at **5:00 p.m**. |
| Two copies of joint bench book(s) of tabbed exhibits, with indices of "objected-to" and "unobjected-to" exhibits, identifying which party will offer each exhibit and which witness will testify regarding the exhibit at trial<br><br>***See* pretrial notice at pp. 5-6** | Delivered to the Court by **October 26, 2026** at **5:00 p.m.** |
| Objections to exhibits and supporting memoranda<br><br>**NOTE:** Each objection must identify the relevant objected-to exhibit by the number assigned to the exhibit in the joint bench book(s)<br><br>***See* pretrial notice at pp. 4-5** | Filed by **October 26, 2026** at **5:00 p.m.** |
| Objections to deposition testimony and supporting memoranda<br><br>***See* pretrial notice at pp. 6-7 with particular attention to instructions regarding the format of depositions** | Filed and delivered to the Court by **October 26, 2026** at **5:00 p.m**. |
| Responses to objections to exhibits<br><br>***See* pretrial notice at p. 5** | Filed by **October 28, 2026** at **5:00 p.m**. |
| Responses to objections to deposition testimony<br><br>***See* pretrial notice at p. 7** | Filed by **October 28, 2026** at **5:00 p.m**. |

| | |
|---|---|
| If counsel intends to ask questions on cross-examination of an economic expert which require mathematical calculations<br><br>*See* **pretrial notice at p. 8** | The factual elements of such questions shall be submitted to the expert witness by **October 28, 2026** at **5:00 p.m.** |
| Copies of any charts, graphs, models, schematic diagrams, and similar objects intended to be used in opening statements or closing arguments<br><br>*See* **pretrial notice at pp. 6-7** | Provided to opposing counsel by **October 28, 2026 at 5:00 p.m.** |
| Objections to any charts, graphs, models, schematic diagrams, and similar objects intended to be used by opposing counsel in opening statements or closing arguments<br><br>*See* **pretrial notice at p. 7** | Filed by **October 29, 2026** at **5:00 p.m.** |
| Jury trial<br><br>Whenever a case is settled or otherwise disposed of, counsel must immediately inform the clerk's office, the judge to whom the case is allotted, and all persons subpoenaed as witnesses. If a case is settled as to fewer than all parties or all claims, counsel must identify and inform the Court of the remaining parties and unsettled claims<br><br>*See* **Local Rule 16.4** | **November 2, 2026 at 9:00 a.m.**<br>(estimated to last **5** days) |

**IT IS FURTHER ORDERED** that food and/or drink (including bottled water) shall be prohibited from the Section "E" courtroom (and any other designated "overflow" location); likewise, attendees shall refrain from chewing gum and wearing hats and/or

sunglasses in the Section "E" courtroom and shall remove same upon entry. Eating, smoking, and/or reading newspapers or other impertinent books, magazines, etc. in the Section "E" courtroom is strictly prohibited.

**IT IS FURTHER ORDERED** that any attempt to comment on or portray (positively or negatively) an opinion of the evidence, a witness, the attorneys, or the position of any party to these court proceedings through physical gestures; facial expressions; audible reactions; or pre-planned, organized or orchestrated selection of attire in the courtroom, shall be prohibited. Offenders shall summarily be excused from the courtroom, sanctioned, or both.

SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

Issued for the Court by:

Brad Newell
Case Manager - Section "E"
504-589-7714