**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TAIUJUAN BURCHES,**<br>        **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  25-804** |
| **EQUIFAX INFORMATION**<br>**SERVICES, LLC, ET AL.,**<br>        **Defendants** | **SECTION: "E" (5)** |

## <u>ORDER</u>

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant CenterPoint Energy, Inc. ("CEI").[1] CEI seeks dismissal of Plaintiff Taiujuan Burches's Third Amended Complaint as to: (1) Plaintiff's claims under 15 U.S.C. § 1681s-2(a),[2] (2) Plaintiff's claims against CEI under 15 U.S.C. §§ 1681c, 1681e, and 1681i; (3) Plaintiff's claims against CEI under the Fair Debt Collection Practice Act ("FDCPA"); (4) Plaintiff's claim against CEI under the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA"); and (5) all other state-law claims against CEI based on standards of conduct other than malice or willful intent.[3] Plaintiff filed an Opposition.[4] CEI did not file a Reply.

The Court sets forth only the background relevant to the instant Motion. On January 27, 2026, CEI filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)4 and 12(b)5), seeking dismissal on the grounds that Plaintiff failed to timely request

---

[1] R. Doc. 289.

[2] R. Doc. 289 at p. 1. CEI requests the Court dismiss all of Plaintiff's claims asserted in this action under 168s-2(a), arguing "there is no private right of action under that subsection as a matter of law. R. Doc. 289-1 at p. 4. To the extent CEI seeks dismissal of § 1681s-2(a) claims asserted against any other Defendant, that request is denied. The Court will address only the claims asserted against CEI and declines to dismiss claims against non-moving Defendants that have not been briefed.

[3] R. Doc. 289-1 at pp. 1-2.

[4] R. Doc. 298.

service and failed to serve process on CEI.[5] At a Zoom status conference held on January 28, 2026, Plaintiff requested leave to effectuate service on CEI in response to the Motion.[6] The Court granted Plaintiff leave to do so and informed CEI that, "if Plaintiff timely files proof of proper service, its Motion to Dismiss for Insufficiency of Service of Process will be denied as moot."[7] Plaintiff timely filed proof of service of process, and counsel for CEI confirmed that CEI had been properly served.[8] Accordingly, the Court denied CEI's Motion with prejudice.[9]

On March 2, 2026, CEI filed the instant Motion to Dismiss.[10] In a footnote, CEI makes clear that it "is not seeking to dismiss claims based on Section 1681s-2(b) of FCRA or state law claims other than LUTPA based on malice or willful intent."[11] In his Opposition, Plaintiff clarifies that his claim against CEI arises only under 15 U.S.C. § 1681s-2(b).[12] Plaintiff does not address CEI's arguments for dismissal of claims under §§ 1681s-2(a), 1681c-2, 1681e, 1681g, or 1681i, the FDCPA, LUTPA, or state-law claims based on standards of conduct other than malice or willful intent. Nor does Plaintiff identify any state-law claim based on malice or willful intent that he seeks to preserve. Accordingly, because CEI does not seek dismissal of § 1681s-2(b) claim, the only claim Plaintiff states he is asserting, and because Plaintiff offers no argument opposing dismissal of the remaining claims challenged by CEI, the Court will grant the Motion.

Accordingly,

---

[5] R. Doc. 39.
[6] R. Doc. 274 at p. 3.
[7] *Id.*
[8] R. Doc. 281; R. Doc. 282.
[9] R. Doc. 283.
[10] R. Doc. 289.
[11] R. Doc. 289-1 at p. 2 n. 1.
[12] R. Doc. 298 at p. 2.

**IT IS ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims asserted against CEI under 15 U.S.C. § 1681s-2(a) are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's claims asserted against CEI under 15 U.S.C. §§ 1681c, 1681e, and 1681i are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's claims asserted against CEI under the FDCPA are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's claims asserted against CEI under LUTPA are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's state-law claims asserted against CEI are **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 5th day of May, 2026.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

3