**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TAIUJUAN BURCHES,**<br>                    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  25-804** |
| **EQUIFAX INFORMATION**<br>**SERVICES, LLC, ET AL.,**<br>                    **Defendants** | **SECTION: "E" (5)** |

## ORDER AND REASONS

The Court ordered Taiujuan Burches to appear and show cause why he should not be sanctioned for his failure to comply with Federal Rule of Civil Procedure 11(b)(2). Mr. Burches appeared before the Court on Monday, May 11, 2026, at 9:00 a.m.

## BACKGROUND

Plaintiff has repeatedly filed briefs containing fabricated, inaccurate, or unverifiable legal citations. The issue first arose in connection with Plaintiff's Motion for Leave to File a Third Amended Complaint,[1] when Defendant Trans Union LLC ("Trans Union") filed an *Ex Parte* Motion for Leave to File a Surreply,[2] representing that "[a] closer examination of Plaintiff's Motion reveals Plaintiff's reliance on fabricated and/or non-existent legal authorities."[3] The Court granted the Motion,[4] and Trans Union's Surreply was filed onto the record.[5] The Court then set oral argument on the Motion.[6] Before oral argument, Plaintiff filed a Notice of Clarification admitting the citations in his Reply were fabricated and apologizing for the error.[7]

---

[1] R. Doc. 169.
[2] R. Doc. 188.
[3] *Id.* at p. 2.
[4] R. Doc. 189.
[5] R. Doc. 190.
[6] R. Doc. 195.
[7] R. Doc. 200.

1

At oral argument, the Court addressed the admittedly fabricated citations with Plaintiff.[8] The Court declined to sanction Plaintiff at that time based on his *pro se* status but cautioned Plaintiff that any future filings containing fabricated citations would result in sanctions against him personally.[9] The Court then ordered Plaintiff to review all his filings in this action to date to determine whether any other citations he had included in his previous filings were "fabricated" and to send a letter to the Court by Monday, November 24, 2025, at 5:00 p.m., informing the Court of the results of his review.[10] Plaintiff sent an email to the Court on November 23, 2025, in which he identified three additional incorrect citations and fabrications in his various filings.[11]

Despite that warning, Plaintiff filed an Opposition to Comenity Bank's Motion to Compel Arbitration containing additional incorrect citations and fabrications.[12] On March 2, 2026, the Court ordered Plaintiff to appear on Monday, May 11, 2026, at 9:00 a.m., to show cause as to why he should not be sanctioned for his failure to comply with Federal Rule of Civil Procedure 11(b)(2) by signing and filing the Memorandum in Opposition to Comenity Bank's Motion to Compel Arbitration without verifying the accuracy of quotations, holdings, and citations therein.[13] Specifically, the Court requested clarification on the source of Plaintiff's quoted language from the Fifth Circuit in *Will-Drill Resources, Inc. v. Samson Resources Co.*[14] and the purported holding of *Hays v. HCA Holdings, Inc.*[15]

After the Court issued the show-cause order, Plaintiff filed another memorandum, this time in opposition to Defendant Trans Union LLC's Motion to Stay Discovery,[16] citing

---

[8] R. Doc. 218.
[9] *Id.* at p. 2.
[10] *Id.*
[11] R. Doc. 311-1.
[12] R. Doc. 271.
[13] R. Doc. 293.
[14] *Id.*
[15] *Id.*
[16] R. Doc. 303.

*Turner v. Murphy Oil USA, Inc.*, 2006 WL 1984362 (E.D. La. July 13, 2006). The Court was unable to locate any case corresponding to that Westlaw citation, and the district court record in *Turner* case, No. 05-4206, does not reflect an order dated July 13, 2006.

## LEGAL STANDARD

Federal Rule of Civil Procedure 11 governs the signing of pleadings, motions, and other papers, representations to the Court, and sanctions. Rule 11(b) states that

> (b) By presenting to the court a pleading, written motion, or other paper-- whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances
>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.[17]

Pursuant to Rule 11(c)(1), "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Pursuant to Rule 11(c)(3), "[o]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."[18] Pursuant to Rule 11(5)(B), "[t]he court must not impose a monetary sanction . . . on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned."[19]

## LAW AND ANALYSIS

Before sanctioning an attorney, the Court must comply with the mandates of due

---

[17] FED. R. CIV. P. 11(b)(2).
[18] *Id.* at (c)(3).
[19] *Id.* at (5)(B).

process, which demand that the party subject to potential sanctions receive notice and an opportunity to be heard.[20] The Court ordered Mr. Burches to appear on May 11, 2026, to show cause why sanctions should not be imposed.[21] The Court provided Mr. Burches notice of the specific conduct at issue and an opportunity to be heard.

The Court finds Mr. Burches's conduct violated Rule 11(b)(2). In determining whether an unrepresented party has complied with Rule 11, courts apply "an objective, not a subjective, standard of reasonableness."[22] "[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts."[23] "At the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely."[24]

At the show cause hearing, Mr. Burches admitted to signing and filing multiple briefs without verifying the accuracy of the citations contained in those briefs. Mr. Burches had previously been expressly warned that further filings containing fabricated citations would result in personal sanctions,[25] and he represented to the Court that he would ensure all future filings contained only accurate and verified citations.[26] Despite that warning and representation, Mr. Burches again submitted briefing containing inaccurate citations that he had not verified. Moreover, after the Court issued its March 2, 2026, Order identifying the citations at issue, Mr. Burches filed yet another brief

---

[20] *Id.* at (c).

[21] R. Doc. 293; R. Doc. 311.

[22] *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 528 (5th Cir. 2016) (citing *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (en banc)).

[23] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

[24] *Gauthier v. Goodyear Tire & Rubber Co.*, No. 23-00281, 2024 WL 4882651, at *2 (E.D. Tex. Nov. 25, 2024) (first quoting *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024); then citing *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023)).

[25] R. Doc. 218 at p. 2.

[26] R. Doc. 311-1 at p. 2.

containing a citation the Court could not verify.

The repeated submission of false or unverifiable legal authority, particularly after an express warning from the Court, falls below the objective standard of reasonableness required by Rule 11. Such conduct undermines the Court's confidence in Mr. Burches's filings, imposes unnecessary burdens on the Court and opposing parties, and interferes with the orderly administration of justice. Sanctions are therefore warranted under Rule 11. Plaintiff was expressly warned at the hearing, and is warned again by this Order, that any future filing containing fabricated authorities, miscited holdings, or false quotations may result in sanctions, including dismissal of this action.

Accordingly,

**IT IS ORDERED** that Taiujuan Burches is **SANCTIONED** for the aforementioned conduct in the amount of **$500**.

**IT IS FURTHER ORDERED** that the sanction is to be paid by **June 10, 2026**, to:

> Clerk, United States District Court
> Eastern District of Louisiana
> 500 Poydras Street, Room C151
> New Orleans, Louisiana 70130

**New Orleans, Louisiana, this 11th day of May, 2026.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

**Clerk to Provide Copy by Mail and Email to:**

**Taiujuan Burches**
42520 Richard Road
Ponchatoula, LA 70454
taiujuan87@gmail.com

5