**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TAIUJUAN BURCHES,**<br>                **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  25-804** |
| **EQUIFAX INFORMATION<br>SERVICES, LLC, ET AL.,**<br>                **Defendants** | **SECTION: "E" (5)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant Trans Union LLC ("Trans Union")[1] and joined by Defendant Experian Information Solutions, Inc. ("Experian"),[2] seeking dismissal of Plaintiff Taiujuan Burches's Third Amended Complaint as to all claims asserted against Trans Union and Experian for failure to state claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*[3] Plaintiff filed an Opposition,[4] and Defendant Trans Union, joined by Experian, filed a Reply.[5] Plaintiff then requested,[6] and the Court granted,[7] leave to file a Sur-reply, which was subsequently filed in the record.[8]

## BACKGROUND

On October 11, 2024, Plaintiff filed suit in the United States District Court for the Middle District of Louisiana, asserting claims against all Defendants under the FCRA and

---

[1] R. Doc. 260.

[2] R. Doc. 268 (Motion requesting the Court permit Experian to join Trans Union's Motion to Dismiss); R. Doc. 270 (Order granting the request and permitting Experian to join Trans Union's Motion to Dismiss). Accordingly, where applicable, any argument made by Trans Union in the Motion to Dismiss is attributed to Experian as well.

[3] R. Doc. 260-1 at pp. 1-2.

[4] R. Doc. 272.

[5] R. Doc. 286.

[6] R. Doc. 297.

[7] R. Doc. 300.

[8] R. Doc. 301.

claims against certain debt collector Defendants (which do not include Trans Union and Experian) under the Fair Debt Collection Practice Act ("FDCPA").[9] On December 30, 2024, Trans Union filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(3), (b)(5), and (b)(6) for improper venue, insufficient service, and failure to state a claim.[10] On April 22, 2025, the Middle District of Louisiana held it is an improper venue for Plaintiff's suit because "none of the defendants reside in the Middle District of Louisiana and . . . Plaintiff . . . failed to make any personal jurisdiction arguments or explain where the acts or omissions of the defendants occurred."[11] Accordingly, the Middle District of Louisiana transferred Plaintiff's action to this Court.[12]

On July 23, 2025, Plaintiff requested,[13] and the Court granted,[14] leave to file a Second Amended Complaint, which was then filed into the record.[15] Experian then answered the Second Amended Complaint,[16] and Trans Union filed a Motion to Dismiss the same.[17] On September 26, 2025, Plaintiff requested leave to file a Third Amended Complaint.[18] Trans Union opposed the request,[19] and Plaintiff filed a reply.[20] Trans Union then filed a Motion for Leave to File a Sur-reply, representing that "[a] closer examination of Plaintiff's Motion reveals Plaintiff's reliance on fabricated and/or non-existent legal authorities," and requested leave "to briefly address the misrepresentations in Plaintiff's

---

[9] R. Doc. 1 at ¶¶ 108-121.
[10] R. Doc. 39.
[11] R. Doc. 105.
[12] *Id.* at pp. 4-5.
[13] R. Doc. 145.
[14] R. Doc. 151.
[15] R. Doc. 152.
[16] R. Doc. 154.
[17] R. Doc. 163.
[18] R. Doc. 169.
[19] R. Doc. 179.
[20] R. Doc. 183.

Motion."[21] On October 20, 2025, the Court granted Trans Union leave to file the Sur-reply,[22] which was then filed into the record.[23]

After reviewing Trans Union's Sur-reply, the Court set oral argument on Plaintiff's Motion for Leave to File a Third Amended Complaint, and warned Plaintiff he "should be prepared to discuss the citations" in the Reply that Trans Union identified as suspicious.[24] At oral argument, the Court granted Plaintiff leave to file a Third Amended Complaint and informed Trans Union that its Motion to Dismiss would be denied without prejudice if Plaintiff filed the Third Amended Complaint into the record.[25] Plaintiff subsequently did so,[26] and the Court then denied Trans Union's Motion to Dismiss without prejudice.[27]

In his Third Amended Complaint, Plaintiff asserts the following claims against the consumer reporting agencies ("CRA") Trans Union and Experian: (1) negligent noncompliance with the FCRA under 15 U.S.C. § 1681$o$, and (2) willful noncompliance with the FCRA under 15 U.S.C. § 1681n.[28] Trans Union, joined by Experian, requests the Court dismiss Plaintiff's claims against them for negligent and willful noncompliance, arguing Plaintiff's claims asserted against them in the Third Amended Complaint fail to state a claim for which relief may be granted.[29]

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss

---

[21] R. Doc. 188 at p. 2.
[22] R. Doc. 189.
[23] R. Doc. 190.
[24] R. Doc. 195. The Court notes that Plaintiff's improper use of AI and hallucinated citations continued. Plaintiff again improperly used AI while preparing his filings, even after being warned by the Court that "any future filing containing fabricated citations will result in sanctions against him personally." R. Doc. 218. On May 11, 2026, the Court sanctioned Plaintiff for his Rule 11 violations. R. Doc. 313; R. Doc. 314.
[25] R. Doc. 217; R. Doc. 218.
[26] R. Doc. 221.
[27] R. Doc. 223.
[28] R. Doc. 221 at ¶¶ 85-120.
[29] R. Doc. 260-1.

a complaint for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[30] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[31] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[32] The Court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[33] Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements"[34] or "naked assertion[s]"[35] devoid of "further factual enhancement,"[36] are not sufficient.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[37] However, "legal conclusions can provide the framework of a complaint, [if] they [are] supported by factual allegations."[38] "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[39] "Although

---

[30] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

[31] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

[32] *Id.*

[33] *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

[34] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).

