**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

**TAIUJUAN BURCHES,**

**Plaintiff,**

**v.**

**EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, LVNA FUNDING, LLC, RESURGENT CAPITAL SERVICES, LP, CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION ("CAPITAL ONE N.A."), AFFIRM, INC., BLST RECEIVABLES & SERVICING LLC D/B/A/ FINGERHUT, WEBBANK. JEFFERSON CAPITAL SYSTEMS, LLC, COMENITY BANK, WAYFAIR LLC, DISCOVER FINANCE SERVICES, TXU ENERGY RETAIL COMPANY, LLC, CENTERPOINT ENERGY, INC.,**

**Defendants**

Case No.: 2:25-CV-00804

Judge Susie Morgan

Magistrate Judge Michael North

**STATEMENT OF MATERIAL FACTS**

NOW INTO COURT, through undersigned counsel, comes defendant CenterPoint Energy Resources Corp., pursuant to Local Rule 56.1, who submits the following list of material facts for which CERC contends present no genuine issue:

1. Plaintiff Taiujuan Burches brought this claim against CERC and several other defendants, alleging violations of FCRA.[1]

[1] See Rec. Doc. 336, Limited Fifth Amended Complaint, ¶ 1.

2. Plaintiff also asserted claims against CERC based on the Fair Debt Collection Practices Act, and the Louisiana Unfair Trade Practices and Consumer Protection Law.[2]

3. This Court dismissed all of plaintiff's claims against CERC, except for claims asserted pursuant to Section 1681s-2(b) of FCRA.[3]

4. According to plaintiff's complaint, CERC reported information to the CRAs regarding accounts, including a CERC natural gas utility account, that do not belong to him and that he did not open, apply for or authorize.[4]

5. Plaintiff claims that after he reported his dispute to the CRAs, and the CRAs notified CERC of the dispute, CERC failed to conduct a reasonable investigation to verify the accuracy of the debt.[5]

6. The disputed address is 8831 Wooster Trails Drive, Baytown, Texas (the "Baytown Address").[6]

7. Plaintiff opened the account on August 30, 2022.[7]

8. The identifying information used to open the account, including telephone number, email address, and social security number, matched the plaintiff's information.[8]

---

2 *Id.* ¶ 33.
3 Rec. Doc. 341.
4 Rec. Doc. 336, ¶¶ 35, 36.
5 *Id.* ¶¶ 421-425.
6 Exhibit 1, Declaration of Bryan Martin and attachments A, B, C and D.
7 Exhibit 1, ¶ 6(a) and Attachment A, correspondence from CenterPoint to Taiujuan Burches dated August 30, 2022.
8 Exhibit 1, Attachments E, F (CenterPoint Energy credit reporting data, Taiujuan Burches (CPDOCS-BURCHES-000002, CenterPoint Energy CenterPoint Energy credit reporting data, Taiujuan Burches (CPDOCS-BURCHES-000004); Exhibit 3, Deposition of Taiujuan Burches, pp. 22-23, 101-103 and Deposition Exhibit 21.

9. CERC issued its first invoice to plaintiff on September 22, 2022, and its final invoice on April 13, 2024.[9]
10. Plaintiff never paid the final invoice.[10]
11. CERC referred the final invoice for collection and reported it to the CRAs.[11]
12. At the time plaintiff had his account with CERC, the Baytown Address was owned by Adegboyega Saheed Adejumo, and managed by ManageRentHouses.com, Inc. ("MRH")[12]
13. The records of MRH contain a lease application dated May 28, 2022, bearing what appears to be plaintiff's handwriting and signature.[13]
14. MRH's records also contain a copy of a Residential Lease for the Baytown Address dated May 29, 2022, which contain an electronic signature and initials showing plaintiff's name.[14]
15. There are also public eviction records showing that Burches signed an extension of the lease in July 2023.[15]
16. Those same records reflect that after plaintiff failed to pay the rent in April 2024, Mr. Adejumo commenced eviction proceedings against plaintiff.[16]