[35] *Twombly*, 550 U.S. at 557.

[36] *Id.*

[37] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

[38] *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 545.

[39] *Iqbal*, 556 U.S. at 679.

detailed factual allegations are not required," "[d]ismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[40] Whether a plaintiff "will be able to offer sufficient proof to support [his or her] claims is more appropriate in the context of a motion for summary judgment or a trial on the merits" rather than in a motion to dismiss.[41] "[I]ntensive disputes of material fact . . . are usually more appropriate for summary judgment . . . ."[42]

## LAW AND ANALYSIS

**I. Plaintiff asserts claims against Trans Union and Experian under the Fair Credit Reporting Act for negligent and willful noncompliance with the FCRA based on (1) failure to maintain reasonable procedures to ensure maximum accuracy, (2) failure to conduct reasonable reinvestigations, and (3) failure to block identity theft information.**

**A. The FCRA authorizes consumers to bring a civil action against CRAs for negligent and willful noncompliance with the duties imposed by the FCRA.**

"Concerned by 'abuses in the credit reporting industry,' Congress enacted the FCRA"[43] to combat inaccurate credit reporting because "[t]he banking system is dependent upon fair and accurate credit reporting."[44] Congress found that "[i]naccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system."[45] Congress further found "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness,

---

[40] *Cutrer v. McMillan*, 308 Fed.Appx. 819, 820 (5th Cir. 2009) (per curiam) (citations omitted).

[41] *Smith v. GE Healthcare, Inc.*, No. 3:19-CV-00492, 2019 WL 4565246, at *7 (W.D. La. Sept. 4, 2019).

[42] *Dong Phuong Bakery, Inc. v. Gemini Soc'y, LLC*, No. CV 21-1109, 2022 WL 898750, at *5 (E.D. La. Mar. 28, 2022).

[43] *Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 567 (5th Cir. 2020) (citing *St. Paul Guardian Ins. Co. v. Johnson*, 884 F.2d 881, 883 (5th Cir. 1989)).

[44] 15 U.S.C. § 1681(a)(1).

[45] *Id.*

impartiality, and a respect for the consumer's right to privacy."[46] In line with its goal of combatting inaccurate credit reporting, Congress stated the FCRA's purpose is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer."[47] "Where possible, courts construe these obligations consistently with the Act's 'ambitious objective . . . which uses expansive terms to describe the adverse effects of unfair and inaccurate credit reporting and the responsibilities of consumer reporting agencies.'"[48] Consistent with this goal, the Fifth Circuit has held that "[t]he FCRA is to be liberally construed in favor of the consumer."[49]

The FCRA authorizes consumers to bring a civil action against CRAs for negligent noncompliance with duties imposed by the FCRA.[50] Specifically, the FCRA provides that "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of . . . any actual damages sustained by the consumer as a result of the failure" and, "in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees."[51] Actual damages awarded pursuant to the FCRA "may include out-of-pocket monetary losses, injury to credit reputation and mental anguish, humiliation, or embarrassment."[52]

The FCRA also authorizes consumers to bring a civil action against CRAs for willful

---

[46] *Id.* at (a)(4).

[47] *Id.* at (b).

[48] *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279. 285 (5th Cir. 2025) (first quoting *Hammer*, 974 F.3d at 567; and then quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 62 (2007)).

[49] *Wagner v. TRW, Inc.*, 139 F.3d 898, 1998 WL 127812, at *1 (5th Cir. 1998) (unpublished).

[50] 15 U.S.C. § 1681o.

[51] *Id.*

[52] *Childers v. Rent-A-Center East, Inc.*, 751 F.Supp.3d 650, 664 (E.D. La. 2024) (citing *Fischl v. Gen. Motors Acceptance Corp.*, 708 F.2d 143, 151 (5th Cir. 1983)).

noncompliance with the duties imposed by the FCRA.[53] If the violation was willful, the FCRA provides recovery for punitive damages as well as actual damages.[54] "Malice or evil motive need not be established for a punitive damages award, but the violation must have been willful."[55] The Fifth Circuit has held that, generally, to establish willful noncompliance, the CRA must have "knowingly and intentionally committed an act in conscious disregard for the rights of others."[56] A CRA's conduct has been held as willful noncompliance with the FCRA when it involves willful misrepresentations or concealments.[57]

Plaintiff asserts claims against Trans Union and Experian for negligent and willful noncompliance with the FCRA.[58] Trans Union and Experian move to dismiss these claims, arguing: (1) Plaintiff's allegations are conclusory and fail to satisfy the applicable pleading standards; (2) the reported information is accurate based on Plaintiff's own admissions; (3) Plaintiff raises legal disputes that are not objectively verifiable; (4) Plaintiff's request for injunctive relief fails as matter of law; (5) Plaintiff cannot recover for alleged lost business opportunities under the FCRA; and (6) further amendment would be futile.[59]

The Court first addresses Plaintiff's claims against Trans Union and Experian for failure to maintain reasonable procedures to ensure maximum possible accuracy. The Court then turns to Plaintiff's remaining claims against Trans Union and Experian for the alleged failure to conduct reasonable reinvestigations and failure to block identity-theft information.