---

9 Exhibit 1, Attachments B, C (Invoices, CPDOCS-BURCHES-000011-12, 59-60).
10 Exhibit 1, Attachment D (Payment History, CPDOCS-BURCHES-000009-10).
11 Exhibit 2, CERC Supplemental Answer to Interrogatory No. 9 and Attachment, CPDOCS-BURCHES-000062-63).
12 Exhibit 3, Deposition of Taiujuan Burches, p. 128 and Deposition Exhibit 30, Certified Records of ManageRentHouses.com, Inc., p. MRH-BURCHES-024.
13 Exhibit 3, Deposition Exhibit 30, pp. MRH-BURCHES-006-008.
14 *Id*. pp. MRH-BURCHES-009-024.
15 Exhibit 3, p. 138 and Deposition Exhibit 31.
16 *Id*. p. 139, and Deposition Exhibit 32.

17. They also reflect that Mr. Adejumo obtained a default judgment evicting plaintiff from the Baytown Address.[17]

18. Plaintiff also had a Texas driver's license, issued in July 2023, which listed his residency as the Baytown Address.[18]

19. The records of TransUnion reflect that he sent at least one letter to them, listing the Baytown Address as his address.[19]

20. At plaintiff's deposition, plaintiff denied he ever lived at the Baytown Address.[20]

21. Plaintiff claimed that he obtained the address on the Texas driver's license from a co-worker, and obtained a license at that address for purposes of obtaining tuition discounts at Texas schools despite not residing in Texas.[21]

22. Plaintiff denied signing the lease application, lease and extension, and denied having knowledge of being evicted from the Baytown Address.[22]

23. Plaintiff also denied any knowledge of having sent the letter to TransUnion bearing his name and the Baytown Address.[23]

24. The signatures and handwriting on the lease application, lease and extension bear obvious similarities to the signatures and handwriting on other documents submitted

---

17 *Id*. p. 141, and Deposition Exhibit 33.
18 *Id*. p. 113, and Deposition Exhibit 23.
19 *Id*. p. 124, and Deposition Exhibit 26.
20 *Id*. p. 108.
21 Exhibit 3, pp. 114-120. If true, among other potential violations, plaintiff may have violated Texas Transportation Code Section 521.451(a)(5)(A) (Lexis 2026), which makes it a crime to provide a false address in an application for a driver's license, and Tex. Transp. Code § 521.455 (Lexis 2026), which makes it a crime to knowingly use a driver's license bearing a false address to defraud another, as well as Texas Education Code Section 54.057, which provides civil liability for providing false information to an educational institution to obtain residential tuition. Tex. Educ. Code § 54.057 (Lexis 2026).
22 *Id*. pp. 130-142.
23 Exhibit 3, p. 124.

by plaintiff, including another letter submitted to TransUnion, and an Affirmation submitted to this Court.[24]

25. Plaintiff never filed a report with any law enforcement agency alleging identity theft.[25]

26. Plaintiff cannot identify any witnesses who can testify that he did not live at the Baytown Address during the time period in question.[26]

Respectfully Submitted,

PLAUCHÉ MASELLI PARKERSON LLP

*/s/ Scott H. Mason*

James K. Ordeneaux (#28179)
Scott H. Mason (#29329)
701 Poydras Street, Suite 3800
New Orleans, LA 70139
Tel: (504) 582-1142
Fax: (504) 582-1172
jordeneaux@pmpllp.com
smason@pmpllp.com
COUNSEL FOR CENTERPONT ENERGY RESOURCES CORP.

24 See Exhibit 3, Deposition Exhibit 30 pp. MRH-BURCHES-006-008, Deposition Exhibit 31, p. 2, deposition p. 101 and Deposition Exhibit 21, Rec. Doc. 47, Plaintiff's Affirmation in Opposition to Defendant Wayfair LLC's Motion to Dismiss, p. 5 (envelope bearing plaintiff's handwriting).

25 Exhibit 3, pp. 142-43.

26 *Id.*, pp. 146-47.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record on this 3rd day of November, 2026 via the Court's CM/ECF system, which will send notification of such filing to all counsel of record. I further certify that a copy of the foregoing was sent via e-mail to Taiujuan Burches, *Pro se plaintiff*, at taiujuan87@gmail.com.

*/s/ Scott H. Mason*