---

[53] 15 U.S.C. § 1681n.
[54] *Id.* at (a)(2).
[55] *Fischl*, 708 F.2d at 151.
[56] *Pinner v. Schmidt*, 805 F.2d 1258, 1263 (5th Cir. 1986).
[57] *Id.*
[58] R. Doc. 221 at ¶¶ 85-120.
[59] R. Doc. 260-1 at p. 2.

7

**B.** **Plaintiff has stated a claim under 15 U.S.C. § 1681e(b) against Trans Union and Experian for negligent and willful noncompliance with the FCRA by failing to maintain reasonable procedures to ensure maximum accuracy with respect to the Discover/Capital One account.**

First, Plaintiff alleges Trans Union and Experian violated the duty imposed by 15 U.S.C. § 1681e(b),[60] which requires CRAs, when preparing a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."[61] "A plaintiff must prove the following to recover for a claim under § 1681e(b): "(1) the defendant reported inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause of the plaintiff's injury."[62]

"The threshold question under both § 1681e(b) and § 1681i is whether the plaintiff's consumer reports contained inaccurate information."[63] Information is considered inaccurate under the FCRA "either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions."[64] Additionally, to be actionable under the FCRA, an alleged inaccuracy reported by a CRA must be "sufficiently objectively verifiable."[65]

The only alleged inaccuracy sufficiently pleaded with respect to Trans Union

---

[60] R. Doc. 221 at ¶¶ 86-89 (Plaintiff's claim under 15 U.S.C. § 1681e(b) against Trans Union); *Id.* at ¶¶ 105-108 (Plaintiff's claim under 15 U.S.C. § 1681e(b) against Experian).

[61] 15 U.S.C. § 1681e(b).

[62] *Iraheta v. Equifax Info. Servs., LLC*, Case No. 5:17-cv-1363, 2018 WL 3770295, at *3 (W.D. La. 2018) (citing *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 844 (6th Cir. 2004)). *See also Harter v. RealPage, Inc.*, 218 F. Supp. 3d 535, 540-41 (E. D. Tex. 2016 (providing roughly the same elements).

[63] *Dill v. Experian Info. Sols. Inc.*, Civil Action No. 3:23-CV-1399-G-BW, 2026 WL 958784, at *8 (N.D. Tex. 2026) (citing *Reyes*, 140 F.4th at 286).

[64] *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998).

[65] *Reyes*, 140 F.4th at 288 (citing *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 270 (2d Cir. 2023)).

concerns the account originally reported by Trans Union under Discover Financial Services ("Discover"). Plaintiff's allegation of inaccuracy rests upon the well-known relationship between Discover and Capital One, N.A. ("Capital One"). The Court takes judicial notice that, on May 18, 2025, Capital One completed its acquisition of Discover.[66] That fact does not, standing alone, establish that Trans Union reported inaccurate information. It does, however, provide the context necessary to evaluate Plaintiff's allegation that the same account was reported with conflicting creditor identities following the Capital One acquisition.

Plaintiff alleges Trans Union "repeatedly published and maintained inaccurate, contradictory, fraudulent, and mixed-file information," including a "false Discover/Capital One tradeline[.]"[67] Plaintiff further alleges "[t]he account originally reported under Discover Financial Services appears on Plaintiff's credit reports still labeled as Discover, despite Discover allegedly transferring, selling, or migrating the account to Capital One[,] N.A."[68] According to Plaintiff, "[b]ecause the Discover label remains on Plaintiff's report, the credit record reflects two different creditors—Discover and Capital One—associa[t]ed with the same alleged account, causing confusion and mixed-file contamination."[69] Plaintiff also alleges that, despite his disputing the Discover/Capital One tradeline with Trans Union, his credit report continued to reflect

---

[66] Federal Rule of Evidence Rule 201 provides that a court may take judicial notice of a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. The Court takes judicial notice of this fact because its accuracy cannot reasonably be questioned, and it can be accurately and readily determined from sources that cannot be questioned. *See, e.g.*, CAPITAL ONE, https://investor.capitalone.com/news-releases/news-release-details/capital-one-completes-acquisition-discover [https://perma.cc/F46K-UR5W].
[67] R. Doc. 221 at ¶ 86.
[68] *Id.* at ¶ 64.
[69] *Id.* at ¶ 65.

conflicting creditor identities and ownership confusion.[70] These inaccuracies are not based on legal disputes, such as the validity of the debt, but are "sufficiently objectively verifiable."[71] These allegations are sufficient, at the pleading stage, to plausibly allege an inaccuracy in the Trans Union credit reports.[72]

The allegation that there is an inaccuracy in Plaintiff's Discover/Capital One tradeline is the only sufficiently pleaded inaccuracy in Plaintiff's allegations against Trans Union under 15 U.S.C. § 1681e(b). Plaintiff's remaining allegations concerning inaccuracies associated with account information furnished by the Defendants other than Trans Union and Experian and reported by Trans Union are conclusory, as Plaintiff does not sufficiently allege what is inaccurate about the reported information. For example, Plaintiff generally alleges inaccuracies in his credit reports, including "date opened, balance, account status, payment history, charge-off information, and creditor name[.]"[73] Plaintiff does not sufficiently allege *which* furnisher provided the information, the specific information in the report that is inaccurate, or why it is inaccurate. Allegations in a complaint are insufficient when they consist of "'naked assertion[s]' devoid of 'further

---

[70] *Id.* at ¶¶ 86-88.

[71] *Reyes*, 140 F.4th at 288.

[72] Trans Union and Experian also argue that the allegations in Plaintiff's Complaint concede the reported information was accurate. R. Doc. 260-1 at pp. 5-7. Specifically, they argue that because Plaintiff alleges the CRAs reported the accounts as furnished, Plaintiff fails to plausibly allege the reported information was inaccurate. *Id.* They argue this is so because CRAs merely collect and report information provided by furnishers, and "the furnisher of credit information stands in a far better position to make a thorough investigation of a disputed debt than the [CRA]." *Id.* at p. 7 (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1156 (9th Cir. 2009)). Plaintiff, however, does not allege that Trans Union and Experian reported the accounts exactly as reported. Rather, he alleges they "maintain, publish, verify, and circulate false, inconsistent, and damaging information about Plaintiff." R. Doc. 221 at ¶ 1. Even if the CRAs did report the information exactly as it was furnished, as CRAs they had an independent obligation under the FCRA to adopt reasonable procedures to assure *maximum possible* accuracy. The FCRA expressly imposes that obligation on CRAs, which "must bear some responsibility for evaluating the accuracy of information obtained from [furnishers]." *Stevenson v. TRW Inc.*, 987 F.2d 288, 293 (5th Cir. 1993). Permitting Trans Union and Experian to rely solely on information provided by furnishers to ensure maximum possible accuracy would conflict with the text of the FCRA and undermine the Fifth Circuit's instruction that "[t]he FCRA is to be liberally construed in favor of the consumer." *Wagner*, 139 F.3d 898, 1998 WL 127812, at *1.

[73] R. Doc. 221 at ¶ 87.

10

factual enhancement.'"[74] Because Plaintiff has failed to plead sufficient facts regarding alleged inaccuracies in other tradelines, Plaintiff has failed to state a cause of action under the FCRA against Trans Union and Experian as to the remaining information reported by the CRAs.

Although the threshold question under § 1681e(b) is whether there is an inaccuracy in a credit report, the FCRA "does not impose strict liability for any inaccurate credit report, but only a duty of reasonable care in preparation of the report."[75] "That duty extends to updating procedures, because 'preparation' of a consumer report should be viewed as a continuing process and the obligation to insure accuracy arises with every addition of information."[76] Accordingly, the existence of an inaccuracy alone does not establish an FCRA claim; rather, Plaintiff must plausibly allege that the inaccuracy resulted from the negligent or willful failure to adopt reasonable procedures to ensure maximum possible accuracy when the report was prepared.[77] "The standard of conduct by which the trier of fact must judge the adequacy of agency procedures is what a reasonably prudent person would do under the circumstances."[78]

Because the Court has determined that the only plausibly alleged inaccuracy supporting Plaintiff's claim against Trans Union under 15 U.S.C. § 1681e(b) concerns the Discover/Capital One tradeline, the Court considers only whether Plaintiff has plausibly alleged facts that, taken as true, allow the Court to raise the reasonable inference that Trans Union failed to follow reasonable procedures in preparing the consumer report as to Plaintiff's Discover/Capital One tradeline.

---

[74] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).
[75] *Thompson v. San Antonio Retail Merchs. Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982).
[76] *Id.* (citing *Lowry v. Credit Bureau, Inc. of Georgia.*, 444 F.Supp. 541, 544 (N.D. Ga. 1978)).
[77] *Sepulvado*, 158 F.3d at 895.
[78] *Id.* (citing *Bryant v. TRW, Inc.*, 487 F.Supp. 1234, 1242 (E.D. Mich. 1980)).

11

Plaintiff alleges "[t]he account originally reported under Discover Financial Services appears on Plaintiff's credit report still labeled as Discover, despite Discover allegedly transferring, selling, or migrating the account to Capital One[.]"[79] As a result, Plaintiff alleges "the credit record reflects two different creditors . . . associa[t]ed with the same alleged account, causing confusion and mixed-file contamination."[80] Plaintiff further alleges Trans Union "repeatedly published and maintained inaccurate, contradictory, fraudulent, and mixed-file information relating to Plaintiff, including . . . [a] false Discover/Capital One tradeline[.]"[81] Plaintiff also alleges that he disputed the Discover/Capital One tradeline with Trans Union, yet his credit reports continued to reflect conflicting creditor identities and ownership confusion.[82]

The Court finds these allegations raise a reasonable inference that the alleged inaccuracy concerning the Discover/Capital One tradeline resulted from Trans Union's failure to adopt and use reasonable procedures to ensure maximum possible accuracy. Taking as true Plaintiff's allegations that the account was inaccurately reported and that Trans Union continued to report conflicting and inconsistent creditor information after Plaintiff disputed the tradeline, Plaintiff has plausibly alleged that Trans Union failed to employ reasonable procedures to ensure maximum possible accuracy when preparing subsequent reports containing the identified inaccuracy. Put more simply, Plaintiff plausibly alleges that, had Trans Union adopted and used reasonable procedures to ensure maximum possible accuracy, it would have detected the repeated inconsistencies and inaccuracies as to the Discover/Capital One tradeline rather than republishing them

---

[79] R. Doc. 221 at ¶ 64.
[80] *Id.* at ¶ 65.
[81] *Id.* at ¶ 86.
[82] *Id.* at ¶¶ 86-89.

in later credit reports.

The Court next considers whether Plaintiff has plausibly alleged facts that, taken as true, raise a reasonable inference that Plaintiff was injured by Trans Union's inclusion of the Discover/Capital One tradeline inaccuracy on his credit reports as a result of its failure to adopt and follow reasonable procedures. Plaintiff alleges that Trans Union's "inaccurate reporting and failure to correct Plaintiff's file directly caused: denials of personal and business credit; loss of business funding opportunities; higher interest rates and financial costs; reputational harm; emotional distress, anxiety, embarrassment, and sleep disruption; additional expenses for mailings, monitoring, and fraud prevention; [and] time and resources spent attempting to correct the false information."[83] These allegations, taken together with Plaintiff's allegations concerning Trans Union's repeated reporting of the Discover/Capital One tradeline inaccuracy, raise a reasonable inference that Trans Union's failure to employ reasonable procedures to ensure maximum possible accuracy caused Plaintiff injury.

Consistent with the Fifth Circuit's admonition that the FCRA is to be liberally construed in favor of the consumer, and considering Plaintiff's pro se status, the Court finds that Plaintiff has plausibly alleged a claim under 15 U.S.C. § 1681e(b) against Trans Union with respect to the alleged inaccuracy regarding the Discover/Capital One tradeline. The Court will allow Plaintiff's claim under 15 U.S.C. § 1681e(b) to proceed with respect to this violation only.

The Court now turns to Plaintiff's allegations against Experian and whether he has sufficiently pleaded a claim under 15 U.S.C. § 1681e(b). The only alleged inaccuracy

---

[83] *Id.* at ¶ 101.

13

sufficiently pleaded with respect to Experian is the same alleged inaccuracy concerning the Discover/Capital One tradeline. Plaintiff alleges "Experian published multiple false, inconsistent, and unverified tradelines related to Plaintiff, including: Discover/Capital One account still coded as 'Discover[.]'"[84] Plaintiff further alleges that "Experian's reporting contained conflicting data across . . . ownership labels ('Discover' vs 'Capital One')."[85] Plaintiff alleges that "[d]espite Capital One's acquisition of Discover's portfolio, . . . Experian['s] . . . . reports continue to display the tradeline under 'Discover Financial Services[,]' creating inconsistent and contradictory creditor identifiers[,]"[86] including "Discover appearing as a creditor; Capital One appearing as a creditor; both entities showing conflicting data; a false impression of two separate debts; [and] mixed-file and false delinquency reporting."[87] According to Plaintiff, this inconsistency results in "two different creditors appearing on Plaintiff's reports for the same alleged account: 'Discover Financial Services' (legacy label)[; and] 'Capital One' (current servicer/owner)[.]"[88] These inaccuracies are not based on legal disputes, such as the validity of the debt, but are "sufficiently objectively verifiable."[89] These allegations are sufficient, at the pleading stage, to plausibly allege an inaccuracy in the Experian credit reports.

As with Trans Union, the allegation that there is an inaccuracy in Plaintiff's Discover/Capital One tradeline is the only sufficiently pleaded inaccuracy in Plaintiff's allegations against Experian under 15 U.S.C. § 1681e(b). Plaintiff's remaining allegations concerning inaccuracies associated with account information furnished by Defendants

---

[84] *Id.* at ¶ 105.
[85] *Id.* at ¶ 106.
[86] *Id.* at ¶ 192.
[87] *Id.* at ¶ 369.
[88] *Id.* at ¶ 201.
[89] *Reyes*, 140 F.4th at 288.

other than Trans Union and Experian and reported by Experian are conclusory, as Plaintiff does not sufficiently allege what is inaccurate about the reported information.[90] Because Plaintiff has failed to plead sufficient facts regarding inaccuracies in other tradelines based on information provided by other Defendants, the Plaintiff has failed to state a cause of action under the FCRA against Experian has the remaining Defendants' information reported by the CRAs.

In conclusion, the allegations against Experian raise only the reasonable inference that Experian reported inaccurate and conflicting data concerning the Discover/Capital One tradeline. The Court now considers whether Plaintiff has plausibly alleged facts that, taken as true, raise a reasonable inference that Experian failed to follow reasonable procedures in preparing its consumer reports as to the Discover/Capital One tradeline.

Plaintiff alleges "[t]he account originally reported under Discover Financial Services appears on Plaintiff's credit reports still labeled as Discover, despite Discover allegedly transferring, selling, or migrating the account to Capital One[,] N.A."[91] As a result, Plaintiff alleges "the credit record reflects two different creditors . . . associa[t]ed with the same alleged account, causing confusion and mixed-file contamination."[92] Plaintiff also alleges "Experian's reporting contained conflicting data across . . . ownership labels ('Discover' vs 'Capital One')."[93]

For substantially the same reasons discussed as to Trans Union, the Court finds these allegations raise a reasonable inference that the alleged inaccuracy concerning the Discover/Capital One tradeline resulted from Experian's failure to adopt and use

---

[90] *See* R. Doc. 221 at ¶ 106.
[91] *Id.* at ¶ 64.
[92] *Id.* at ¶ 65.
[93] *Id.* at ¶ 106.

reasonable procedures to ensure maximum possible accuracy when preparing credit reports.

The Court next considers whether Plaintiff has plausibly alleged facts that, taken as true, raise a reasonable inference that Plaintiff was injured because Experian included the Discover/Capital One inaccuracy on his credit reports as a result of its failure to adopt and follow reasonable procedures. Plaintiff alleges "Experian's inaccurate reporting and unlawful reinvestigations caused significant harm to Plaintiff, including: credit denials and loss of business funding; increased interest rates; decreased creditworthiness; reputational damage; emotional distress, anxiety, embarrassment and sleep disruption; out-of-pocket mailing and dispute expenses; [and] loss of time spent resolving errors."[94] These allegations raise a reasonable inference that Experian's failure to employ reasonable procedures to ensure maximum possible accuracy when reporting the Discover/Capital One account caused Plaintiff injury.

Consistent with the Fifth Circuit's admonition that the FCRA is to be liberally construed in favor of the consumer, and considering Plaintiff's pro se status, the Court finds that Plaintiff has plausibly alleged a claim under 15 U.S.C. § 1681e(b) against Experian only for the inaccuracy regarding the Discover/Capital One account. The Court will allow Plaintiff's claim under 15 U.S.C. § 1681e(b) to proceed against Experian with respect to this violation only.

> **C.      The Court will dismiss Plaintiff's claim under 15 U.S.C. § 1681i against Trans Union and Experian for negligent and willful noncompliance with the FCRA by failing to conduct reasonable reinvestigations.**

Second, Plaintiff alleges Trans Union and Experian violated the duty imposed by

---

[94] *Id.* at ¶ 119.

16

15 U.S.C. § 1681i, which provides:

> if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall . . . conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.[95]

"If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute."[96]

To state a claim for a violation of 15 U.S.C. § 1681i, a plaintiff must allege that: "(1) [he] disputed the completeness or accuracy of an item of information contained in [his] consumer credit file held with the CRA and that [he] notified the CRA directly of that dispute; (2) the CRA did not reinvestigate free of charge and either record the current status of the disputed information or delete the item from the plaintiff's file in the manner set forth by § 1681i(a)(5) within the statutory period; (3) the CRA's noncompliance was negligent or willful; (4) the plaintiff suffered injury; and (5) the plaintiff's injury was caused by the CRA's failure to reinvestigate and record the current status of the disputed information or delete the item from the file."[97] Plaintiff asserts Trans Union and Experian negligently and willfully violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations to determine whether the disputed information in his consumer credit file was inaccurate.[98]

After alleging an inaccuracy, the next element of a claim under 15 U.S.C. § 1681i is

---

[95] 15 U.S.C. § 1681i(a)(1)(A).
[96] 15 U.S.C. § 1681i(b).
[97] *Childers*, 751 F.Supp.3d at 662 (citing *McCoy v. SC Tiger Manor, LLC*, 2022 WL 621000, at *7 (M.D. La. Feb. 11, 2022)).
[98] R. Doc. 221 at ¶¶ 90-93, ¶¶ 98-99 (Plaintiff's claim under 15 U.S.C. § 1681i against Trans Union); *Id.* at ¶¶ 109-12, ¶¶ 116-17 (Plaintiff's claim under 15 U.S.C. § 1681i against Experian).

that the CRA must be given notice that the completeness or accuracy of an item of information contained in a consumer credit file is disputed. The FCRA does not require a certain form, but whatever form of notice is given must include enough details to provide the CRA with notice that an item of information is inaccurate or incomplete. The Court will address whether Plaintiff sufficiently pleaded facts raising a reasonable inference that he disputed the completeness or accuracy of an item of information contained in his Trans Union and/or Experian consumer credit files, and that Plaintiff provided those CRAs adequate notice of the dispute.

Plaintiff's allegations fall far short of the necessary factual specificity required to survive the instant motion to dismiss these claims. Plaintiff alleges as to Trans Union that he "disputed all inaccurate tradelines with [Trans Union] through certified mail, providing more than sufficient identity-verification and documentation."[99] Plaintiff fails to attach the certified letter he alleges he sent or otherwise specify when he informed the CRAs of the dispute, what information he provided, which documents he provided, or which tradelines he specifically disputed. Because Plaintiff's allegations are conclusory and do not contain sufficient facts which, taken as true, would allow the Court to reasonably infer that Plaintiff informed Trans Union that he disputed the completeness or accuracy of any item of information contained in his consumer credit file held with the CRA.

Similarly, as to Experian, Plaintiff alleges he "submitted multiple certified disputes to Experian with substantial fraud documentation, including identity-theft statements, proof of address, and explanations."[100] Again, however, Plaintiff fails to attach the certified

---

[99] *Id.* at ¶ 90.
[100] *Id.* at ¶ 109.

letter he alleges he sent or otherwise specify when he informed the CRAs of the dispute, what information he provided, which documents he provided, or what tradelines he specifically disputed. These allegations are conclusory and do not plead facts which, taken as true, allow the Court to reasonably infer that Plaintiff informed the CRA that it disputed the completeness or accuracy of an item of information contained in his consumer credit file held with the CRA.

Because Plaintiff fails to sufficiently allege a necessary element of his claims against Trans Union and Experian under 15 U.S.C. § 1681i—namely, that he notified the CRAs of the dispute—he fails to state a claim against them under that statute. The Court will dismiss Plaintiff's claims under 15 U.S.C. § 1681i as to Trans Union and Experian.

**D.    The Court will dismiss Plaintiff's claim under 15 U.S.C. § 1681c-2 against Trans Union and Experian for negligent and willful noncompliance with the FCRA by failing to block identity theft information.**

Third, Plaintiff alleges Trans Union and Experian violated the duty imposed by 15 U.S.C. § 1681c-2, which requires CRAs to "block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft"[101] no later than 4 business days after receiving: "(1) appropriate proof of the identity of the consumer; (2) a copy of an identity theft report; (3) the identification of such information by the consumer; and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer."[102] Plaintiff asserts Trans Union and Experian negligently and willfully violated this duty by failing to block the reporting of information he identified as resulting from alleged

---

[101] 15 U.S.C. § 1681c-2(a).
[102] *Id.* at (a)(1)-(4).

identity theft, despite receiving the documentation required to trigger their duty to block the identified information.[103]

Plaintiff alleges that he "has repeatedly been the victim of identity theft and mixed-file errors, resulting in numerous unauthorized accounts appearing on Plaintiff's credit reports from Trans Union and Experian."[104] Plaintiff alleges he "repeatedly disputed these accounts through certified mail, providing each CRA and furnisher with detailed evidence[,] including: identity theft affidavits; police information; government-issued identification; proof of current and prior addresses; fraud statements; written disputes; [and] supporting documentation showing identity mismatch."[105] Nonetheless, Plaintiff alleges that "[d]espite receiving legally sufficient information proving inaccuracy, Trans Union and Experian failed to block identity-theft-related data as required under 15 U.S.C. § 1681c-2, and instead continued publishing and republishing false information."[106]

Plaintiff's allegations are conclusory and do not plead sufficient facts which, taken as true, allow the Court to draw the reasonable inference that Plaintiff provided the notice and documentation required to trigger Trans Union's and Experian's duties under § 1681c-2. Plaintiff does not provide copies of the information he sent to each CRA, identify the specific information he requested to be blocked, or explain how the documentation he provided satisfied the statutory requirements. Accordingly, Plaintiff's claims against Trans Union and Experian under 15 U.S.C. § 1681c-2 will be dismissed.

---

[103] R. Doc. 221 at ¶¶ 94-97 (Plaintiff's claim under 15 U.S.C. § 1681c-2 against Trans Union); *Id.* at ¶¶ 113-15 (Plaintiff's claim under 15 U.S.C. § 1681c-2 against Experian).
[104] *Id.* at ¶ 34.
[105] *Id.* at ¶ 37.
[106] *Id.* at ¶ 38.

## II.    Plaintiff's requests for injunctive relief, declaratory relief, equitable relief, and damages for lost business opportunities will be dismissed.

"Plaintiff . . . seeks injunctive, declaratory, and equitable relief, including a Court-ordered directive requiring Defendants and the CRAs to delete all inaccurate, unverifiable, mixed-file, or identity-theft-related information, suppress reinsertion, correct personal identifying information, and notify all third parties who previously accessed the inaccurate data."[107] Plaintiff also seeks injunctive, declaratory, and equitable relief against all Defendants in paragraphs 454, 464, and 468 of the Third Amended Complaint. For example, Plaintiff seeks injunctive relief ordering all Defendants to correct Plaintiff's file, notify all CRAs of all corrections, implement reasonable procedures to ensure maximum possible accuracy, and prevent reinsertion of inaccurate information.[108]

The Fifth Circuit has held that the FCRA does not provide private litigants with a right to seek injunctive relief against CRAs.[109] "Fifth Circuit precedent is clear: a private litigant is not entitled to injunctive relief against a credit reporting agency under the FCRA."[110] As the Fifth Circuit explained, the FCRA "expressly refer[s] to damages and attorney fees without mentioning injunctive relief."[111] Additionally, the FCRA expressly grants the power to pursue injunctive relief to the Federal Trade Commission ("FTC").[112] These facts "[demonstrate] that Congress vested the power to obtain injunctive relief solely with the FTC."[113] Accordingly, Plaintiff's claim for injunctive relief will be

---

[107] *Id*. at ¶ 8.
[108] *Id*. at ¶ 464.
[109] *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000).
[110] *Stevens v. Experian Info. Systs., Inc.*, 2025 WL 2628094, at *2 (E.D. Tex. 2025).
[111] *Washington*, 199 F.3d at 268 (citing 15 U.S.C. §§ 1681n, 1681o).
[112] *Id*. (citing 15 U.S.C. § 1681s).
[113] *Id*.

21

dismissed.[114]

In paragraph 465 of the Third Amended Complaint, Plaintiff "seeks a declaratory judgment that Defendants violated the FCRA."[115] The Declaratory Judgment Act, 28 U.S.C. § 2201, "[confers] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."[116] A declaratory judgment is not a substantive cause of action, but rather "a remedy available to a litigant who can point to an existing right that the Court has jurisdiction to enforce."[117] Section 2201 is "an authorization, not a command."[118] It gives federal courts the authority to declare rights, but does not impose a duty to do so. In this case, Plaintiff has asserted substantive claims that have placed at issue whether Defendants violated the FCRA, which is the issue on which Plaintiff seeks declaratory judgment. There is no need for a declaratory judgment in this action.[119] The Court in its discretion will dismiss Plaintiff's request for declaratory relief.

Finally, Plaintiff seeks damages for his lost business opportunities and for denial of business credit. Plaintiff alleges that, as a result of Defendants' unlawful conduct, "Plaintiff has suffered substantial and ongoing harm, including[,] but not limited to: a. denial of personal and business credit; b. denial of business funding opportunities exceeding $150,000; c. increased interest rates; d. reputational and professional harm; e. emotional distress, anxiety, and embarrassment; f. disruption of sleep and daily functioning; g. out-of-pocket expenses for mailings, monitoring, and identity theft mitigation; h. loss of time spent correcting errors; and i. reduced borrowing power and

---

[114] Plaintiff makes no state law claim for injunctive relief.

[115] R. Doc. 221 at ¶ 465. The equitable relief Plaintiff seeks is a declaratory judgment.

[116] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

[117] *Fisher v. Beers*, 2014 WL 3497572, at *4 (E.D. La. 2014).

[118] *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962).

[119] *Id.*

financial stability."[120] However, "the FCRA does not cover reports used or expected to be used only in connection with commercial business transactions,"[121] and Plaintiff may not recover damages for his lost business opportunities, including denial of business credit, denial of business funding opportunities, or any other business-related damages.

Plaintiff's requests for injunctive relief; declaratory relief; equitable relief; and damages based on lost business opportunities—including denial of business credit, denial of business funding opportunities, and any other business-related damages—will be dismissed.

### III.    Leave to amend the complaint will not be granted.

Plaintiff requests that, in the event the Court grants any portion of the instant motion, the Court grant him leave to file a Fourth Amended Complaint to cure any identified deficiencies.[122]

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course" within 21 days of service or 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f).[123] In all other cases, a party may amend its pleading only with the opposing party's written consent or leave of court, which leave should be freely granted when justice so requires.[124] More than 21 days have passed since service of the complaint, and the opposing parties do not consent to amendment. Accordingly, Plaintiff's request to amend is governed by Rule 15(a)(2), which

---

[120] R. Doc. 221 at ¶ 6.

[121] *Hall v. Phenix Investigations, Inc.*, 642 Fed.Appx. 402, 405 (5th Cir. 2016) (citing *Bacharach v. Suntrust Mortg., Inc.*, 2015 WL 6442493, at *3-4 (E.D. La. 2015)).

[122] R. Doc. 272 at p. 10. Plaintiff has filed a pleading titled "Fourth Amended Complaint." R. Doc. 280. However, that pleading only amended certain allegations concerning Defendant Affirm, Inc., which has been dismissed from this action with prejudice. R. Doc. 299. Accordingly, Plaintiff's Third Amended Complaint remains the operative complaint in this action.

[123] FED. R. CIV. P. 15(a)(1)(A), (B).

[124] FED. R. CIV. P. 15(a)(2).

provides that the "court should freely give leave [to amend] when justice so requires."[125]

The five relevant factors courts consider in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[126]

Although a district court usually grants a pro se plaintiff liberal leave to amend his or her complaint, "[e]ven pro se plaintiffs . . . are not constitutionally or otherwise entitled to multiple opportunities to amend their pleadings."[127] Plaintiff has already been afforded three opportunities to amend his Complaint. Those amendments have not remedied the defects in his claims. To the contrary, Plaintiff continues to rely on unsupported assertions and legal conclusions despite prior opportunities to cure the deficiencies in his complaint. "And, while leave to amend 'is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case.'"[128]

The Court will not permit Plaintiff another opportunity to amend. Plaintiff has had several opportunities to plead his claims and has failed to do so. Accordingly, Plaintiff's request to amend will be denied, and any claim dismissed by this Order and Reasons will be dismissed with prejudice.

## CONCLUSION

**IT IS ORDERED** that Trans Union's Motion to Dismiss and Experian's Motion to Dismiss are **DENIED** as to Plaintiff's claim that they violated 15 U.S.C. § 1681e(b) based on alleged inaccuracies in credit reports relating to the Discover/Capital One

---

[125] FED. R. CIV. P. 15(a)(2).
[126] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).
[127] *Lofthus v. Long Beach Veterans Hosp.*, 214 F. Supp. 3d 908, 912 (C.D. Cal. 2016).
[128] *Neutron Depot, L.L.C. v. Bankrate, Inc.*, 798 Fed.Appx. 803, 808 (5th Cir. 2020) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)).

tradeline; and **GRANTED** with respect to all other claims against Trans Union and Experian under 15 U.S.C. § 1681e(b), which claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Trans Union's and Experian's Motion to Dismiss is **GRANTED** with respect to claims against them under 15 U.S.C. § 1681i and 15 U.S.C. § 1681c-2, and these claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Trans Union's and Experian's Motion to Dismiss is **GRANTED** with respect to Plaintiff's requests against Trans Union and Experian for injunctive relief, declaratory relief, equitable relief, and for damages based on alleged lost business opportunities—including denial of business credit, denial of business funding opportunities, and any other business-related damages—and these requests are **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 20th day of May, 2026.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

25